UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. | |
|     Debtor. | Case No. 24-21209-LMI |
| _____/ | |
| In re: | Chapter 11 |
| SHIFTPIXY STAFFING, INC. | |
|     Debtor. | Case No. 24-21212-CLC |
| _____/ | |
| In re: | Chapter 11 |
| RETHINK HUMAN CAPITAL MANAGEMENT, INC. | |
|     Debtor. | Case No. 24-21214-CLC |
| _____/ | |

**DEBTORS' EMERGENCY *EX PARTE* MOTION
FOR JOINT ADMINISTRATION OF BANKRUPTCY ESTATES, INTRA-DISTRICT
TRANSFER, AS APPLICABLE, AND REQUEST FOR EXPEDITED CONSIDERATION**

SHIFTPIXY, INC., SHIFTPIXY STAFFING, INC. and RETHINK HUMAN CAPITAL MANAGEMENT, INC., as the above-captioned debtors and debtors in possession (the "Debtors"), by and through proposed counsel, hereby file the *Debtors' Emergency Ex-Parte Motion for Joint Administration of Bankruptcy Estates, Intra-District Transfer, as Applicable and Request for Expedited Consideration* (the "Motion") and respectfully state as follows in support of this Motion:

**RELIEF REQUESTED**

    1.    The Debtors respectfully request, pursuant to Rule 1015 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), entry of an order, on an expedited basis, (i) granting joint administration of bankruptcy estates for Case Nos. 24-21209-LMI, 24-21212-CLC and 24-21214-CLC; (ii) ordering that all future pleadings in each of these cases be filed with a joint caption in Case No. 24-21209-LMI; (iii) transferring the aforementioned cases intra-district to Judge Isicoff, to the extent not already assigned thereto; and (iv) granting the Debtor such other and further relief as the Court deems just and proper. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein). The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their principal creditors would not oppose the relief requested herein, which seeks procedural relief only.

## JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The basis for the relief requested herein are: sections 105(a), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"),

Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rules 1015-1(1) and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

## BACKGROUND

5. On October 28, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court.

6. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in these Chapter 11 Cases.

7. On October 19, 2024, Jonathan Feldman was appointed Chief Restructuring Officer ("CRO") after the termination for cause of the Debtors' chief executive officer, Scott Absher.

8. Debtors' core business is a human capital management platform that provides a full suite of staffing services to clients. This includes payroll and related employment tax processing, human resources and employment compliance, employment related insurance, and employment administrative services solutions.

9. In exchange for these services, clients pay Debtors an administrative fee which is typically a percentage of the client's payroll and also impacted by the level of services contracted with the client.

10. Among other things, based on continued operating losses and its impact on the value of the Debtors' core assets, the CRO recommended to Debtors' Board of Directors that the Debtors

file voluntary petitions under the Bankruptcy Code.[1]  The Board adopted such recommendation, authorizing the CRO to file these cases.

## BASIS FOR RELIEF

11.     Rule 1015 of the Bankruptcy Rules provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Local Rule 1015-1(A)(1) of the Local Rules provides that "[a] party seeking joint administration of related cases shall file a motion seeking such relief in all affected cases" and further provides that "[a] motion for joint administration may be considered by the court *ex parte* if filed in accordance with [the Local Rules]."  The Debtors respectfully request that the Bankruptcy Court consider the Motion without a hearing.

12.     When considering a request for joint administration, a bankruptcy court "shall give consideration to protecting creditors of different estates against potential conflicts of interest." FED. R. BANK. P. 1015(b).

13.     Each of the Debtor entities share common ownership and corporate families with the others and common creditors.  Each of these entities is an "affiliate" of the other, as such term is defined in section 101(2) of the Bankruptcy Code.

14.     Debtors submit that their bankruptcy cases are substantially related by virtue of their common ownership, common management, and common creditors.

15.     Joint administration is in the best interest of each of the Debtors, their estates, their creditors, and all parties in interest.  Moreover, joint administration will promote judicial efficacy and judicial economy. This includes addressing any chapter 11 Plan in a single proceeding and before a single judge. To the best of the CRO's knowledge joint administration will not give rise to

---

[1] A declaration of Jonathan S. Feldman will be filed separately in this matter providing greater detail to the reasons for the bankruptcy filings and the background of the Debtors.

any conflict of interest among the estates to be jointly administered.

16. To that end, pursuant to Local Rule 1015-1, Debtors respectfully request that, to the extent a Debtor's case is not assigned to Judge Laurel M. Isicoff, the judge presiding over Case No. 24-21209, which is the lowest numbered case. This intra-district transfer is necessary so all of the cases may be jointly administered.

## RESERVATION OF RIGHTS

17. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of any of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

## MOTION PRACTICE

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1.

## NOTICE

19. Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) Debtors' creditors, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE,** Debtors request the entry of an order granting the relief requested herein and such other and further relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated October 29, 2024

                        Respectfully submitted:

                        **DGIM Law, PLLC**
                        *Proposed Counsel for the Debtors*
                        2875 NE 191st Street, Suite 705
                        Aventura, FL 33180
                        Phone: (305) 763-8708

                        */s/ Isaac Marcushamer*
                        Isaac Marcushamer, Esq.
                        Florida Bar No. 0060373
                        Email: isaac@dgimlaw.com
                        Monique D. Hayes, Esq.
                        Florida Bar No. 0843571
                        Email: monique@dgimlaw.com

# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SHIFTPIXY, INC.

    Debtor.
_____/

In re:

SHIFTPIXY STAFFING, INC.

    Debtor.
_____/

In re:

RETHINK HUMAN CAPITAL
MANAGEMENT, INC.

    Debtor.
_____/

Chapter 11

Case No. 24-21209-LMI

Chapter 11

Case No. 24-21212-CLC

Chapter 11

Case No. 24-21214-CLC

### ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing joint administration of the Debtors' related chapter 11 cases, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED:**

1. The Motion is **GRANTED**, as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 24-21209-LMI.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| SHIFTPIXY, INC., *et al.*[1] | ) |
| | ) Case No. 24-21209-LMI |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

[1]  The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.  The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. An entry shall be made on the docket of each case that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Shiftpixy, Inc., Case No. 24-21209-LMI; Shiftpixy Staffing, Inc., Case No. 24-21212-CLC; and ReThink Human Capital Management, Inc., Case No. 24-24-21214-CLC. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-21209-LMI.**

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases, if applicable.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order

substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

**Submitted by:**
Isaac Marcushamer, Esq.
*Proposed Counsel for the Debtors and Debtors-in-Possession*
DGIM Law, PLLC
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Tel: 305.763.8708
Email: Isaac@dgimlaw.com


[Attorney Marcushamer, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF within 3 days of entry of this Order and file a certificate of service with the Court.]