

**ORDERED in the Southern District of Florida on November 1, 2024.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**AMENDED[2] ORDER GRANTING DEBTORS' EMERGENCY MOTION TO MAINTAIN
<u>PRE-PETITION BANK ACCOUNTS</u>**

**THIS MATTER** came before the Court for hearing on <u>October 31, 2024, at 2:30 p.m.</u> on the Debtors, SHIFTPIXY, INC., SHIFTPIXY STAFFING, INC. and RETHINK HUMAN

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[2] This Order is amended to include language requested by Wells Fargo N.A. after their receipt of the Order. The Office of the United States Trustee has no Objection to the Form of this Order with the additional language.

CAPITAL MANAGEMENT, INC. (the "Debtors") *Emergency Motion to Maintain Pre-Petition Bank Accounts* (the "Motion") [ECF No. 17]. The Court, having reviewed the Motion, and pleadings in this case, having heard arguments of counsel and being fully advised on the premises, it is hereby,

**ORDERED,** as follows:

1. The Motion is **GRANTED,** for the reasons stated on the record**.**

2. The Debtor is authorized and may continue to use the following 4 accounts all at Wells Fargo Bank N.A.:

   (i) Account ending in 1447 ("ShiftPixy Payroll Account")
   (ii) Account ending in 7324 ("ShiftPixy Tax Account")
   (iii) Account ending in 9208 ("ShiftPixy Operating Account")
   (iv) Account ending in 1031 ("ReThink Tax Account") collectively, the ("Accounts")

3. The Debtor is authorized to make all payments in the ordinary course on behalf of its clients, including but not limited to: all employees who provide direct services to the Debtors clients, any related taxes to those payments, and the payments of $27,291.75 to AMWINS Insurance company and $5,724.46 to Staff Benefits Management. The Debtors are not authorized, without prejudice to seeking further order of the Court, to make any payments to the Debtors corporate employees subject of the Motion to Pay-Prepetition Wages [ECF No. 20], which shall be heard by the Court at a later time.

4. The UST Guidelines requirement and the requirement in this Court's *Order Authorizing Debtor in Possession to Continue Operation of its Business, Close Pre-Petition Bank Accounts, and Open Debtor in Possession Bank Accounts* [ECF No. 4]   that the Debtors close its pre-petition bank accounts is waived on an interim basis with respect to the Accounts listed above. The Debtors shall move all excess funds into a Debtor in possession account as detailed in the Motion, unless the Office of United States Trustee agrees otherwise.

5. That (i) those certain existing deposit agreements between the Debtor and its existing depository and disbursement banks (collectively, the "Banks") shall continue to govern the post-petition cash management relationship between the Debtor and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) either the Debtor or the Banks may, without further Order of this Court, implement changes to the cash management system and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

6. That each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Commencement Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Commencement Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Commencement Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

7. That any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such

representations by the Debtor as provided for herein;

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

**Submitted by:**
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
*Proposed Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708\
Email:  isaac@dgimlaw.com

*[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]*