UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                  Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                                 Case No. 24-21209-LMI

       Debtors.                                               (Jointly Administered)

_____/

**DEBTOR'S EMERGENCY MOTION FOR AGREED ORDER REGARDING BOND No. 9 RELATIONSHIP**

Statement of Exigent Circumstances

The Debtors respectfully request that the Court enter an order on this Motion as soon as possible, because the concessions that Bond No. 9 is making to the Debtor will materially assist the Debtors in continuing as a going concern. Absent the entry of an order as requested herein, Bond No. 9 will not accelerate it payments as provided herein.

Jonathan Feldman, solely in his capacity as Chief Restructuring Officer ("CRO") for above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), requests that the Court approve the adjustments to the relationship between the Debtors and Bond No. 9 as further detailed herein.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought in this Application are sections 105, 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

**FACTS**

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

4. On October 28, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date of this Application, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

7. For a detailed description of the Debtors the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

8. One of the Debtors' largest customers is Bond No. 9. Bond No. 9's economic arrangement provides that Bond No. 9 can pay the Debtors on net 20 terms. This creates a significant liquidity issue for the Debtors because the Debtors have to use their own working capital for the period between paying for the Bond No. 9 employees and related payments and receiving the Bond No. 9 payment.

9. The CRO has engaged in discussions with Bond No. 9 to temporarily reduce the time between invoice and payment from Bond No. 9 to the Debtors. Bond No. 9 has agreed to make the change provided that an order granting the relief in this Motion is entered by the Court.

10. If approved, Bond No. 9's next payment of $100,149.99, will be on November 7, 2024, instead of November 14, 2024.

## **THE AGREED TERMS**

11. Bond-9 will make the following payments:

(a) The payment of $100,149.00 due on November 14, 2024 will be made on November 7, 2024.

(b) The payment of $260,674.95 due on November 21, 2024 will be made on November 14, 2024.

(c) All future payments through November 30, 2024 will be made by Bond No. 9 to the Debtor within 5 days of invoice.

12. The Debtors agree that the Bond No. 9 payments will be made into the Debtors DIP account and will only be used in any prepetition account to the extent necessary to satisfy the wages and payroll taxes for employees to Bond No. 9, or strictly in accordance with the Debtors approved cash collateral budget if the Debtor has already prepaid the Bond No. 9 employees and related payroll taxes and obligations.

13. The foregoing is an accommodation being made by Bond No. 9 to the Debtors on a short-term basis and is not a modification or amendment of the Assignment and Assumption Agreement dated December 26, 2022 and the underlying Master Services Agreement dated February 16, 2016 (collectively, the "MSA")[2]. Any buyer of the Debtors' assets shall not be permitted to assume the foregoing terms regarding payment reductions and any assumption and assignment of the Bond No. 9 MSA shall be done in accordance with applicable law and only upon the original terms of the MSA but including the amendment to the MSA set forth in paragraph 14 below.

14. However, the Debtors agree that notwithstanding paragraph 13 above, Bond No. 9 may terminate the MSA without cause on 5 days written notice from Bond No. 9 to Customer (as defined under the MSA) and paragraph 11 of the MSA is hereby amended to reflect the 5-day written notice termination period.

15. The CRO has not previewed the relief sought herein with any other creditor or interested party. However, other than Bond No. 9, no other party is adversely impacted. If the CRO is unable to improve the liquidity of the Debtors by the relief requested herein the ability of the Debtors

---

[2] The CRO will provide the Court or the Office of the United States Trustee with a copy of the MSA upon request.

to meet their post-petition obligations may be negatively impacted. The relief requested herein brings payments into the estate sooner than otherwise would occur under the existing agreements.

WHEREFORE the CRO for the Debtors requests that the Court enter an order substantially, in the form attached hereto as **Exhibit A,** granting the relief requested and any other relief as the Court deems just and appropriate.

Dated November 7, 2024.

Respectfully submitted:

**DGIM Law, PLLC**
*Proposed Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Email:  isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0843571
Email: monique@dgimlaw.com

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[3] | Case No. 24-21209-LMI |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTOR'S EMERGENCY AGREED ORDER REGARDING BOND No. 9 RELATIONSHIP**

THIS MATTER came before the Court, without hearing, upon the Debtors Emergency Agreed Order Regarding Bond No. 9 Relationship. The Court, having reviewed the Motion finds that good and sufficient cause exists to grant the Motion as provided for herein, it is

**ORDERED** that:

1. Bond-9 will make the following payments:

---

[3] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

      a. The payment of $100,149.00 due on November 14, 2024 will be made on November 7, 2024.

      b. The payment of $260,674.95 due on November 21, 2024 will be made on November 14, 2024.

      c. All future payments through November 30, 2024 will be made by Bond No. 9 to the Debtor within 5 days of invoice.

2. The Bond No. 9 payments will be made into the Debtors DIP account and will only be used in any prepetition account to the extent necessary to satisfy the wages and payroll taxes for employees to Bond No. 9, or strictly in accordance with the Debtors approved cash collateral budget if the Debtor has already prepaid the Bond No. 9 employees and related payroll taxes and obligations.

3. The foregoing is an accommodation being made by Bond No. 9 to the Debtors on a short-term basis and is not a modification or amendment of the Assignment and Assumption Agreement dated December 26, 2022, and the underlying Master Services Agreement dated February 16, 2016 (collectively, the "MSA"). Any buyer of the Debtors' assets shall not be permitted to assume the foregoing terms regarding payment reductions and any assumption and assignment of the Bond No. 9 MSA shall be done in accordance with applicable law and only upon the original terms of the MSA but including the amendment to the MSA set forth in paragraph 4 below.

4. However, nothing in this Order or the Motion or anything in the MSA to the contrary, Bond No. 9 may terminate the MSA without cause on 5 days written notice from Bond No. 9 to Customer (as defined under the MSA) and paragraph 11 of the MSA is hereby amended to reflect the 5-day written notice termination period.

5. This Order is effective immediately and shall not be subject to any stay by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

####

**Submitted by:**
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
*Proposed Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180

6

Phone: (305) 763-8708
Email: isaac@dgimlaw.com

*[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]*