

**ORDERED in the Southern District of Florida on November 7, 2024.**

                        **Laurel M. Isicoff, Judge**
                        **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**AGREED ORDER GRANTING DEBTOR'S EMERGENCY**
**MOTION REGARDING BOND No. 9 RELATIONSHIP**

THIS MATTER came before the Court, without hearing, upon the Debtors Emergency Motion Regarding Bond No. 9 Relationship [ECF No. 47] (the "Motion"). The Court, having reviewed the Motion finds that good and sufficient cause exists to grant the Motion as provided for herein, it is

**ORDERED** that:

1. Bond-9 will make the following payments:

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

a. The payment of $100,149.00 due on November 14, 2024 will be made on November 7, 2024.

b. The payment of $260,674.95 due on November 21, 2024 will be made on November 14, 2024.

c. All future payments through November 30, 2024 will be made by Bond No. 9 to the Debtor within 5 days of invoice.

2. The Bond No. 9 payments will be made into the Debtors DIP account and will only be used in any prepetition account to the extent necessary to satisfy the wages and payroll taxes for employees to Bond No. 9, or strictly in accordance with the Debtors approved cash collateral budget if the Debtor has already prepaid the Bond No. 9 employees and related payroll taxes and obligations.

3. The foregoing is an accommodation being made by Bond No. 9 to the Debtors on a short-term basis and is not a modification or amendment of the Assignment and Assumption Agreement dated December 26, 2022, and the underlying Master Services Agreement dated February 16, 2016 (collectively, the "MSA"). Any buyer of the Debtors' assets shall not be permitted to assume the foregoing terms regarding payment reductions and any assumption and assignment of the Bond No. 9 MSA shall be done in accordance with applicable law and only upon the original terms of the MSA but including the amendment to the MSA set forth in paragraph 4 below.

4. However, nothing in this Order or the Motion or anything in the MSA to the contrary, Bond No. 9 may terminate the MSA without cause on 5 days written notice from Bond No. 9 to Customer (as defined under the MSA) and paragraph 11 of the MSA is hereby amended to reflect the 5-day written notice termination period.

5. This Order is effective immediately and shall not be subject to any stay by operation

of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

####

**Submitted by:**
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
*Proposed Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  isaac@dgimlaw.com

*[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]*

3