UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MAIMI DIVISION

In re:

ShiftPixy, Inc.,                                            Case No. 24-21209-LMI

     Debtor.                                               Chapter 11

_____/

**SCOTT ABSHER, MARK ABSHER, AND MANNY RIVERA'S
MOTION TO DETERMINE STAY DOES NOT APPLY OR, IN THE ALTERNATIVE,
FOR RELIEF FROM STAY FOR THE PAYMENT OF DEFENSE
COSTS UNDER DEBTOR'S INSURANCE POLICY**

Scott Absher, Mark Absher, and Manny Rivera ("Movants"), pursuant to 11 U.S.C. § 362, seek relief from the automatic stay for the purpose of authorizing the Debtor's insurance carrier XL Specialty . In support, Movants state:

1. On February 7, 2023, a group of creditors filed an involuntary chapter 7 petition against Industrial Human Capital, Inc. ("IHC") which initiated Case No. 23-11014-LMI. Thereafter, the Court entered the order for relief, and the U.S. Trustee appointed Robert Angueira as the chapter 7 trustee for IHC. IHC Docket, ECF Nos. 13, 14.

2. IHC was a special purpose acquisition company (SPAC). SPACs are shell companies which conduct an initial public offering without an operating business for the purpose of acquiring an operating entity.

3. The proceeds of a SPAC's IPO remain in an interest-bearing trust account to protect the SPAC's shareholders. When the SPAC completes its initial business combination, known as a de-SPAC, the public shareholders may choose to remain shareholders of the resulting entity or redeem their shares in the SPAC for their share of the IPO proceeds and any accumulated interest.

4. In addition to its public shareholders, SPACs have a sponsor who purchases restricted shares and contributes operating capital to fund the SPAC's efforts to identify and negotiate an initial business combination. ShiftPixy Investments, Inc. was IHC's sponsor. ShiftPixy wholly owns ShifyPixy Investments.

5. IHC failed to de-SPAC, and its shareholders received distributions from the SPAC trust account. Angueira challenges those distributions and related transactions in *Angueira v. ShiftPixy, et al.*, Adv. Pro. No. 23-01257-LMI (the "Adversary Proceeding") under, as pertains to Movants, theories of breach of fiduciary duty, conspiracy to breach fiduciary duty, and improper redemption. *See* Adv. Pro. No. 23-01257-LMI, ECF No. 1. While creditors in the IHC case initially filed less than $1,500,000 in claims, Angueira seeks over $117,000,000 in damages in the Adversary Proceeding.

6. ShiftPixy holds a D&O insurance policy (the "Policy") from XL Specialty Insurance Company ("XL Specialty") with policy number ELU190927-23. XL Specialty, subject to a reservation of rights, has advanced defense costs in connection with the Adversary Proceeding. The Policy is attached hereto. The Policy provides up to $5,000,000 in liability coverage solely to ShiftPixy's officers and directors and, in limited circumstances, employees. The Delete Insuring Agreements (B) to (F) and Specified Insured Persons Endorsement, on page 16 of the Policy[1], amends the definition of Insured to mean Insured Persons. Insured Person means a director or officer of ShiftPixy or a subsidiary and any employee of ShiftPixy to the extent a claim is against both a director or officer and the employee. ShiftPixy is not an Insured Person under the Policy.

---

[1] Page numbers of the Policy referred to herein mean the page numbers that appear in the CM/ECF file-stamped attachment.

**Relief Requested and Basis for Relief**

7.   Movants seek an order granting relief from the automatic stay so that XL Specialty may continue to advance defense costs under the Policy for costs incurred in connection with the Adversary Proceeding pursuant to 11 U.S.C. § 362(d).

8.   Pursuant to 11 U.S.C. § 541, ShiftPixy's filing of a voluntary chapter 11 petition created an estate comprised of "all legal or equitable interests of the debtor in property." The automatic stay protects a debtor's estate from, among other things, efforts to assert control over property of the estate. 11 U.S.C. § 362(a)(3).

***The Policy Proceeds Are Not Property of the Estate.***

1.   ShiftPixy's estate includes the Policy. "However, in undertaking a property of the estate analysis under § 541 of the Bankruptcy Code, several courts have made a distinction between insurance *policies* owned by a debtor, and the *proceeds* payable under the policies." *In re CHS Electronics, Inc.*, 261 B.R. 538, 541 (Bankr. S.D. Fla. 2001). Whether insurance proceeds constitute estate property turns on whether a debtor has the right to retain the proceeds in the absence of a bankruptcy proceeding. *See In re Edgeworth*, 993 F.2d 51, 55 (5th Cir. 1993). "For instance, casualty, fire, or theft proceeds have been held to be property of the estate because the debtor directly receives the proceeds as merely a change in form of estate property." *In re Scott Wetzel Srvcs, Inc.*, 243 B.R. at 804-805. In the context of liability policies, the proceeds are not property of the estate because the proceeds are payable to injured parties and not the insureds. *Id.* at 805; *In re Edgeworth*, 993 F.2d at 56.

2.   ShiftPixy has no right to the proceeds of the Policy as ShiftPixy is not an insured under the Policy. The Policy evidences the intent of ShiftPixy to safeguard ShiftPixy's directors, officers, and employees against ShiftPixy's inability to indemnify them for covered losses. When

"liability coverage covers the exposure of the directors and officers of the Debtor, and is only payable for the benefit of those directors and officers, it is they, and not the estate, that have a property interest in the liability proceeds for bankruptcy purposes." *In re CHS Electronics*, 261 B.R. at 542.

***Cause Exists to Modify the Automatic Stay***

3. In the alternative, case exists to grant relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), to allow XL Specialty to advance defense costs on behalf of Movants.

4. Cause is assessed on a case-by-case basis and left to the discretion of the bankruptcy court. *See In re Posner,* 610 B.R. 586, 591 (N.D. Ill. 2019) (citing *In re Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991)). The court in *Fernstrom* set forth three factors a court may consider in determining whether cause exists to modify an automatic stay: whether (a) any prejudice to the bankrupt estate or the debtor would result from continuation of the civil suit; (b) the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor; and (c) the [movant] has a probability of prevailing on the merits. 938 F.2d at 735. *In re MF Global Holdings Ltd*., 469 B.R. 177, 191 (Bankr. S.D.N.Y 2012) (citing *In re Sonnax Indus. Inc.*, 907 F.2d 1280 (2nd Cir. 1990) set forth an additional twelve factors, including "whether relief would result in a partial or complete resolution of the issues … whether the debtor's insurer has assumed full responsibility for defending it … and impact of the stay on the parties and the balance of harms."

5. Bankruptcy courts have frequently granted relief from stay for directors and officers to access insurance proceeds for defense costs. *See, e.g., In re Downey Financial Corp.*, 428 B.R. 495 (Bankr. D. Del. 2010); *In re Arter & Hadden, L.L.P.*, 335 B.R. 666 (Bankr. N.D. Ohio 2005).

Those courts find "cause" because failure to modify the automatic stay would effectively end the directors' ability to defend lawsuits. *In re Arter & Hadden*, 335 B.R. at 674.

6. In this case, ShiftPixy and its estate will not suffer any prejudice from the advancement of defense costs because ShiftPixy is not an Insured under the Policy and has no right to receive proceeds of the Policy. In contrast, Movants cannot maintain an adequate defense against Angueira's $117 million lawsuit without the benefit of counsel. Accordingly, cause exists to grant relief from the automatic stay for the purpose of allowing XL Specialty to advance defense costs under the Policy.

WHEREFORE, Scott Absher, Mark Absher, and Manny Rivera request a Court order (i) granting this Motion; and (ii) confirming the automatic stay does not prevent XL Specialty from continuing to advance defense costs or, in the alternative, granting relief from the automatic stay to allow XL Specialty to continue to advance defense costs; and (iii) granting such further relief as is just and proper.

                Respectfully submitted,

                **SHRAIBERG PAGE P.A.**
                Attorneys for Scott Absher, Mark Absher, and Manny Rivera
                2385 NW Executive Center Drive, Suite 300
                Boca Raton, Florida 33431
                Telephone: 561-443-0800
                Facsimile: 561-998-0047
                Email: bss@slp.law
                Email: shess@slp.law

                By: */s/ Bradley S. Shraiberg*
                      Bradley S. Shraiberg
                      Florida Bar No. 121622
                      Samuel W. Hess, Esq.
                      Fla. Bar No. 1044184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on November 14, 2024.

<em>/s/ Bradley S. Shraiberg</em>