**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' EXPEDITED MOTION FOR THE ENTRY OF AN ORDER *NUNC PRO TUNC* (1) APPROVING EMPLOYMENT OF MOECKER AUCTIONS, INC. AS AUCTIONEER, (2) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES FOR THE SALE OF ASSETS OWNED BY THE DEBTORS' WHOLLY OWNED SUBSIDIARY, (3) SCHEDULING DATES TO CONDUCT SALE, (4) APPROVING THE FORM AND MANNER OF NOTICES, AND (5) GRANTING RELATED RELIEF**

**BASIS FOR EXIGENCY**

**The Debtors anticipate inspection dates on December 3 and 4, 2024 followed by an auction on December 5, 2024. The inventory, equipment and assets of the Debtors' wholly owned subsidiary are in an office in Miami, Florida with expensive rent. These materials need to be sold as quickly as possible to maximize the recovery for the estate. The Debtors respectfully request a hearing on November 21, 2024 at 9:30 am.**

---

### *PROPOSED DATES*

**ON-SITE INSPECTION PERIOD: December 3 and 4, 2024**

**TIMED ONLINE AUCTION: December 5, 2024**

---

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), file

this Motion pursuant to §§105, 327, 363 and 365 of title 11, United States Code (the

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

"Bankruptcy Code") and Fed. R. Bankr. P. 2002, 6004 and 9014 and Local Rules 2002-1(C)(2), 6005-1 and 6004-1 for the entry of an order (1) approving the employment of Moecker Auctions, Inc. as auctioneer (the "Auctioneer"), (2) approving competitive bidding and sale procures for the sale of assets owned by the Debtors' wholly owned subsidiary, (3) scheduling dates to conduct sale, (4) approving the form and manner of notices, and (5) granting related relief. In support thereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

ShiftPixy Labs, Inc. ("Labs") is a wholly owned subsidiary of Debtor, Shiftpixy, Inc. Labs owns two (2) 20' custom-built container kitchens, four (4) 40' custom-built container kitchens, a 2022 Ford food truck conversion, office furniture and accessories, electronics, and related equipment (collectively, the "Labs Assets"). The Labs Assets were intended to support a Shiftpixy incubator program of tech-first food brands. The concept never got off the ground. These assets are now taking up space in the Debtors' leased office premises at its headquarters in Miami, Florida. The Lab Assets are not generating revenue.

To maximize the value of the Debtors' and Labs' assets for the benefit of all creditors in this chapter 11 case, the Chief Restructuring Officer, Jonathan Feldman (the "CRO") on behalf of the Debtors has made the decision to proceed with the sale of the Labs Assets pursuant to sections 363 and 365 of the Bankruptcy Code through an auction process to the highest and best bidder. The proceeds of the sale of the Labs Assets will be used: first to satisfy the creditor claims of Labs, and the remaining proceeds will be deposited in the Debtors' DIP account. The Debtors believe it is in the best interest of its creditors and Labs' creditors to proceed with a sale of the Labs Assets at this time so that a sale can be completed by December 5, 2024, and the

Debtors can vacate their leased premises[2].

The Debtors propose to conduct a competitive sale of the Property to obtain the highest and best bid for the Labs Assets, to be sold under Sections 363 and 365 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances and interests of any kind. The Debtors propose to retain Moecker Auctions, Inc., *nunc pro tunc* to November 5, 2024, as their auctioneer to facilitate the sale of the Labs Assets. The Debtors submit that the sale of the Labs Assets pursuant to the procedures set forth herein is in the best interests of creditors and the estate.

## LOCAL BANKRUPTCY RULE 6004-1 CONCISE STATEMENT

Pursuant to Local Rule 6004-1, below is a summary of the relief requested herein by the Debtors.

a) <u>Identity of Purchaser</u>. The purchaser will be the bidder who submits the highest and best bid at the Auction (as defined below) to be held as outlined herein, which bid is subject to the approval of the Bankruptcy Court at the Sale Hearing (as defined below).

b) <u>The Sale Terms</u>.

i. <u>Sale Price:</u>  There is no minimum purchase price.

ii. <u>Auction Format:</u> The Labs Assets will be marketed in their own exclusive auction event. The sale will be a timed on-line auction event. The length of open bidding will be set for a minimum of 7-10 days. All bids must be submitted using the online bidding platforms (Proxibid.com, Bidspotter.com and Moeckerauctions.com).

iii. <u>Registered Bidder Deposits</u>:  A $100.00 (one hundred dollars) refundable deposit, proof of identification and/or account validation will be required to participate in the auction.

iv. <u>Warranties:</u> The sale is "as is, where is – with all faults," free and clear of all liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code.

v. <u>Closing Date:</u>  The proposed Online Public Auction is scheduled to close on Thursday, December 5, 2024

vi. <u>Closing Conditions:</u>  An itemized statement of the property sold, the name

---

[2] The Debtors have negotiated an early termination of their lease that will be the subject of a separate motion.

of each purchaser, and the price received for each item or lot, or for the property as a whole if sold in bulk, will be filed on completion of the sale in compliance with Rule 6004(f) of the Federal Rules of Bankruptcy Procedure. Debtors request a waiver of the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

c)      Proposed Auction Date and Bid Deadline: December 5, 2024.

d)      Proposed Checkout and Removal: December 6-10, 2024.

e)      Requirements for Qualified Bidders: Agent will require a $100.00 (one hundred dollars) refundable deposit, proof of identification and/or account validation to participate in the auction.

f)      Identity of all Known Putative Lienholders and Approximate Debt: None.

g)      Identity of all Known Creditors[3] of ShiftPixy Labs, Inc. and Approximate Debt:

| | |
|---|---|
| A & A Ornamental, Inc | **$2,450.00** |
| ALLIED SPORTS LLC | **$25,000.00[4]** |
| BEST OFFICE COFFEE SERVICES | **$805.33** |
| BREX GHOST KITCHEN | **$3,352.87** |
| CINTAS | **$0.01** |
| CK Administrative Services LLC | **$6,417.19** |
| DGA SECURITY | **$1,020.30** |
| FL POWER HOUSE | **$9,112.37** |
| FLORIDA POWER AND LIGHT | **$2,776.25** |
| MILNER - USAGE | **$624.73** |
| MILNER INC | **$1,517.71** |
| MILNER INC - BRICKELL | **$1,978.24** |

[3] All the creditors of Labs are being served with this motion.
[4] This is a negotiated amount agreed upon with the creditor.

| | |
|---|---|
| Okin Pest Control | **$231.12** |
| Premier Produce | **$23.90** |
| Professional Window Tinters | **$2,100.93** |
| RB INTERNATIONAL SUPPLY CORP | **$960.59** |
| US FOODS | **$520.34** |
| VIA Design Studio | **$11,620.00** |

These creditors will be paid from the proceeds of the sale of the Labs Assets, and the remaining proceed will be deposited in the Debtors' DIP account.

h)    <u>Statement Regarding Dates for Hearings and Auction.</u>  The Debtors are seeking expedited hearings in connection with the proposed sale of the Labs assets pursuant hereto. The Debtors anticipates a hearing on the approval of the sale shortly after the completion of the Auction subject to the Bankruptcy Court's calendar.

## **BACKGROUND**

1.    On October 28, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2.    The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.    As of the date of this Application, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

4.    For a detailed description of the Debtors the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the *Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings* [DE 16].

5.      The CRO ran a UCC search for "shiftpixy", the result of the search did not reveal any filings in Wyoming or Florida for ShiftPixy Labs. Accordingly, the CRO does not believe that any creditor has a lien on the Labs assets.

<u>SUMMARY OF RELIEF REQUESTED</u>

6.      As set forth above, the Debtors intend to proceed with a formal process to obtain the highest and best price for the Labs Assets and sell the Labs Assets to the highest and best bidder, and thereafter the CRO seeks permission to complete the wind-down of Labs in accordance with applicable Wyoming Law.   By this Motion, the Debtors propose to proceed as follows:

(a)     Retain Moecker Auctions Inc. as the auctioneer to facilitate the sales process;

(b)     Promptly after the filing of this motion, the Debtors will seek a hearing on the approval of the auction. The Debtors proposes that any objections to the sale of the Labs Assets be filed prior to the hearing on the approval of this motion so that any such objections can be efficiently resolved by the Bankruptcy Court.

(c)     After approval of this motion, the Debtors propose to have the Auctioneer conduct an Auction Sale for the Labs Assets as set forth above.  Prior to such Auction Sale, the Debtors will provide access to potential purchasers in the Debtors' leased facility to inspect the Labs Assets.

(d)     Promptly after the conclusion of the Auction Sale, the Debtors will file an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot, or for the property as a whole if sold in bulk, will be filed on completion of the sale.

(e)     Thereafter, pay the debts and obligations owed by Labs, and any remaining funds be returned to the sole shareholder of Labs (ShiftPixy Inc) and deposited in the

ShiftPixy Inc., DIP account.

(f)     Authorize the CRO to complete any filing under applicable Wyoming law to complete the dissolution and wind up of Labs, as a voluntary dissolution under Wyo. Stat. §17-16-1402. *See also* Wyo. Stat. §17-16-1403.

<u>**RELIEF REQUESTED**</u>

A.     <u>**Retention of Moecker Auctions Inc.**</u>

7.     The Debtors believe that the highest and best value for the Labs Assets will be generated via a proposed bulk sale or auction and that the bulk sale or auction is in the best interests of Labs and the Debtors' estate.

8.     The Auctioneer was selected because of its experience and success in various large sales and auctions of commercial product, including restaurant and kitchen equipment. This is an auction of assets which are large and expensive.

9.     The Debtors believe that the retention of the Auctioneer is in the best interests of Labs and the estate after consideration of the Auctioneer's experience with these types of assets.

10.    The Debtors believes that the Auctioneer is disinterested as defined in the Bankruptcy Code pursuant to the Affidavit of Auctioneer attached hereto as "**Exhibit A**".

11.    The Auctioneer is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to Florida Statutes §468.381 et seq. or §468.387 for out-of-state auctioneers and Local Rule 6005-1(B) and is covered by the Florida Auctioneer Recovery Fund as required by Florida Statute 468.392.

12.    The auction proposal (the "Auction Proposal") is attached as "**Exhibit B**"

13.    The costs and expenses to be expended by and reimbursed to Auctioneer is an estimated at an aggregate of aggregate of $23,585 for both media and marketing and auction costs,

all as itemized on the budget attached to the Auction Proposal and will not exceed 20% of such expenses.

14.    Compensation  of  the  Auctioneer: The auctioneer will charge a 13% "buyer's premium" to all winning bidders. This amount will be added to the hammer price achieved at the auction and retained by Auctioneer. The buyer's premium breakdown is as follows; Auctioneer Receives 10% of the gross sales price of each sold lot. The on-line bidding platforms receive 3% of the gross sales price of each sold lot.  There will be no seller's commission.

15.    Upon completion of the auction, the Auctioneer will file with the court a report summarizing the results of the auction and stating the fees and expenses which will be paid to Auctioneer in accordance with the order approving the retention.  The report shall be served only on the Debtors and any other interested party who specifically requests a copy.  **A request for the auction report can be made to the Chapter 11 Debtors at <u>dan@dgimlaw.com.</u>**  The fees and expenses will be paid without the necessity of further notice or hearing unless any party in interest files an objection within 14 days from the filing of the report with the court and service of the report on the above parties.

B.    <u>**Approval of Bid Procedures and Terms of Sale**</u>

16.    To ensure that the maximum value is received for the Labs Assets, the Debtors propose to proceed with an auction of the Labs Assets.  The Debtors propose to auction the Property to the highest and best bidder at the Auction (as defined below).

17.    The Debtors and the Auctioneer have already started worked diligently to expose the Labs Assets to the market.

18.    Due to the anticipated media and marketing efforts of the Auctioneer, the Debtors believe that the Labs Assets and the opportunity to acquire them will b e  well advertised.

19.     The Debtors seek to adopt the bid and sale procedures outlined below in order to foster competitive bidding among potential buyers, without eliminating or discouraging any qualifying bids.

20.     In connection therewith, the Debtors requests that the Bankruptcy Court approve the bidding and  sale procedures, which the Debtors believes are  likely to maximize the value of the Property (the "Bid Procedures") set forth in Exhibit C.

**C.      Sale of Property Free and Clear of Liens, Claims, Encumbrances and Interests.**

21.     The Debtors seek to sell the Labs Assets to the highest and best bidder following the Auction, free and clear of liens, claims, encumbrances and interests pursuant to sections 363(b) and (f) of the Bankruptcy Code.

22.     The Debtor, ShiftPixy Inc., owns 100% of the equity of Labs. By way of this Motion ShiftPixy Inc., intends to use its position as the 100% shareholder to liquidate the assets of Labs, pay all Labs creditors as indicated above, and then remit any remaining funds to the ShiftPixy Inc., DIP account.

23.     Property of the bankruptcy estate may be sold outside the ordinary course of business.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he Debtors, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Courts interpreting section 363(b)(1) of the Bankruptcy Code have held that transactions should be approved when (a) they are supported by the sound business judgment of the Debtors, (b) interested parties are provided with adequate and reasonable notice, (c) the sale price is fair and reasonable, and (d) the purchaser is acting in good faith.  *See e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334 (D. Del. 1987).  In the present case, the Debtors asserts that each such factor is or will be satisfied prior to the Sale

Hearing.

24.     The Debtors have concluded in the exercise of their business judgment that the sale of the Labs Assets will maximize the value of the Labs Assets, and in turn the Debtors' estate for all creditors of Labs and the Estate. Moreover, liquidation and sale of the Labs Assets will allow the Debtor to promptly vacate its leased premises, and thereby cease incurring obligations to its landlord.  All creditors of Labs and all parties in interest are and will receive adequate and reasonable notice of the proposed sale pursuant to this motion. Lastly, the Debtors anticipate that the ultimate purchaser of the Labs Assets will be acting in good faith and the Debtors intends to take any and all necessary action to insure such good faith.

25.     Section 363(f) of the Bankruptcy Code authorizes the Debtors to sell property of the estate free and clear of any liens, claims, encumbrances or interests of an entity if: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.  The language of section 363(f) is in the disjunctive, so that a sale free and clear can be approved if any of the aforementioned conditions is met.  *In re Heine*, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

26.     In the present case, the Debtors records and investigation indicates that there are no liens on the Labs Assets.  There are no UCC financing statement filed in Wyoming against Labs, which is also a Wyoming entity, nor is there any in Florida. Because Labs has creditors, those creditors will be paid in full, and the remaining proceeds which belong to the equity holder of Labs (which is ShiftPixy Inc), will be deposited in the ShiftPixy Inc., DIP account.

27.     In the event any creditor which may assert a lien on the Labs Assets does not consent to the sale proposed herein, then the Debtors asserts that such sale can be approved by the Bankruptcy Court over such objections free and clear of their respective liens, claims and encumbrances pursuant to sections 363(f)(3), (4) and/or (5). Pursuant to section 363(f)(3), if the sale price for the Property achieved at the Auction is greater than the aggregate value of the liens on the Labs Assets, then the Labs Assets can be sold free and clear of all such liens and claims.

   D.     **Waiver of Stay Period Pursuant to Fed. R. Bankr. P. 6004(h)**

28.     The Debtors request that the Court include in the Sale Order a provision waiving the 14-day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure and providing that the sale may be consummated immediately after entry of the Sale Order.

   **WHEREFORE**, the Debtors respectfully requests that this Court enter an order (1) authorizing the employment of the Auctioneer *nunc pro tunc* to November 5, 2024, (2) approving competitive bidding and sale procedures for the sale of the Labs Assets, (3) scheduling the aforementioned dates to conduct an inspection and auction, (4) approving the manner of notices, (5) approving the sale of the Labs Assets free and clear of all liens, claims, encumbrances and interests, (6) approving payment to the creditors of Labs listed above from the auction proceeds, (7) approving distribution of the remaining proceeds of the Auction to the Debtors' DIP account, and (8) granting such other and further relief as is proper.

   I HEREBY CERTIFY that a true copy of the foregoing will be furnished to all creditors and interested parties with a copy of the Notice of Hearing hereon.

   Dated November 15, 2024

                           **DGIM Law, PLLC**
                           *Proposed Counsel for the Debtors*
                           2875 NE 191st Street, Suite 705
                           Aventura, FL 33180

Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Email:  isaac@dgimlaw.com
Daniel Y. Gielchinsky, Esq.
Florida Bar No. 097646
Email: dan@dgimlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Application was served via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list on this  15th day of November, 2024.

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373

## SERVICE LIST

Via U.S. Mail

Balanced Management, LLC
26 S. Rio Grande St. #2072
Salt Lake City Utah, 84101

Balanced Management, LLC
441 Lexington Ave
18th Floor
New York, NY 10017

Balanced Management, LLC
315 E 62 floor 3
New York, NY, 10065

Balanced Management, LLC
1682 Pintail Way
Sarasota, FL, 34231

Balanced Management, LLC
3017 Bolling Way NE
Atlanta, GA, 10065

Balanced Management
Registered Agents Inc.
7533 S. Center View CT Ste R
West Jordan, UT, 84084

**<u>Via U.S. Mail to all parties on the attached Mailing Matrix</u>**

| A & A Ornamental, Inc | | 18731 SW 87th Ave, Cutler Bay, FL, 33157, United States |
|---|---|---|
| ALLIED SPORTS LLC | | PO BOX 845785, BOSTON, MA, 02284-5785, United States |
| BEST OFFICE COFFEE SERVICES | | 13130 SW 130 TERRACE, MIAMI, FL, 33186, United States |
| CINTAS | | PO BOX 631025, CINCINNATI, OH, 45263-1025, United States |
| CK Administrative Services LLC | | 777 S Figueroa Street, Suite 4100, Los Angeles, CA, 90017, United States |
| DGA SECURITY | | 429 WST 53RD STREET, NEW YORK, NY, 10019, United States |
| FL POWER HOUSE | | 2310 NW 102ND PLACE, DORAL, FL, 33172, United States |
| FLORIDA POWER AND LIGHT | | FPL General Mail Facility, Miami, FL 33188-0001 |
| MILNER - USAGE | | PO BOX 923197, NORCROSS, GA, 30010-3197, United States |
| MILNER INC - BRICKELL | | PO BOX 41602, PHILADELPHIA, PA, 19101-1602, United States |
| MILNER INC | | PO BOX 105743, ATANTA, GA, 30348-5743, United States |
| Okin Pest Control | Orkin Pest Control | 2170 Piedmont Rd NE Atlanta, GA, 30324-4135 United States |
| Premier Produce | | 2672 SW 36th St, Dania Beach, FL, 33312, United States |
| Professional Window Tinters | | 7385 Bird Rd (40th St), Miami, FL, 33155, United States |
| RB INTERNATIONAL SUPPLY CORP | | 7265 NW 44TH ST, MIAMI, FL, 33166, United States |
| US FOODS | | PO BOX 281838, BOCA RATON, FL, 30384-1838, United States |
| VIA Design Studio | | 103 Westward Drive, Miami, FL, 33142, United States |
| BREX GHOST KITCHEN | | No address on file |

Label Matrix for local noticing
113C-1
Case 24-21209-LMI
Southern District of Florida
Miami
Thu Nov 14 08:40:51 EST 2024

Century Tacos, Inc.
c/o Leyza B. Florin, Esq.
Sequor Law
1111 Brickell Avenue
Suite 1250
Miami, FL 33131-3133

Foundry ASVRF Sawgrass, LLC
c/o Michael S. Provenzale
P.O. BOX 2809
ORLANDO, FL 32802-2809

Golden Taco, Inc.
c/o Leyza B. Florin, Esq.
Sequor Law
1111 Brickell Avenue
Suite 1250
Miami, FL 33131-3133

Los Angeles West Taco, Inc.
c/o Leyza B. Florin, Esq.
Sequor Law
1111 Brickell Avenue
Suite 1250
Miami, FL 33131-3133

Pacific Coast Taco, Inc.
c/o Leyza B. Florin, Esq.
Sequor Law
1111 Brickell Avenue
Suite 1250
Miami, FL 33131-3133

ReThink Human Capital Management, Inc
4101 NW 25th Street
Miami, FL 33142-6725

ShiftPixy Staffing, Inc
4101 NW 25th Street
Miami, FL 33142-6725

ShiftPixy, Inc.
4101 NW 25 Street
Miami, FL 33142-6725

Tacos 2000, Inc.
c/o Leyza B. Florin, Esq.
Sequor Law
1111 Brickell Avenue
Suite 1250
Miami, FL 33131-3133

BairesDev LLC
800 W El Camino
Mountain View, CA 94040-2567

Balanced Management, LLC
10880 Wilshire Blvd. 19th Floor
Los Angeles, CA 90024-4101

(p)BROADRIDGE FINANCIAL SOLUTIONS
1155 LONG ISLAND AVENUE
EDGEWOOD NY 11717-8309

CT Corporation
PO Box 4349
Carol Stream, IL 60197-4349

Call & Jensen
810 Newport Center Dr
Newport Beach, CA 92660

Fisher Phillps LLP
2050 Main St
Irvine, CA 92614-8255

Florida Department of Revenue
2450 Shumard Oak Blvd
Tallahassee, FL 32399-7022

ICR LLC
761 Main Ave
Norwalk, CT 06851-1080

IPFS Corporation
3522 Thomasville Rd
Tallahassee, FL 32309-3488

IRS
Worland, WY 82401

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7317
Philadelphia, PA 19101-7317

KARLINSKY LLC
103 Mountain Rd
Cornwall On Hudson, NY 12520-1802

Kenneth Weaver
901 Riverside Drive
Old Hickory, TN 37138-3150

Lowenstein Sandler LLP
Attn: William B. Farrell
One Lowenstein Drive
Roseland, NJ 07068-1791

Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068-1791

MINTZ
666 Third Avenue
New York, NY 10017-4011

Marcum & Kliegman LLP
750 Third Ave
New York, NY 10017-2703

Media Network Consultants LLC
13245 Lower Harden Ave
Orlando, FL 32827-7221

(p)MEDIANT COMMUNICATIONS  INC
ATTN ATTN JOSEPH SIMONOWICH
400 REGENCY FOREST DRIVE
SUITE 200
CARY NC 27518-7703

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Osborn Maledon
2929 N Central Ave
Phoenix, AZ 85012-2793

Payne & Fears LLP
4 Park Plaza
Irvine, CA 92614-8550

Rose, Snyder & Jacobs LLP
15821 Ventura Blvd
Encino, CA 91436-4778

Roxborough Pomerance NYE & Adreani
5820 Canoga Ave
Woodland Hills, CA 91367-6549

Say Technologies LLC
85 Willow Road
Menlo Park, CA 94025-3656

Sportslternship, LLC
23 Rancho Circle
Lake Forest, CA 92630-8324

Sunz Insurance
1301 6th Ave W
Bradenton, FL 34205-7410

WORKIVA
2900 University Blvd
Ames, IA 50010-8665

White & Case
SE Financial Ctr Ste 4900
Miami, FL 33131

Whitney White
100 Albert Way 08540

Daniel Gielchinsky
2875 NE 191st Street
Suite 705
Aventura, FL 33180-2803

Isaac M Marcushamer Esq.
DGIM Law, PLLC
2875 NE 191st Street
Suite 705
Aventura, FL 33180-2803

Jonathan Feldman
2 South Biscayne Boulevard, Suite 1600
Miami, FL 33131-1824

Robert Angueira
c/o Paul Steven Singerman
Berger Singerman LLP
1450 Brickell Avenue
Suite 1900
Miami, FL 33131-5319

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Broadridge Financial Solutions
1155 long Island Avanue
Edgewood, NY 11717

Mediant Communications Inc.
400 Regency Forest Drive
Suite 200
Cary, NC 27518

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    43
Bypassed recipients    1
Total                  44

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                          Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                    Case No. 24-21209-LMI

            Debtors.                                 (Jointly Administered)
_____/

### DECLARATION OF AUCTIONEER

BEFORE ME, the undersigned authority, this date personally appeared Eric Rubin who being first duly sworn under oath, deposes and states:

1.      My name is Eric Rubin.  I am over the age of eighteen (18) and am an officer of Moecker Auctions, Inc. located at 1885 Marina Mile Blvd., Suite 103 Fort Lauderdale, Florida 33315, and I am authorized to make this declaration on behalf of the corporation in accordance with Bankruptcy Rule 2014 and Local Rule 6005-1.

2.      Neither I nor Moecker Auctions, Inc. nor any of its officers or directors have any connection to the Debtors, the Debtor's estate, the Debtors or Shiftpixy Labs, Inc., and that same are disinterested persons within the meaning of 11 U.S.C. §327(a).

3.      That Moecker Auctions, Inc. is duly licensed as an auctioneer and covered by the Florida Auctioneer Recovery Fund and is authorized to conduct auctions in the State of Florida pursuant to Florida Statutes §468.381 et seq or §468.387 for out-of-state auctioneers and Local Rule 6005-1(B).  True copies of said license and bond are attached as Exhibit A.

4.      That I have read the application of the Debtors regarding the retention and

_____
[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.  The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

compensation of Moecker Auctions, Inc. and agree to be bound by the terms and conditions represented therein.

5. The property subject to this proposed auction will not be sold together with any non-bankruptcy property.

6. That I further understand that the court, in its discretion, may alter the terms and conditions of employment and compensation as it deems appropriate.

7. Moecker Auctions, Inc. has prepared the Auction Proposal attached as Exhibit B to the motion and agrees to be bound by its terms and conditions.

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 15, 2024

Signed by:

*Eric Rubin*

4ECAC512BB90432...

Eric Rubin, as an officer of
Moecker Auctions, Inc.

Ron DeSantis, Governor

Melanie S. Griffin, Secretary



# STATE OF FLORIDA
# DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

# FLORIDA BOARD OF AUCTIONEERS

THE AUCTIONEER HEREIN IS LICENSED UNDER THE

PROVISIONS OF CHAPTER 468, FLORIDA STATUTES

## RUBIN, ERIC

8181 ALATOONA PASS WAY

BOYNTON BEACH        FL 33473

**LICENSE NUMBER: AU3219**

**EXPIRATION DATE:  NOVEMBER 30, 2025**

Always verify licenses online at MyFloridaLicense.com

ISSUED: 01/09/2024

Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.





Ron DeSantis, Governor

Melanie S. Griffin, Secretary

# STATE OF FLORIDA
## DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

### FLORIDA BOARD OF AUCTIONEERS

THE AUCTION BUSINESS HEREIN IS LICENSED UNDER THE
PROVISIONS OF CHAPTER 468, FLORIDA STATUTES

## MOECKER AUCTIONS, INC.

1885 MARINA MILE BLVD., SUITE 103
FORT LAUDERDALE    FL 33315

**LICENSE NUMBER: AB1098**

**EXPIRATION DATE: NOVEMBER 30, 2025**

Always verify licenses online at MyFloridaLicense.com

ISSUED: 01/09/2024

Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.

dbpr Florida

DUPLICATE ORIGINAL

VERIFICATION CERTIFICATE

THIS IS TO CERTIFY that Bond No. 00104156269 issued by

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

dated the 20TH day of SEPTEMBER, 2022,

in the amount of FIVE HUNDRED THOUSAND  and No/100-----($500,000.00),

on behalf of MOECKER AUCTIONS, INC.
 (as Principal),
and in favor of United States of America, SOUTHERN DISTRICT OF FLORIDA (as Obligee),

covers a term which began on the 20TH day of SEPTEMBER, 2022, and

ends only with the cancellation of said bond or other legal termination thereof; and that the

said bond remains in effect, subject to all its agreements, conditions and limitations.

*Signed, sealed and dated                TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
03/08/23

*Use current or renewal date.            By
                                         C. KEHOE, Attorney-in-Fact

 **TRAVELERS⌐**

**Travelers Casualty and Surety Company of America**
**Travelers Casualty and Surety Company**
**St. Paul Fire and Marine Insurance Company**

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:** That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Catherine C. Kehoe**, of **New Orleans, Louisiana**, their true and lawful Attorney-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **3rd** day of **February, 2017.**

  

State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **3rd** day of **February, 2017,** before me personally appeared **Robert L. Raney,** who acknowledged himself to be the Senior Vice President of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**In Witness Whereof**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2021**



Marie C. Tetreault
Marie C. Tetreault, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this **8TH** day of **MARCH**, **2023**

  

_____
Kevin E. Hughes, Assistant Secretary

***To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.***
***Please refer to the above-named Attorney-in-Fact and the details of the bond to which the power is attached.***

# EXHIBIT B

# Auction Proposal

# Auction Proposal for ShiftPixy, Inc.

*A Trusted Source for Asset Appraisal and Liquidation*

*Experienced Accredited Professionals with Accountability*



*Auction/Liquidation for:*

**ShiftPixy, Inc.**
Chapter 11 Bankruptcy
Case No. 1:24-bk-21209

**Property Location/Auction Address:**
4101 NW 25th Street
Miami, Florida 33142

**Moecker Auctions, Inc.**
1885 Marina Mile Blvd.
Suite 103
Fort Lauderdale, FL 33315
Phone: (954) 252-2887
Fax: (954) 252-2791
www.moeckerauctions.com
AB 1098

**Exclusively prepared for:**

Mr. Jonathan S. Feldman, Esq.
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131

November 1, 2024



1885 Marina Mile Blvd., Suite 103
Fort Lauderdale, Florida 33315
Office: (954) 252-2887
Fax: (954) 252-2791
www.moeckerauctions.com

November 1, 2024

Mr. Jonathan S. Feldman, Esq.
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131

**Re:** ShiftPixy, Inc. Auction Proposal
**Case No.:** 1:24-bk-21209

Dear Mr. Feldman,

I am pleased to provide you with the following Auction Marketing Proposal for the sale of (2) 20' custom-built container kitchens, (4) 40' custom-built container kitchens, 2022 Ford food truck conversion, office furniture and accessories, electronics, and related equipment within **ShiftPixy, Inc.** located at the following address:

**Auction Site: 4101 NW 25th Street, Miami, Florida 33142**

Enclosed you will find a breakdown of our estimated expenses to liquidate the property. Our strategy is to conduct a globally advertised timed on-line auction event that will simultaneously run on the following three on-line auction platforms: Proxibid.com, Bidspotter.com and Moeckerauctions.com. We will offer pre-bidding for a minimum of seven to ten days prior to the lots closing. We have found this auction strategy to be highly effective for achieving the highest dollar amount for the items being sold in a competitive on-line auction event.

> ➢ **Inspection/Preview date:** December 4, 2024, from 10:00 am – 4:00 pm
> ➢ **Auction date:** December 5, 2024, commencing at 10:00 am
> ➢ **Auction Site location:** 4101 NW 25th Street, Miami, Florida 33142
> ➢ **Auction type:** Timed online auction event on Proxibid.com, Bidspotter.com and Moeckerauctions.com

To make all marketing deadlines, to properly promote the sale, secure scheduling and relocate the property to the auction site location, we respectfully request an executed copy of this proposal by **Tuesday, November 5, 2024.** Should you have any additional questions concerning our proposal, please do not hesitate to call us at (954) 252-2887.

We personally pledge our dedicated best on your behalf and anticipate a successful auction for all parties involved. Please do not hesitate to call me if you have any questions or concerns at all (954) 252-2887.

Enthusiastically,

Michael Shirinian
Director of Auction Operations
Moecker Auctions Inc.



## AUCTION
## PROPOSAL AND AGREEMENT

# ShiftPixy, Inc.

Chapter 11 Bankruptcy
**Case No.: 1:24-bk-21209**

This Agreement (this "Agreement") is made on this 1st day of November 2024 and is entered into this by and between **Jonathan S. Feldman, Esq.** ("Seller") and **Moecker Auctions, Inc.**, a Florida limited liability company ("Agent"). Seller and Agent are sometimes referred to in this Agreement individually as a "Party" and collectively as the Parties".

## 1. PURPOSE OF AGREEMENT

Seller hereby engages Agent as Seller's exclusive agent to sell the personal property consisting of but not limited to (2) 20' custom-built container kitchens, (4) 40' custom-built container kitchens, 2022 Ford food truck conversion, office furniture and accessories, electronics, and related equipment. All such property is collectively referred to in this Agreement as the "Personal Property". Upon signing the auction agreement, it is understood that Moecker Auctions is the *sole and exclusive agent* to sell the personal property. In the event that sales are made after the execution of this agreement, Seller will be liable to Moecker Auctions for the full auction fee and Buyer's Premium or related transaction fee as to the assets removed or sold. Such sale shall be by online public auction (the "Auction"). Seller hereby authorizes Agent and its designated agents to execute, as Seller's agent, all letters of intent, purchase and sale agreements, bills of sale, receipts and other documents which Agent deems necessary to transfer title to the Personal Property. Seller will, to the extent requested by Agent, promptly execute any or all such documents and further assurances as to Agent's authority to sell the Personal Property, and fully cooperate in good faith with Agent's efforts to sell the Personal Property. Agent will keep accurate records of any Auction or other sale of Personal Property, and permit Seller to examine the same at all reasonable times.

## 2. SCHEDULING OF AUCTION

**The proposed Online Public Auction is scheduled to start closing on <u>Thursday, December 5, 2024.</u>** The equipment will be marketed in its own exclusive auction event. The sale will be a timed on-line auction event. The length of open bidding will be set for a minimum of 7-10 days. All bids must be submitted using the online bidding platforms (Proxibid.com, Bidspotter.com and Moeckerauctions.com). The Auction will be conducted pursuant to the terms of this Agreement and on such other terms as Agent deems appropriate so long as they do not conflict with the provisions of this Agreement. **We will hold (1) inspection period on <u>Wednesday, December 4, 2024, between 10:00 a.m. - 4:00 p.m.</u>** Interested parties are required to make appointments for inspections. Additional inspection dates/times will be made available for qualified buyers at the sole discretion of the Agent.

_____
Initial

Moecker Auctions, Inc.

## 3. SALE PREMISES

The physical location of the property is **4101 NW 25th Street, Miami, Florida 33142. (the "Sale Premises")**. Seller will maintain the Personal Property at the Sale Premises until after such Personal Property is sold by Agent and the buyer(s) of such Personal Property have had sufficient opportunity to remove the Personal Property purchased. Seller will promptly notify Agent in advance of any change to the Sale Premises regarding or affecting the Personal Property or its potential sale at the Sale Premises, the Facility Services, or the buildings containing the Sale Premises (collectively, the "Buildings"), alteration of maintenance programs, or any events or knowledge that could affect any sale of Personal Property, the value of any Personal Property or performance by either Party under this Agreement.

## 4. CONDITION OF PROPERTY

Unless otherwise agreed by Seller and Agent, all sales of Personal Property will be "**AS IS" "WHERE IS**", disclaiming all implied warranties, including disclaiming implied warranties of merchantability and fitness for particular purpose.

**(a)**  Agent may, in its sole discretion, offer for sale and/or sell Personal Property for sale by the piece or by bulk. At Auction, the Personal Property will be sold to the highest bidder, subject only to Seller's approval and the buyer's timely payment of the purchase price and removal of purchased Personal Property from the Sale Premises.

**(b)**  Agent is not responsible if any Personal Property is not sold. If any buyer fails to complete a purchase of personal Property, or buyer fails to perform any of its other obligations.  However, if a buyer fails to pay the purchase price for Personal Property, Agent may attempt to collect such purchase price from such person or entity.

**(c)**  A condition of any sale of Personal Property will be that if Personal Property is not paid for or not removed from the Sale Premises within the time specified by Agent, then Agent may, without further notice, make buyer to be in default, cancel such sale of such Personal Property and retain any money paid as liquidated damages. Such amount retained will form a part of the Sales Proceeds. Any such Personal Property not fully paid for or removed may be resold by Agent. The net proceeds thereof and such liquidated damages will be included in the Sales Proceeds.

## 5. REGISTERED BIDDER DEPOSITS

Agent will require a $100.00 (one hundred dollars) refundable deposit, proof of identification and/or account validation to participate in the auction.

## 6. BUYER'S PREMIUM | COMMISSION

Buyer's Premium: Agent will charge a **13%** "buyer's premium" to all winning bidders. This amount will be added to the hammer price achieved at the auction and retained by Agent. The Buyer's Premium breakdown is as follows; Agent Receives: **10%** of the gross sales price of each sold LOT. The on-line bidding platforms receive **3%** of the gross sales price of each sold LOT.

Seller's commission: 0% (Waived)

_____
Initial

Moecker Auctions, Inc.

## 7. AGENT INSURANCE

Agent will carry and maintain liability insurance coverage issued by a company or companies licensed to sell such coverage to the extent of not less than $1,000,000 for bodily injury, and $1,000,000 for property damage for Moecker Employees only. Seller will carry and maintain public liability insurance coverage at seller's own expense. Seller may request Agent to add the auction location site to their policy as an "additionally insured location" at an additional cost.

## 8. REMOVAL OF PROPERTY

Costs and expenses to remove the Personal Property from the Sale Premises will be at the sole cost, liability and expense of the buyers. Agent, and/or its representatives will supervise the removal of sold Personal Property and attempt to have all sold Personal Property removed by the removal time set forth on the proposed marketing and promotional schedule attached to this agreement. The assets will begin being removed the following day after the auction sale unless otherwise stated. Any and all unsold or abandoned lots will be left at the auction site.

## 9. MARKETING AND ADVERTISING

The sale will be exposed on a scale detailed within the Marketing and Promotional schedule provided within this agreement. The marketing campaign will be targeted to attract the most appropriate and or best buyers for what is being sold during the auction. Seller agrees that Agent may use the legal and/or trade names, street address and logos in any print, electronic or other media, before, during or after sale of Personal Property of the company or individual being liquidated, as Agent deems appropriate.

## 10. EXPENSE REIMBURSEMENT

Agent will extend all costs and expenses to cover; costs and expenses to prepare, promote and conduct the sale of the Personal Property pursuant to this Agreement. These costs and expenses may include costs and expenses to tag, catalog, and photograph the Personal Property; prepare, publish, and distribute illustrated brochures; advertise in available trade publications and regional newspapers as well as e-mail notifications, web and telemarketing campaigns; post descriptions and images on the internet. Agent will be reimbursed for all costs and expenses from Sales Proceeds not to exceed 20% of the estimated expenses enclosed in this agreement.

## 11. SETTLEMENT

All Sales Proceeds from any sale of Personal Property will be paid by the buyers of the Personal Property directly to Agent. Agent will reconcile one hundred percent (100%) of the remaining collected Sale Proceeds within fourteen (14) business days after the removal of all Personal Property from the Sale Premises is completed. will provide a complete expense portfolio approximately thirty (30) business days after removal of all Personal Property from the Sale Premises, with copies of paid invoices, advertisements, verifying all expenses and will include the NET proceeds check or wire transfer. Agent will not be obligated to investigate, respond to or deal with claims or disputes that may relate to the Personal Property represented by such Sales Proceeds.

**Seller prefers the net proceeds to be disperse via (choose one):**
- o **Check** (payable to_____)
- o **Wire transfer** (please submit wiring instructions with executed auction contract/agreement)

_____
Initial

Moecker Auctions, Inc.

## 12. TERMS OF AGREEMENT

This Agreement will terminate upon the sale and removal of all the Personal Property sold from the Sale Premises. In the event that the Seller decides to cancel the Auction for any reason, Seller agrees to; (i) pay all of the expenses to Agent incurred "to date" pursuant to this Agreement and effecting cancellation of the Auction, plus an additional cancellation fee equal to $5,000 should the Auction be cancelled within two weeks prior to the scheduled Closing Time, or (ii) all Auction Fees and Buyer's Premium's that Agent would have received had the Auction closed on the scheduled date based upon the then-current total of all high bids for all Assets in the Auction. (iii) if any Assets are sold within six months from the day on which Seller notifies Agent of the Auction's cancellation (each, a "Post-Cancellation Sale"), an amount equal to the Auction Fee and Buyer's Premium Agent would have received had such Post-Cancellation Sale been conducted pursuant to the terms of this Agreement.

## 13. BINDING EFFECT | ASSIGNMENT

This Agreement is binding upon and will habituate to the benefit of Agent and Seller and their successors and permitted assigns. Seller may not assign any portion of this Agreement without the prior consent of Agent.

## 14. CONSTRUCTION

This Agreement will be construed and interpreted according to the laws of the state of Florida. The headings contained in this Agreement are inserted for convenience only and will not affect, define, limit or construe the meaning or interpretation of this Agreement or any Section of this Agreement. Nothing in this Agreement will be construed as to constitute the Parties as partners; All Exhibits referred to in this Agreement are attached to and from a part of this Agreement. All agreements contained in this Agreement are remade as of the date of sale of Personal Property and will survive its termination.

## 15. ENTIRE AGREEMENT

This Agreement constitutes the entire agreement between the Parties and supersedes all prior oral or written understanding and agreements, relating to its subject matter. No changes to, modification of, or additions to this Agreement will be valid unless the same are in writing and signed by Seller and Agent.

## 16. NOTICES

In order for any notice, consent or agreement required or desired to be given pursuant to this Agreement to be valid and effective, it must be given in writing, and will be deemed delivered: (a) when acknowledged in writing by the receiving party; (b) when hand delivered; (c) when faxed to a Party at its respective fax number set forth below; (d) when emailed to a Party at its respective email address set forth below; or (e) (4) days after being deposited in the U.S. mail, registered or certified, postage prepaid, addressed to a Party at its address set forth:

(Intentionally left blank)

_____
Initial

Moecker Auctions, Inc.

**Seller:**
Jonathan S. Feldman, Esq.
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131
Office: (305) 614-1223
Email: feldman@katiephang.com

**Agent:**
Michael Shirinian
Moecker Auctions, Inc.
1885 Marina Mile Blvd., Suite 103
Fort Lauderdale, Florida 33315
Office: (954) 252-2887
Email: mshirinian@moeckerauctions.com

This Agreement and any amendments or modifications may be executed in any number of duplicate originals and may be executed by the Parties on any number of separate counterparts which, when taken together, shall constitute a single original document. Any signed original or counterpart delivered by facsimile or electronic means shall be as effective as a delivered signed original or counterpart, as the case may be.

**The Parties hereto have caused this Agreement to be executed by their respective duly authorized officers or agents, as of the date below.**

_____   _____   _____   \_\_11/1/24\_\_
Jonathan S. Feldman, Esq.                    Date                    Michael Shirinian                    Date
                                                                                                Moecker Auctions, Inc

_____
Initial



## Auction Marketing & Promotional Schedule
**ShiftPixy, Inc.**
**4101 NW 25th Street**
**Miami, Florida 33142**
*November 1, 2024*

| MEDIA & MARKETING | TYPE | |
|---|---|---|
| **Internet Advertising:** Moecker Auctions, Inc. website, Auctionzip.com, FAA, Facebook 14-day campaign and other various websites | Global | |
| **Trade Publications:** Specific to the industry. On-line and in-print (time permitting) | Global | |
| **Local Newspaper:** One basic ad running for two consecutive weekends (legal section) | Local | |
| **Web-Cast Internet Bidding & Marketing Package:** Global On-Line Bidding, billing and Invoicing. Online auction platforms: www.bidspotter.com, www.proxibid.com, www.moeckerauctions.com. | Global | |
| **Layout & Design:** Layout/Design, Proofing, Typesetting. | In-House | |
| **E-Mail Service:** Wholesalers, Retailers, General Public, Moecker Auction Proven Buyers. | Nation-Wide | |
| **Inventory Catalogs:** Detailed Inventory Listing of inspection Day. | In-House | |
| **Road Signs/Banners:** To Promote Auction Day Event. | Local | |
| **Target Marketing & Personal Solicitation:** Contact core buyers and business relating to the property being sold. | Regional | |
| **Long Distance/Watts Line/Telemarketing** | Nation-Wide | |
| **MEDIA & MARKETING BUDGET TOTAL:** | | **$7,125.00** |

| AUCTION COSTS | DAYS | |
|---|---|---|
| **Auction Setup, Travel and Administrative:** Creating of the auction catalog with detailed images and web processing, web-listing uploads and monitoring inquiries (1) Auctioneer and (3) Staff Members | 5 | |
| **Inspection: Wednesday**, December 4, 2024, between 10:00 a.m. - 4:00 p.m. (By appointment only) | 1 | |
| **Check-out Staffing and Removal:** Removal period is estimated to take 5 business days. Includes (4) staff members to manage and oversee the duration of the removal process including billing, Invoicing and funds collections. **Removal dates: December 6th, 7th, 8th, 9th, 10th.** | 5 | |
| **Auction reconciliation and report:** Execute client auction report (print and digital copies). | * | |
| **TOTAL AUCTION COSTS BUDGET:** | | **$     16,460.00** |
| **TOTAL ESTIMATED AUCTION COST:** | | **$     23,585.00** |

The Marketing and Promotional Schedule is merely an estimate and is not intended as a term or condition of the Auction Contract, unless expressly identified as such. The above cost projections are based on current advertising rates and subject to increase.

Authorized Signature:_____ Date_____



Print Name and Title:_____

Moecker Auctions, Inc. AB 1098

Moecker Auctions, Inc.



## Auction Proposal Summarization

| | |
|---|---|
| **Assets belonging to:** | ShiftPixy, Inc. |
| **Auction type:** | Timed online auction |
| **Auction end date:** | December 5, 2024 |
| **Asset type:** | (2) 20' custom-built container kitchens, (4) 40' custom-built container kitchens, 2022 Ford food truck conversion, office furniture and accessories, electronics, and related equipment. |
| **Asset location:** | 4101 NW 25th Street, Miami, Florida 33142 |
| **Inspection days:** | December 4, 2024, from 10:00am – 4:00pm |
| **Buyer's Premium** | 13% |
| **Checkout/Removal:** | December 6th, 7th, 8th, 9th, 10th |
| **Estimated cost and expenses:** | $23,585.00 |
| **Settlement:** | 14 business days after removal of all property |
| | |

_____
Initial