**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                  Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                             Case No. 24-21209-LMI

        Debtors.                                        (Jointly Administered)

_____/

**DEBTORS' EXPEDITED OMNIBUS MOTION SEEKING ENTRY OF AN ORDER (A)**
**AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (B)**
**ABANDONMENT OF CERTAIN PERSONAL PROPERTY EFFECTIVE**
***NUNC PRO TUNC* TO THE SURRENDER DATE**

**BASIS FOR EXIGENCY**

**The Debtors can reduce post-petition administrative expenses the sooner**
**this Motion is considered. Accordingly, the Debtors respectfully request a**
**hearing on November 21, 2024 at 9:30 am.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), file

this Motion pursuant to §§105, 365, of title 11, United States Code (the "Bankruptcy Code")

and Fed. R. Bankr. P. 2002, 6006, 9014, and 9019 for the entry of an order (1) authorizing the

Debtors to reject certain unexpired leases and, (2) authorizing the Debtors to abandon certain

personal property *nunc pro tunc* to the surrender date. In support thereof, the Debtors respectfully

state as follows:

**PRELIMINARY STATEMENT**

1.      The Debtors are seeking to reduce their post-petition operating costs to facilitate the

sale of the Debtors ongoing business and other physical assets. For a complete background on the

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.
The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

Debtors the Debtors incorporate the Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings [ECF No. 16].

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.        On October 28, 2024 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.        The Debtors core business is a staffing business providing on demand staffing for the Debtors' clients.

### The Debtors' Executory Contracts and/or Unexpired Leases

5.        Prepetition ShiftPixy Inc., was a counter party to lease for real property located at 4101 NW 25th Street, Miami, FL 33142. The Lease was signed on October 13, 2020, and commenced on November 1, 2020, and runs for a period of 64 months, expiring on March 1, 2026. The landlord, Runway 1, LLC ("Runway") is holding prepetition deposits totaling $65,233.34. Runway has agreed to refund the Debtor the sum of $10,000.00. The remaining $55,233.34 will be retained by Runway to compensate it for all post-petition rent obligations through December 16, 2024.  The Debtors have agreed to vacate the premises by December 16, 2024.[2] Runway will be permitted to file a rejection damage claim, and all parties reserve their rights to review and object if necessary as to the amount of the rejection damage claim. Runway agrees that the Debtors

---

[2] If the Debtors fail to vacate by December 16, 2024, Runway shall have the right to seek additional post-petition rent.

and their affiliates may conduct any and all court approved auctions or sales on or before December 16, 2024, and sell any equipment including any kitchen equipment free and clear of any claims of Runway.[3]

6.      Prepetition the Debtors were a counter party to two contracts for the leasing of photocopiers with Milner Inc., specifically:

a.  Contract  500-50291210,  Account  1549419,  Model  Ricoh/Pro  C5300s Serial   3851C200002. Monthly payment of $548.22

b.  Contract  500-50308654,  Account  1549419,  Model  Ricoh/SP  5300DN Serial   3850CC00166. Monthly payment of 989.12

7.      The Debtors were also a counter party with Wells Fargo Leasing for a Ricoh Production Cut-Sheet, Model C5300s, Serial #3850C400098. The monthly payment is $1,914.02.

8.      The Debtors do not need any of the machines for their ongoing business operations. Additionally, rejecting the lease on the terms above, will be very beneficial to the Debtors' estates in limiting post-petition rent, recovering some of the prepetition advanced rent and security deposit, and allowing the estate to orderly liquidate the assets currently at the location. *See Expedited Application to Employ Moecker Auctions, Inc. as Auctioneer, Motion for Sale of Property (Assets Owned by the Debtors' Wholly Owned Subsidiary) pursuant to 11 USC 363 b* [ECF No. 58].

## **RELIEF REQUESTED**

9.      By this Motion, the Debtors seek the entry of an order under Section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014 authorizing the Debtors to reject the Contracts.

---

[3] Any such sale will be subject of a separate motion.

**BASIS FOR RELIEF**

10.      Section 365 of the Bankruptcy Code provides that a Chapter 11 debtor, subject to bankruptcy court approval, may assume or reject executory contracts and unexpired leases at any time prior to plan confirmation. 11 U.S.C. § 365(a) and (d)(2). The purpose behind Section 365 is to allow a debtor to reject executory contracts and unexpired leases that are burdensome to the estate. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) ("[t]hus, the authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *First Ave. W. Bldg., LLC v. James (In re Onecast Media)*, 439 F.3d 558, 563 (9th Cir. 2006) (rejection "relieves the debtor of burdensome future obligations while he is trying to recover financially. . .") (citations omitted); *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (stating that the purpose behind allowing the rejection of executory contracts "is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property'") (citations omitted).

11.      Bankruptcy courts consider a motion to reject under the business judgment standard. *See, e.g., COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.),* 524 F.3d 373, 383 (2d Cir. 2007) ("that the debtor's interests are paramount in the balance of control is underscored by the business judgment standard employed by courts in determining whether to permit the debtor to assume or reject the contract"); *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) ("a bankruptcy court applies the business judgment rule to evaluate a [debtor-in-possession]"s rejection decision").

Bankruptcy courts grant a debtor considerable deference when acting according to its business judgment. Bankruptcy courts will approve a motion to reject where the debtor has shown that its decision is an exercise of its sound business judgment and that the rejection of the contract or lease will benefit the debtor's estate. *See Pomona Valley*, 476 F.3d at 670; *In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012).

12.     Here, the Debtors' reasonable business judgment supports rejection. The resolution with the Runway allows the Debtors to reduce any additional administrative post—petition rent expense, recover some of the prepetition security deposit, and allow for the sale of assets that are located in the space. The other contracts are for office equipment that is no longer needed to support the Debtors ongoing business operations.

## RESERVATION OF RIGHTS

13.     Nothing contained herein is intended to or should be construed as an admission of the validity of any rejection claim against the Debtors, a waiver of the Debtors' rights to dispute any rejected claim. Nothing contained herein shall constitute an admission that the Contracts constitute executory contracts or unexpired leases under Section 365 of the Bankruptcy Code and have not otherwise expired by their own terms or upon agreement of the parties as of the date hereof.

## PROCEDURE

14.     No previous request for the relief sought herein has been made to this or any other Court.

15.     Debtors have provided notice of this Motion by facsimile and, where practicable, email and/or overnight mail to: Runway 1, LLC, c/o Tamar Levi property Manager (tamar@qrstproperties.com) 3100 N 29th Ct. Suite #200, Hollywood, Fl 33020; Michael Bernstein

(michael@blfmiami.com) counsel to Runway; Milner c/o Keith Landis klandis@milner.com; Wells Fargo c/o Aries Noriega Loan Work Out specialist (Aries.C.Noriega@wellsfargo.com). Due to the nature of the relief requested herein, Debtors respectfully submit that no further notice of this Motion is required.

<b><u>CONCLUSION</u></b>

**WHEREFORE**, the Debtors respectfully requests an entry of an order (i) authorizing the Debtors to reject the Contracts, and (ii) granting such other and further relief as the Court deems appropriate

I HEREBY CERTIFY that a true copy of the foregoing will be furnished to all creditors and interested parties with a copy of the Notice of Hearing hereon.

Dated November 18, 2024

**DGIM Law, PLLC**
*Proposed Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Email:  isaac@dgimlaw.com
Daniel Y. Gielchinsky, Esq.
Florida Bar No. 097646
Email: dan@dgimlaw.com