

**ORDERED in the Southern District of Florida on November 26, 2024.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:                                                                                   Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                                              Case No. 24-21209-LMI

    Debtors.                                                              (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' EXPEDITED APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HILCO IP SERVICES, LLC d/b/a HILCO STREAMBANK AS INTANGIBLE ASSETS DISPOSITION ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE [ECF NO. 45]**

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

**THIS MATTER** having come before the Court for a hearing on November 21, 2024, at 9:30 a.m. in Miami, Florida (the "Hearing") upon the *Debtors' Expedited Application for Entry of an Order Under 11 U.S.C. §§ 327(a) and 328(a) Authorizing the Employment and Retention of HILCO IP Services, LLC d/b/a HILCO Streambank as Broker to The Debtors Effective As of The Petition Date* [ECF No. 45] (the "Application"),[2] seeking the entry of an order authorizing the Debtors' employment of Hilco IP Services, LLC ("Hilco Streambank") as their intangible assets disposition advisor effective as of the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letter and (b) waiving and modifying certain of the time-keeping requirements of Bankruptcy Rule 2016(a), the Trustee Guidelines, and any other guidelines regarding submission and approval of fee applications, all as more fully set forth in the Application. The Court finds that: (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Application and the Hearing were appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; (vii) the Court having found that based on the representations made in the Hilco Declaration that Hilco Streambank does not hold or represent an interest adverse to the Debtors' estates; (viii) the terms and conditions of Hilco Streambank's employment set forth in the Engagement Letter (including the Fee Structure) are reasonable as required by section 328(a) of the Bankruptcy Code; (ix) the Application and the Hilco Streambank Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (x) upon review of the record

before the Court, including the legal and factual bases set forth in the Application, the Hilco Streambank Declaration and the First Day Declaration, and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Application. Accordingly, it is

**ORDERED** that:

1. The Application is **APPROVED** as set forth herein.

2. Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Debtors are hereby authorized and empowered to employ and retain Hilco Streambank their intangible assets disposition advisor in accordance with the terms and conditions set forth in the Engagement Letter.

3. Hilco Streambank is authorized and empowered to represent the Debtors as their exclusive broker, to market and sell the Estate's Intangible Assets and Related Tangible Assets.

4. The CRO is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. To the extent there is an inconsistency among this Order, or the Application, Engagement Letter or the Declaration, the terms of this Order shall govern.

6. The terms and provisions of the Engagement Letter are reasonable and are approved. Hilco Streambank shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter and this Order, and the fees and expenses payable to Hilco Streambank shall be treated as administrative expenses of the Debtors' Estate and shall be paid by the Debtors Estate without the necessity of Hilco Streambank filing any fee application or otherwise complying with the compensation procedures applicable to professionals; provided, however, Hilco Streambank shall file a declaration (the "Fee Declaration") in connection with the sale or other disposition of the Intangible Assets setting forth,

3

among other things, the Commission earned and reimbursable expenses incurred by Hilco Streambank and paid (or to be paid) by the Debtors Estates, which shall be served on the United States Trustee for the Southern District Florida ("UST") and all known creditors, who shall have 10 calendar days to review and object to the Commission and reimbursable expenses set forth in the Fee Declaration. If there are no objections to the Fee Declaration, the Debtors are authorized to promptly submit an order approving the Fee Declaration and authorizing, but not directing the CRO to pay Hilco Streambank its Commission and reimbursable expenses in accordance with the terms of the Engagement Letter. All Commissions and expenses of Hilco Streambank shall be paid free and clear of any liens, claims or encumbrances and shall be paid at the closing of the applicable transaction.

7. The terms of the Engagement Agreement are approved, including but not limited to the indemnification provisions. However, Hilco Streambank shall not be entitled to any indemnification payments unless such payments are expressly approved by the Court.

8. Hilco Streambank shall not be required to maintain records of detailed time entries in connection with professional services rendered under the Engagement Letter.

9. Hilco Streambank shall not be entitled to be reimbursed for expenses incurred for third-party consultants, other than by separate order of the Court.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

12. The Debtors, CRO, and Hilco Streambank are authorized and empowered to

take all reasonable actions, including but not limited to executing and delivering such documents, necessary to effectuate the relief granted in this Order in accordance with the Application.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

**Copies furnished to:**
Isaac Marcushamer, Esq.
DGIM Law, PLLC
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  isaac@dgimlaw.com

[Attorney Marcushamer is hereby directed to serve a copy of this Order on all parties and file a certificate of service within 3 days of entry of order.]