

**ORDERED in the Southern District of Florida on December 4, 2024.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

**SHIFTPIXY, INC.** *et, al.*[1]                     Case No. 24-21209-LMI

    **Debtors.**                 **(Jointly Administered)**

_____/

**ORDER GRANTING EXPEDITED MOTION OF DEBTORS FOR (I) ENTRY OF AN ORDER (A) APPROVING CERTAIN BIDDING PROCEDURES AND THE FORM AND MANNER OF NOTICE THEREOF, (B) SCHEDULING AN AUCTION AND A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS, (C) ESTABLISHING CERTAIN ASSUMPTION AND ASSIGNMENT PROCEDURES AND APPROVING MANNER OF NOTICE THEREOF, AND (D) SCHEDULING A HEARING TO APPROVE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS; (II) ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS' ENTRY INTO AN ASSET PURCHASE AGREEMENT; AND (B) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; (III) ENTRY OF AN ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS; AND (IV) RELATED RELIEF**

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

This matter came before the Court on November 21, 2024 at 9:30 a.m. upon the Motion (the "Motion") [ECF No. 60][2], of the Debtors in the above-captioned chapter 11 cases (the "Cases"), seeking, pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Florida (the "Local Rules"), an order (a) approving certain bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures") for the sale of certain of the Debtors' assets (the "Sale") and form and manner of notice thereof substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice"), (b) scheduling an Auction and a Sale Hearing in connection with the Sale, (c) establishing certain assumption and assignment procedures and approving manner of notice thereof substantially in the form attached hereto as **Exhibit 3** (the "Assumption and Assignment Notice,"), and (d) scheduling a hearing to authorize and approve assumption and assignment of the Assumed Contracts; the Court having reviewed the Motion and conducted a hearing to consider the relief requested therein regarding the Bidding Procedures and related matters (the "Bidding Procedures Hearing"); and the Court having considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby determined that:

A.      The Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion or the Bidding Procedures, as applicable

sought herein are 11 U.S.C. §§ 105, 363, 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9006. Venue of the Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The Debtors have offered good and sufficient reasons for, and the best interest of their estates will be served by, this Court granting the Motion to the extent provided in this Order, including (i) approving the Bidding Procedures, attached hereto as Exhibit 1, and form and manner of notice thereof substantially in the form of the Sale Notice attached hereto as Exhibit 2, (ii) scheduling an Auction and a Sale Hearing in connection with the Sale, (iii) establishing certain assumption and assignment procedures and approving manner of notice thereof substantially in the form of the Assumption and Assignment Notice attached hereto as Exhibit 3, and (iv) scheduling a hearing to authorize and approve assumption and assignment of the Assumed Contracts.

C.      Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required except as set forth herein with respect to the Auction and the Sale Hearing.

D.      In accordance with Local Rule 6004-1, the Debtors have properly filed and noticed the Motion. The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures, is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

E.      The proposed Sale Notice and the Assumption and Assignment Notice, as set forth in the Motion and this Order, are appropriate, sufficient, and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing, the Bidding

Procedures, and the assumption and assignment of the Assumed Contracts, and no other or further notice shall be required for the Sale or the assumption and assignment of the Assumed Contracts.

F.       The Bidding Procedures were proposed in good faith.

G.       The Bidding Procedures are fair, reasonable and appropriate under the circumstances, and are reasonably designed to maximize the value to be achieved for the Assets.

Accordingly, it is hereby,

**ORDERED** that:

1.       The Motion is **GRANTED** to the extent provided herein.

2.       The Bidding Procedures, attached as Exhibit 1 to this Order, are hereby approved in their entirety, incorporated by reference as if fully set forth herein, and shall govern all Bids and Bid Proceedings relating to the Assets. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3.       All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Assets.

4.       The following deadlines are approved:

| **Date** | **Deadline/Event** |
|---|---|
| November 21, 2024 at 9:30 a.m. (ET) | Bidding Procedures Hearing |
| December 3, 2024 at 4:30 p.m (ET) | Deadline for Debtors to file the Assumption and Assignment Notice and Cure Schedule |
| December 6, 2024 at 4:30 p.m (ET) | Deadline to object to the Debtors' proposed assumption and assignment of the Assumed Contracts and related Cure Costs |
| December 6, 2024, at 12:00 p.m. (ET) | Bid Deadline |

| **Date** | **Deadline/Event** |
|---|---|
| December 6, 2024 at 4:00 p.m. (ET) | Deadline to object to the Sale[3] of the Assets |
| <u>December 10, 2024</u> at 12:00 p.m. (ET) | Auction (if necessary) |
| December 11, 2024 at 12:00 p.m. (ET) | Deadline to file and serve Notice of Successful Bidder |
| December 12, 2024 at 4:00 p.m. (ET) | Deadline to object to (i) conduct of the Auction, (ii) the proposed Sale to the Successful Bidder, and (iii) ability of the Successful Bidder to provide adequate assurance of future performance, or the proposed form of adequate assurance of future performance |
| December 16, 2024 at 9:30 a.m. (ET) | Sale Hearing |
| Not later than December 19, 2024 | Closing |
| December 16, 2024 at 9:30 a.m. (ET) | Assumption/Assignment Hearing (if necessary) |

5.     If at least two Qualified Bids are received by the Bid Deadline, the Debtors will conduct the Auction. The Auction will take place virtually, on December 10, 2024, at 12:00 p.m. (ET).

6.     Each Qualified Bidder participating at the Auction will be required to confirm in writing, that (a) it has not engaged in any collusion with respect to the bidding process, and (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

7.     The Auction will be conducted openly and will be transcribed or digitally recorded, at the Debtors' option.

---

[3] This objection deadline applies to all objections to the Motion and the Sale of the Assets to a Successful Bidder, with the exception of objections related solely to conduct of the Auction, identity of the Successful Bidder, and adequate assurance of future performance by the Successful Bidder.

8.      Within twenty-four (24) hours following the conclusion of the Auction, the Debtors will file a notice identifying the Successful Bidder and the Next-Highest Bidder (if one is designated).

9.      The Court shall convene the Sale Hearing on December 16, 2024, at 9:30 a.m. (prevailing Eastern Time) or as soon thereafter as counsel and interested parties may be heard, at which time the Court will consider approval of the Sale to the Successful Bidder(s) and the entry of the Sale Order. The Debtors shall file a form of Sale Order no later than four (4) days before the Sale Hearing. At the Sale Hearing, the Debtors will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s).

10.      Objections to approval of the Sale (with the exception of objections related solely to the conduct of the Auction, identity of the Successful Bidder, and ability of the Successful Bidder to provide adequate assurance of future performance, which must be received by a different deadline), must be in writing, state the basis of such objection with specificity, and be filed with this Court and served on or before 4:00 p.m. (prevailing Eastern Time) on December 6, 2024 (prevailing Eastern Time) (the "Sale Objection Deadline")

11.      Objections related solely to conduct at the Auction, identity of the Successful Bidder, and adequate assurance of future performance by the Successful Bidder must be in writing, state the basis of such objection with specificity, and be filed with this Court and served so as to be received by the Notice Parties on or December 12, 2024, at 4:00 p.m. (ET) (the "Auction Objection Deadline").

12.      Failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, or consummation of the Sale, and shall be deemed to constitute consent to entry of the Sale Order and consummation of the Sale

and all transactions related thereto including, without limitation, for purposes of section 363(f) of the Bankruptcy Code.

13.     By December 3, 2024, the Debtors will file an Assumption and Assignment Notice, substantially in the form attached as Exhibit 3 to this Order, which shall include a schedule of cure obligations (the "Cure Schedule") for the Assumed Contracts, and shall serve such Assumption and Assignment Notice on each of the non-Debtor parties listed therein by first class mail and/or email. The Cure Schedule will include a description of each Assumed Contract potentially to be assumed and assigned by a potential buyer and the amount, if any, the Debtors believe is necessary to cure, or compensate the non-Debtor parties for, any defaults under such agreements pursuant to section 365 of the Bankruptcy Code (the "Cure Costs").

14.     Objections to (a) the Cure Costs set forth in the Cure Schedule or (b) the assumption and assignment of any Assumed Contracts identified in the Cure Schedule must be in writing, state the basis of such objection with specificity, be filed with the Court, no later than 4:00 p.m. (prevailing Eastern Time) on December 6, 2024.

15.     Unless a non-Debtor party to an Assumed Contract has timely and properly filed and served an objection to the assumption and assignment of its Assumed Contract, such non-Debtor counterparty shall (a) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to the Assumed Contract, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the Cure Costs set forth in the Cure Schedule; (b) be deemed to have consented to the assumption and assignment of such Assumed Contract; and (c) be forever barred, estopped and permanently enjoined from asserting or claiming against the Debtors, the Successful Bidder or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed

Contract or that there is any objection or defense to the assumption and assignment of such Assumed Contract. In addition, the Cure Costs set forth in the Cure Schedule shall be binding upon the non- Debtor parties to the Assumed Contracts for all purposes in the Cases and will constitute a final determination of the total Cure Costs required to be paid by the Debtors in connection with the assumption and assignment of the Assumed Contracts.

16.     Where a non-Debtor counterparty to an Assumed Contract timely and properly files an objection asserting a cure amount higher or different than the proposed Cure Amount (the "Disputed Cure Amount"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount, the Cure Amount shall be as agreed between the parties, or (b) to the extent the parties are unable to consensually resolve the dispute, then such objection will be heard at the hearing to authorize and approve assumption and assignment of the Assumed Contracts in connection with the Sale, including payment of cure (if any) to be held at a date and time to be determined (the "Assumption/Assignment Hearing"). Unless otherwise agreed, the Disputed Cure Amount shall be paid to the non-Debtor counterparty on the later of (i) the closing date of the Sale or (ii) within seven (7) days of the resolution of the Disputed Cure Amount.

17.     Unless otherwise provided in the Successful Bidder(s)' asset purchase agreement, at any time, but in no event later than three (3) calendar days prior to the date of closing of the Sale, the Debtors may (a) remove a contract or lease from the schedule of contracts and unexpired leases to be assumed or assigned pursuant to the Sale, or (b) modify the previously-stated Cure Costs associated with any contract or lease; provided, that if the Cure Costs are modified without the consent of the applicable contract counterparty, the Debtors will file an amended Assumption and Assignment Notice disclosing the modified proposed Cure Costs (an "Amended Assumption

and Assignment Notice") and shall serve such Amended Assumption and Assignment Notice on each of the affected non-Debtor parties listed therein by first class mail and/or email.

18.     The form of the Sale Notice and the Assumption and Assignment Notice annexed hereto are hereby approved and appropriate and sufficient for all purposes and no other or further notice shall be required. No finding or ruling is made in this Order as to the merits of any motion for approval of the Sale. As soon as reasonably practicable after entry of this Order, the Debtors shall cause the Sale Notice to be served upon, without limitation, (a) the U.S. Trustee; (b) the United States Securities and Exchange Commission; (c) the United States Department of Justice; (d) all parties who are known by the Debtors to assert liens against the Assets; (e) all non-Debtor parties to the Assumed Contracts; (f) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of the Debtors' assets; and (g) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, "Sale Notice Parties").

19.     All parties (whether or not Qualified Bidders) that participate in the Bidding Process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the Bidding Process, the Auction and/or the Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

20.     The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied, modified, or waived.

21.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7052 or

9014, this Order shall be immediately effective and enforceable upon entry of this Order. All time

periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.

###

**Submitted by:**
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  isaac@dgimlaw.com

*[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]*

<u>**EXHIBIT 1**</u>

**The Bidding Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SHIFTPIXY, INC. *et, al.*[4]** | **Case No. 24-21209-LMI** |
| **Debtors.** | **(Jointly Administered)** |
| _____/ | |

<u>**BIDDING PROCEDURES**</u>

On October 28, 2024, ShiftPixy Inc., and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Set forth below are the bidding procedures (the "<u>Bidding Procedures</u>")[5] to be used with respect to the sale or disposition (the "<u>Sale</u>") of the Assets (as defined below) of the Debtors.

Any party interested in bidding on the Assets should contact Hilco Streambank, Attn: Richelle Kalnit (rkalnit@hilcoglobal.com) and Paul Gleason (pgleason@hilcoglobal.com).

<u>***Summary of Key Sale Process Dates***</u>

---

[4] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Debtors for Entry of (I) an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Remaining Assets, (C) Establishing Certain Assumption and Assignment Procedures and Manner and Notice Thereof, and (D) Scheduling a Hearing to Authorize and Approve Assumption and Assignment of the Assumed Contracts; and (II) an Order Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances; and (III) an Order Authorizing and Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Granting Related Relief* (the "Motion").

| **Date** | **Deadline/Event** |
|---|---|
| November 21, 2024 at 9:30 a.m. (ET) | Bidding Procedures Hearing |
| December 3, 2024 at 4:30 p.m (ET) | Deadline for Debtors to file the Assumption and Assignment Notice and Cure Schedule |
| December 6, 2024 at 4:30 p.m (ET) | Deadline to object to the Debtors' proposed assumption and assignment of the Assumed Contracts and related Cure Costs |
| December 6, 2024, at 12:00 p.m. (ET) | Bid Deadline |
| December 6, 2024 at 4:00 p.m. (ET) | Deadline to object to the Sale[6] of the Assets |
| December 10, 2024 at 12:00 p.m. (ET) | Auction (if necessary) |
| December 11, 2024 at 12:00 p.m. (ET) | Deadline to file and serve Notice of Successful Bidder |
| December 12, 2024 at 4:00 p.m. (ET) | Deadline to object to (i) conduct of the Auction, (ii) the proposed Sale to the Successful Bidder, and (iii) ability of the Successful Bidder to provide adequate assurance of future performance, or the proposed form of adequate assurance of future performance |
| December 16, 2024 at 9:30 a.m. (ET) | Sale Hearing |
| Not later than December 19, 2024 | Closing |
| December 16, 2024 at 9:30 a.m. (ET) | Assumption/Assignment Hearing (if necessary) |

## I.    Description of the Assets to be Sold

The Debtors are seeking to sell all or substantially all of their intangible assets, including but not limited to the Debtors' interests in their brands and trademarks, domain names, customer data, copyrights, patents, proprietary software, license agreements, IP addresses and the like (the "Assets"), in each case free and clear of all liens, claims, and encumbrances thereon, with such liens, claims and encumbrances to attach to the proceeds received by the Debtors from the Sale of the Assets in accordance with the Bankruptcy Code, applicable non-bankruptcy law and any prior orders of the Court.

The Sale of the Assets shall be subject to a competitive bidding process as set forth herein and approval by the United States Bankruptcy Court for the District of Florida (the "Bankruptcy Court") pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy

---

[6]  This objection deadline applies to all objections to the Motion and the Sale of the Assets to a Successful Bidder, with the exception of objections related solely to conduct of the Auction, identity of the Successful Bidder, and adequate assurance of future performance by the Successful Bidder.

Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Florida (the "Local Rules"). The Debtors may consider bids for the Assets (or any portion thereof) in a single bid from a single bidder, or in multiple bids from multiple bidders.

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process (as defined below), each person or entity must enter into (unless previously entered into) with the Debtors, on or before the Bid Deadline (as defined below), an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtors (the "Confidentiality Agreement"). Each person or entity that enters into the Confidentiality Agreement with the Debtors on or before the Bid Deadline is hereinafter referred to as a "Potential Bidder."

After a Potential Bidder enters into a Confidentiality Agreement with the Debtors, the Debtors shall deliver or make available (unless previously delivered or made available) to each Potential Bidder certain designated information (including, if applicable, financial data) with respect to the Assets

## II.   **Determination by the Debtors**

As appropriate throughout the Bidding Process, the Debtors shall (a) coordinate with Potential Bidders regarding the conduct of their respective due diligence, (b) evaluate bids from Potential Bidders on any or all of the Assets, (c) negotiate any bid made to acquire any or all of the Assets, and (d) make such other determinations as are provided in these Bidding Procedures (collectively, the "Bidding Process"). Neither the Debtors nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any party that is not a Potential Bidder.

## III.   **Due Diligence**

The Debtors have established a confidential electronic data room concerning the Assets (the "Data Room") and will grant each Potential Bidder, access to such Data Room. Up to and including the Bid Deadline (as defined below) (such period, the "Diligence Period"), the Debtors shall afford any Potential Bidder such due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment, determine to be reasonable and appropriate under the circumstances. The Debtors may designate a representative or representatives to coordinate all reasonable requests for additional information and due diligence access from such Potential Bidders. In the event that any such due diligence material is in written form and has not previously been provided to any other Potential Bidder, the Debtors will simultaneously provide access to such materials to all Potential Bidders. Each Potential Bidder shall be required to acknowledge that it has had an opportunity to conduct any and all due diligence regarding the Assets in conjunction with submitting its Bid (as defined below).

Neither the Debtors nor any of their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person or entity who is not a Potential Bidder who does not otherwise comply with the participation requirements set forth above.

**IV**.   <u>**Bid Deadline**</u>

A Potential Bidder that desires to make a Bid shall deliver written copies of its Bid in both Portable Document Format (.pdf) and Microsoft Word (.doc/.docx) to Hilco Streambank, Attn: Richelle Kalnit (rkalnit@hilcoglobal.com) and Paul Gleason (pgleason@hilcoglobal.com) by no later than December 6, 2024, at 12:00 p.m. (prevailing Eastern Time) (as may be extended, a "Bid Deadline").

**V.**   <u>**Bid Requirements**</u>.

All bids (each hereinafter, a "Bid") must comply with the following requirements (collectively, the "Bid Requirements"):

(a)    be accompanied by a letter or email:

    (i)    fully disclosing the identity of the Potential Bidder and providing the contact information of the specific person(s) whom the Debtors or its advisors should contact (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale) in the event that the Debtors have any questions or wish to discuss the Bid submitted by the Potential Bidder;

    (ii)    setting forth the purchase price to be paid by such Potential Bidder and forms of consideration the Potential Bidder intends to use to pay such purchase price;

    (iii)    stating with specificity the Assets (including the specific executory contracts and unexpired leases) such Potential Bidder wishes to bid on and the liabilities and obligations (including applicable cure costs) to be assumed by the Potential Bidder in the Sale;

    (iv)    providing that the Bid is not subject to any bidding, break-up fee, termination fee, transaction fee, expense reimbursement or any similar type of reimbursement (the "Bidding Fee")[7], and including an express waiver of any substantial contribution administrative expense claim under Section 503(b) of the Bankruptcy Code related to bidding for the Assets;

    (v)    agreeing that the Potential Bidder's offer is binding, unconditional, and irrevocable until two (2) business days after the closing of the Sale;

    (vi)    containing a commitment to close the contemplated transaction(s) by a Closing Date (as defined above unless otherwise agreed);

---

[7] To the extent the Debtors seek approval of a stalking horse bidder and a related Biding Fee in connection with the Sale, this provision will not apply to such stalking horse bidder.

(vii)    providing that such Bid is not subject to contingencies of any kind, including, without limitation, contingencies related to financing, internal approval, or due diligence;

(viii)    containing an acknowledgment that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the Assets and has relied solely upon its own independent review, investigation and/or inspection of any documents and any other information in making the Bid;

(ix)    providing that the Potential Bidder agrees to serve as a backup bidder (the "Next-Highest Bidder") if the Potential Bidder's Qualified Bid (as defined below) is the next highest or best bid after the Successful Bid (as defined below) (the "Next-Highest Bid") with respect to the relevant Assets through the Closing Date; and

(b)    be accompanied by an executed purchase agreement in form and substance reasonably satisfactory to the Debtors (a "Qualified Bid Purchase Agreement");

(c)    be accompanied by adequate assurance of future performance information (the "Adequate Assurance Information"), which may include (i) information about the Potential Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements, (ii) information demonstrating (in the Debtors' reasonable business judgment) that the Potential Bidder has the financial capacity to consummate the proposed Sale,

(d)    evidence that the Potential Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, and (iv) such additional information regarding the Potential Bidder as the Potential Bidder may elect to include. By submitting a Bid, Potential Bidders agree that the Debtors may disseminate their Adequate Assurance Information to affected counterparties to any contracts or leases potentially being assumed and assigned in connection with the Sale in the event that the Debtors determine such bid to be a Qualified Bid (as defined below); and

(e)    be accompanied by (i) a deposit in the form of a certified check or wire transfer, payable to the order of the Debtors, in the amount of ten percent (10%) of the cash consideration of the Bid, which funds will be deposited into an escrow account to be identified and established by the Debtors (a "Good Faith Deposit"), and (ii) written evidence, documented to the Debtors' satisfaction, that demonstrates the Potential Bidder has available cash, a commitment for financing if selected as the Successful Bidder (as defined below) with respect to the relevant Assets (provided, however, that the closing shall not be contingent in any way on the Successful Bidder's financing), and such other evidence of ability to consummate the transaction(s) as the Debtors may request, including proof that such funding commitments or other financing are not subject to any internal approvals, syndication requirements, diligence or credit committee approvals (provided

further that such commitments may have covenants and conditions acceptable to the Debtors).

The Debtors, will review each Bid received from a Potential Bidder to determine whether it meets the requirements set forth above. A Bid received from a Potential Bidder that meets the above requirements, and is otherwise satisfactory to the Debtors, will be considered a "Qualified Bid" and each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder". The Debtors shall inform Qualified Bidders whether or not their Bids have been designated as Qualified Bids prior to the Auction (defined below) and, in the event the Debtors inform a Potential Bidder that it has not submitted a Qualified Bid, it shall provide information as to what is needed for the Potential Bidder to submit a Qualified Bid, thereby becoming a Qualified Bidder.

A Qualified Bid will be valued by the Debtors based upon any and all factors that the Debtors deem pertinent in their reasonable business judgment, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating the transaction(s) with the Qualified Bidder, (c) any excluded assets or executory contracts and leases, and (d) any other factors that the Debtors, may reasonably deem relevant.

The Debtors, in their business judgment, reserve the right to reject any Bid if such Bid, among other things:

      (a)     requires any indemnification of the Potential Bidder in any Qualified Bid Purchase Agreement submitted as part of the Bid;

      (b)     is not received by the Bid Deadline;

      (c)     does not comport with the Bid Requirements;

      (d)     is subject to any contingencies (including representations, warranties, covenants and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Assets; or

      (e)     does not, in the Debtors' determination, include a fair and adequate price or the acceptance of which would not be in the best interests of the Debtors' estates or the Auction.

Any Bid rejected pursuant to the foregoing shall not be deemed to be a Qualified Bid; provided that the Debtors have the right to work with the parties to any rejected Bid to cure any such defects. In the event that any Bid is so rejected, the Debtors shall cause the Good Faith Deposit of such Potential Bidder to be refunded to it as soon as reasonably practicable, but no later than five (5) business days after the Bid Deadline.

The Debtors may, among other things, (a) extend such Bid Deadline with respect to the subject Assets and postpone the Auction, or (b) cancel the Auction and, with court approval, terminate the proposed Sale for the subject Assets.

## VI.    Auction.

Unless otherwise ordered by the Bankruptcy Court for cause shown, only the Qualified Bidders are eligible to participate at the Auction (as defined below). In addition, any creditor of the Debtors, or party the Debtors deem appropriate, may observe the Auction; provided, however, that any such party must provide notice of its intent to observe to the Debtors at least one (1) day before the Auction by electronic mail to Isaac M. Marcushamer, Esq. at isaac@dgimlaw.com. If the Debtors receive only one Qualified Bid with regard to any particular Assets (or all of the Assets), (a) the Debtors shall not hold an Auction with respect to such Assets; (b) the Qualified Bid, as applicable, will be deemed the Successful Bid with respect to such Assets; and (c) the Qualified Bidder will be named the Successful Bidder with respect to such Assets. At any point, and at their sole discretion, the Debtors shall have the right to remove any Assets from the Auction.

If at least two Qualified Bids are received by the Bid Deadline with regard to any particular Assets, the Debtors will conduct an auction (the "Auction") with respect to such Assets and shall determine, which Qualified Bid is the highest or otherwise best Qualified Bid for purposes of constituting the opening bid at the Auction for the relevant Assets (the "Starting Bid(s)"). The determination of which Qualified Bid constitutes the Starting Bid and which Qualified Bid constitutes the Successful Bid shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the Debtors' estates, including, among other things, the following: (a) the amount and nature of the consideration, including any obligations to be assumed; (b) the executory contracts and unexpired leases of the Debtors, if any, for which assumption and assignment or rejection is required, and the costs and delay associated with any litigation concerning executory contracts and unexpired leases necessitated by such bid; (c) the extent to which such modifications are likely to delay closing of the sale of the Assets and the cost to the Debtors of such modifications or delay; (d) the likelihood of the Qualified Bidder being able to close the proposed transaction (including obtaining any required regulatory approvals) and the timing thereof; (e) the net benefit to the Debtors' estates; and (f) the impact on employees and the proposed treatment of employee obligations. The Starting Bid(s) will be provided to Qualified Bidders prior to the Auction.

The Auction shall be held virtually on December 10, 2024, starting at 12:00 p.m. (prevailing Eastern Time). Professionals and principals for the Debtors, each Qualified Bidder (including, its representative(s), if any), and any creditor of the Debtors that has provided notice in writing of its intent to observe the Auction at least one (1) day prior to the start of the Auction shall be able to attend and observe the Auction, along with any other parties the Debtors deem appropriate, through a Zoom link to be provided to all such parties prior to the commencement of the Auction. Each Qualified Bidder participating in the Auction will be required to confirm, in writing, and on the record at the Auction, that (a) it has not engaged in any collusion with respect to the Bidding Process, and (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

Bidding at the Auction for the Assets (or subset thereof) that are subject to Qualified Bids will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one Subsequent Bid (defined below) is submitted by a Qualified Bidder that (a) improves on such Qualified Bidder's immediately prior Qualified Bid (a "Subsequent Bid")

and (b) the Debtors reasonably determine, that such Subsequent Bid is (i) for the first round, a higher or otherwise better offer than the Starting Bid, and (ii) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (as defined below). After the first round of bidding and between each subsequent round of bidding, the Debtors shall announce the bid that they believe to be the highest or otherwise best offer for the subject Assets (the "Leading Bid"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid, subject to the Debtors' authority to revise the Auction procedures as set forth below.

The Debtors may announce at the Auction additional procedural rules (e.g., the amount of time to make Subsequent Bids, the amount of any required incremental overbids, the requirement that parties submit "best and final" Bids, and conducting an open cry auction, one or more rounds of sealed bidding, or any combination of the foregoing) for conducting the Auction or otherwise modify these Bidding Procedures; provided that such rules (1) are not materially inconsistent with these Bidding Procedures, the Bankruptcy Code, or applicable orders of the Bankruptcy Court, and (2) are disclosed to each Qualified Bidder during the Auction. The bidding at the Auction shall be transcribed or recorded and the Debtors shall maintain a transcript or recording of all Bids made and announced at the Auction.

Immediately prior to the conclusion of the Auction, the Debtors will, for the Assets (or subset thereof) that were subject to the Auction: (a) determine, consistent with the Bidding Procedures, which bid constitutes the highest or otherwise best bid (the "Successful Bid"); and (b) notify all Qualified Bidders at the Auction for the subject Assets, prior to its conclusion, of the name of the maker of the Successful Bid (the "Successful Bidder") with respect to the subject Assets, and the amount and other material terms of the Successful Bid. The Debtors may, designate the Next-Highest Bid (and the corresponding Next-Highest Bidder) to close with respect to the subject Assets in the event that the Successful Bidder does not close the Sale. Unless the Bankruptcy Court orders otherwise upon application by the Debtors, the Debtors shall not consider any Bids or Subsequent Bids submitted after the conclusion of the Auction and any and all such Bids and Subsequent Bids shall be deemed untimely and shall under no circumstances constitute a Qualified Bid.

As soon as practicable following the conclusion of the Auction, the Debtors shall file a notice on the Bankruptcy Court's docket identifying (with specificity) the Successful Bidder(s) for the Assets (or subset thereof) and any applicable Next-Highest Bidders.

All bidders at the Auction will be deemed to have consented to the core jurisdiction and constitutional authority of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale, and all agreements entered into in connection with any proposed sale transaction.

## VII.    No Fees for Potential Bidders or Qualified Bidders.[8]

---

[8] Excluding any stalking horse bidder and related Bidding Fees, to the extent the Debtors seek approval of such.

Potential Bidders or Qualified Bidders shall not be allowed any Bidding Fee as a precondition to, or in consideration of, presenting any bid or participating in the Bidding Process reflected herein.

**VIII**.    **Sale Hearing**.

Each Successful Bid and any Next-Highest Bid (or if no Qualified Bid other than that of one Qualified Bidder is received with respect to the Assets (or subset thereof), then the Qualified Bid of such Qualified Bidder) shall be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid and any Next-Highest Bid (or if no Qualified Bid other than that of one Qualified Bidder is received with respect to the Assets (or subset thereof), then the Qualified Bid of such Qualified Bidder) shall take place on December 16, 2024, at 9:30 a.m. (prevailing Eastern Time) (the "Sale Hearing").

**X**.    **Return of Good Faith Deposit**.

The Good Faith Deposits of all Qualified Bidders shall be held in escrow but shall not become property of the Debtors' estates absent further order of the Bankruptcy Court. The Debtors shall retain any Good Faith Deposit submitted by each Successful Bidder. At the closing of a Sale contemplated by a Successful Bid, the applicable Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit to the extent such a deposit was provided. The Good Faith Deposits of any Next-Highest Bidder shall be retained until three (3) business days after the applicable closing date (the "Closing Date"). The Good Faith Deposits of any other Qualified Bidders will be returned as soon as reasonably practicable, but no later than seven (7) business days following the Auction.

If a Successful Bidder (or, if the Sale is to be closed with a Next-Highest Bidder, then the Next-Highest Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then, subject to the terms of the applicable Qualified Bid Purchase Agreement (as such agreement may be amended or modified at the Auction) or any other form of purchase agreement reasonably satisfactory to the Debtors, the Debtors and their estates shall be entitled to retain the Good Faith Deposit of such Successful Bidder (or, if the Sale is to be closed with the Next-Highest Bidder, then such Next-Highest Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.

**XI**.    **Reservation of Rights and Modifications**.

Notwithstanding any of the foregoing, the Debtors, reserve the right to modify these Bidding Procedures at or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all Potential Bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all potential bidders, adjourn or cancel the Auction at or prior to the Auction, and/or adjourn the Sale Hearing.

**XII**.    **<u>Next-Highest Bidder</u>**.

Notwithstanding any of the foregoing, in the event that a Successful Bidder fails to close a Sale prior to such date as specified in the applicable purchase agreement (or such date as may be extended by the Debtors), the Debtors, upon written notice to the Next-Highest Bidder, may designate the applicable Next-Highest Bid as the Successful Bid for the Assets (or subset thereof), the Next-Highest Bidder will be deemed to be the Successful Bidder for such Assets, and the Debtors will be authorized, but not directed, to close the Sale to the Next-Highest Bidder subject to the terms of the Next-Highest Bid as approved by further order of the Bankruptcy Court.

# EXHIBIT 2
# Sale Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SHIFTPIXY, INC. *et, al.*[9]** | **Case No. 24-21209-LMI** |
| **Debtors.** | **(Jointly Administered)** |
| _____ / | |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 28, 2024, the above-captioned debtors and debtor-in-possession (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On November 18, 2024, the Debtors filed a motion (the "Bidding Procedures and Sale Motion"), pursuant to sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking entry of an order (the "Bidding Procedures Order") (a) scheduling an auction (the "Auction") for the sale of the Debtors' assets (the "Assets") on or about December 10, 2024, and a hearing to approve the sale of the Assets (the "Sale Hearing") on or about December 13, 2024, (b) approving procedures (the "Bidding Procedures") for submitting competing bids for the Assets, (c) approving the form and manner of the notice of the Auction and the Sale Hearing, (d) establishing procedures for the assumption and assignment of the Assumed Contracts (as defined in the Bidding Procedures Order) to any purchaser(s) of the Assets and approving manner of notice thereof (the "Assumption and Assignment Notice"), and (e) scheduling a hearing to approve assumption and assignment of the Assumed Contracts, payment of cure (if any), and/or resolve any objections

---

[9] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

thereto.

3. On [•], 2022, the Bankruptcy Court entered the Bidding Procedures Order. Pursuant to the Bidding Procedures Order, if at least two Qualified Bids with regard to any particular Assets (as defined in the Bidding Procedures Order) are received by the Bid Deadline, the Debtors will conduct the Auction. The Auction shall be held virtually on December 10, 2024, starting at 12:00 p.m. (prevailing Eastern Time) or such other time as the Debtors shall designate and notify to all Qualified Bidders. Professionals and principals for the Debtors, each Qualified Bidder (including, its representative(s), if any), and any creditor of the Debtors that has provided notice in writing of its intent to observe the Auction at least one (1) day prior to the start of the Auction shall be able to attend and observe the Auction, along with any other parties the Debtors deem appropriate, through a Zoom link that the Debtors will distribute to all such parties prior to the commencement of the Auction. Only parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, by no later than **December 6, 2024, at 12:00 p.m.** (prevailing Eastern Time) (the "Bid Deadline") may bid at the Auction. Any party that wishes to take part in this process and submit a Bid (as defined in the Bidding Procedures) for any portion of the Assets must submit their competing Bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4. The Sale Hearing to consider approval of the sale of the Assets to the Successful Bidder(s) at the Auction, free and clear of all liens, claims and encumbrances, will be held before Laurel M. Isicoff, United States Bankruptcy Judge, 301 N. Miami Ave, Miami, Florida, 33128 Courtroom 8, on December 16, 2024, at 9:30 a.m. (prevailing Eastern Time), or at such other time thereafter as counsel may be heard.

5. Objections to approval of the Sale (with the exception of objections related solely to the conduct of the Auction, identity of the Successful Bidder, and ability of the Successful Bidder to provide adequate assurance of future performance, which must be received by a different deadline), must be in writing, state the basis of such objection with specificity, and be filed with the Bankruptcy Court and served before 4:00 p.m. (prevailing Eastern Time) on **December 6, 2024** (the "Sale Objection Deadline").

6. Objections related solely to conduct at the Auction, identity of the Successful Bidder, and adequate assurance of future performance by the Successful Bidder must be in writing, state the basis of such objection with specificity, and be filed with the Bankruptcy Court and served on or before **December 12, 2024, at 4:00 p.m.** (ET) (the "Auction Objection Deadline").

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.**

7. This Sale Notice is subject to the fuller terms and conditions of the Bidding Procedures and Sale Motion and the Bidding Procedures Order, with such Bidding Procedures Order controlling in the event of any conflict. The Debtors encourage all parties-in-interest to

review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Assets and/or copies of any related document, including the Bidding Procedures and Sale Motion or the Bidding Procedures Order, may make a written request to Isaac M. Marcushamer, Esq. (isaac@dgimlaw.com).

###

**EXHIBIT 3**

Assumption and Assignment Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SHIFTPIXY, INC. *et, al.*[10]** | **Case No. 24-21209-LMI** |
| **Debtors.** | **(Jointly Administered)** |
| _____/ | |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

**You are receiving this notice because you may be a counterparty to a contract or lease with ShifPixy Inc. Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On October 28, 2024, the above-captioned debtors and debtor-in-possession (the "Debtors") filed a motion seeking approval of the bidding procedures for the sale of certain of the Debtors' assets (the "Assets") and approval of the sale such Assets (the "Bidding Procedures and Sale Motion") to the highest or best qualified bidder (the "Successful Bidder"). The Debtors have sought the Court's approval at a hearing held on November 21, 2024 of the proposed bidding procedures and the form of this notice. The Debtors have further requested a hearing to approve the sale of the Assets (the "Sale Hearing") for December 13, 2024, at 9:30 a.m. (prevailing Eastern Time) in the United States Bankruptcy Court for the Southern District of Florida in Miami, Florida (the "Bankruptcy Court") and a hearing to authorize and approve assumption and assignment of the Debtors' executory contracts and unexpired leases, including payment of cure (if any) to be held if necessary at a date and time to be determined (the "Assumption/Assignment Hearing").

---

[10] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

2.      Pursuant to the Bidding Procedures and Sale Motion, the Debtors may potentially assume and assign to the Successful Bidder one or more of those executory contracts and unexpired leases listed on Schedule A annexed hereto (collectively, the "Potentially Assigned Agreements" and each, a "Potentially Assigned Agreement"), pursuant to section 365 of the Bankruptcy Code.

3.      The Debtors have indicated on **Schedule A** annexed hereto the cure amounts, if any, that the Debtors believe must be paid to cure any prepetition defaults and pay all amounts accrued under the Potentially Assigned Agreements (in each instance, the "Cure Amount").

4.      Any party seeking to object to the validity of the Cure Amount as determined by the Debtors or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Potentially Assigned Agreements in order for such contract or lease to be assumed and assigned, must file an objection (the "Assumption/Assignment Objection") that (a) is in writing, (b) sets forth the specific monetary amount the objector asserts to be due, and the specific types of the alleged defaults, pecuniary losses, accrued amounts and conditions to assignment and the support therefor, (c) is filed with the Clerk of the Bankruptcy Court by no **later than 4:30 p.m. (prevailing Eastern Time) on December 6, 2024**, (the "Assumption/Assignment Objection Deadline").

5.      The Debtors shall file a notice identifying the Successful Bidder with the Bankruptcy Court and serve such notice upon parties in interest not later than twenty-four (24) hours after the conclusion of the Auction. The deadline for objecting to the assignment of the Potentially Assigned Agreements to such Successful Bidder on the basis of adequate assurance of future performance ("Adequate Assurance Objections") shall be December 12, 2024, at 4:00 p.m. (ET) (the "Adequate Assurance Objection Deadline").]

6.      Unless an Assumption/Assignment Objection is timely and properly filed and served before the Assumption/Assignment Objection Deadline or an Adequate Assurance Objection is timely raised before the Adequate Assurance Objection Deadline, the non-debtor party to a Potentially Assigned Agreement shall (a) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Potentially Assigned Agreement, and the Debtors and the Successful Bidder(s) shall be entitled to rely solely upon the Cure Amount; (b) be deemed to have consented to any assumption and assignment of such Potentially Assigned Agreement; and (c) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder(s) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Potentially Assigned Agreement or that there is any objection or defense to the assumption and assignment of such Potentially Assigned Agreement.

7.      Where a non-debtor counterparty to a Potentially Assigned Agreement timely and properly files an objection asserting a cure amount higher or different than the proposed Cure Amount, (the "Disputed Cure Amount"), then (a) the cure amount shall be as agreed between the parties or (b) to the extent the parties are unable to consensually resolve the dispute, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount will be determined at the Assumption/Assignment Hearing, or at such other date and time as may be fixed by the Bankruptcy Court. All other objections to the proposed assumption and

assignment of a Potentially Assigned Agreement will likewise be heard at the Sale Hearing, unless adjourned by agreement of the parties.

8.    An Assumption/Assignment Objection shall not constitute an objection to the relief generally requested in the Bidding Procedures and Sale Motion. Parties wishing to otherwise object to the relief requested in the Sale Motion must file and serve a separate objection, stating with particularity such party's grounds for objection, no later than December 6, 2024, at 4:00 p.m. (prevailing Eastern Time).

9.    If you agree with the Cure Amount indicated on Schedule A, and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

10.    The Debtors' decision to assume and assign the Potentially Assigned Agreements is subject to Bankruptcy Court approval and consummation of the sale of the Assets. Unless otherwise provided in the Successful Bidder(s)' asset purchase agreement, at any time, but in no event later than three (3) calendar days prior to the date of closing of the Sale, the Debtors may remove a contract or lease from the schedule of contracts and unexpired leases to be assumed or assigned pursuant to the Sale, or (b) modify the previously-stated Cure Costs associated with any contract or lease.

**Inclusion of any document on the list of Potentially Assigned Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder(s) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are being expressly reserved**

## Schedule A

### EXECUTORY CONTRACTS

| Counterparty Name / Address | Description of Contract | Cure Amount |
|---|---|---|