UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACT WITH TAC NEXEO HOLDINGS, LLC, ITS SUBSIDIARIES AND MEMBERS, EFFECTIVE AS OF OCTOBER 29, 2024**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Rejection Order"), authorizing the Debtors to reject a certain executory contract which is further described below (the "APA") effective as of October 29, 2024 (the "Rejection Effective Date"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Southern District of Florida (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105 and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

**BACKGROUND**

4. On October 28, 2024 (the "Petition Date"), the Debtors filed chapter 11 petitions with this Court. The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No committee or trustee has been appointed in these cases.

6. Information regarding the Debtors business and the filing of these cases is set forth in the Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings [ECF no. 16] ("CRO Declaration").

7. As of the Petition Date, Debtor ShiftPixy, Inc. ("ShiftPixy"), was and is a party to an Asset Purchase Agreement dated March 29, 2024 (together with all amendments, including the September 19, 2024 Amendment, the "APA") with TAC Nexeo Holdings, LLC, together with each of its subsidiaries as set forth herein that is a signatory Tower Arch Partners I, LP, Tower Arch Partners I (Q), LP, TCN Holdings, LLC, Spencer Bautista and Shaun White (collectively "Seller"), pursuant to which ShiftPixy agreed to purchase substantially all of Sellers' assets subject to the terms and conditions set forth in the APA.

8. The Debtors are moving towards and in the process of selling their core business. *See Expedited Motion for (I) Entry of an Order (A) Approving Certain Bidding Procedures and Form and Manner of Notice Thereof (B) Scheduling an Auction and a Hearing on the Approval of the Sale of or All or Substantially All of the Debtors' Remaining Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contract (II) Entry of an Order (A) Authorizing the Debtors' Entry Into an Asset Purchase Agreement; and (B) Authorizing the Sale of All of Substantially All of the Debtors' Assets Frees and Clear of All*

*Encumbrances; (C) Entry of an Order Approving the Assumptions and Assignment of the Assumed Contracts and (IV) Related Relief* [ECF No. 60].

**RELIEF REQUESTED**

9. By this Motion, Debtors seek authority, pursuant to section 365(a) of the Bankruptcy Code, to reject the APA. The Debtors have determined in their business judgment that the APA is unnecessary to the administration of these Chapter 11 Cases and is burdensome to the estates because ShiftPixy does not intend to proceed under the APA as a Buyer and wishes to allow the Seller to explore alternative offers. The Debtors do not believe that the APA has any value that can be achieved through assumption and assignment to a third party (which would require cure of pre-petition defaults). Therefore, maintaining the APA would impose unnecessary cost and burdens on the Debtors' estates with no commensurate benefit.

10. The Rejection Effective Date is the date on which Seller received interest from alternative purchasers, the day after the Petition Date. As such, the Trustee submits that rejection retroactive to the Petition Date is appropriate. *See, e.g., In re Manis Lumber Co.,* 430 B.R. 269, 277-78 (Bankr. N.D. Ga. 2009).

11. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease or executory contract. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co*., 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.,* 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title*, 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an executory contract is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.),* 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.,* 325 B.R. 465, 469 (Bankr.

M.D. Fla. 2005); *In re Weaver Oil Co., Inc.,* 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.,* 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit the estate. *See id.*

12. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an executory contract. *See In re Colony Beach & Tennis Club Ass'n, Inc.,* 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting Surfside Resort and Suites, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract. *See, e.g., NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.,* 318 U.S. 523 (1943).

13. As discussed above, the Debtors plan to sell their business and do not intent to proceed as a buyer pursuant to the APA. The Debtors have been in touch with Seller's counsel who has requested that the Debtors seek the relief requested herein to allow them to engage with other interested buyers, especially since Debtors have no ability to cure the pre-petition defaults and no intention of assuming the APA. As such, the Seller has expressly consented and stipulated to the relief sought herein.

14. As such, rejection of the APA effective as of Rejection Effective Date is a decision made in the sound exercise of the Debtors' business judgment, that is, a decision that will benefit the Debtors' estates.

**RESERVATION OF RIGHTS**

15.   Nothing contained herein is intended or should be construed as prejudicing any rights the Debtors may have to dispute or contest (i) whether the Rejected Contracts are actually executory contracts that are subject to assumption or rejection under section 365 of the Bankruptcy Code, or (ii) the amount of, or basis for, any claims asserted against the Debtors arising in connection with the rejection of the Rejected Contracts, or as an admission as to the validity or priority of any claim against the Debtors. Further, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365 other than the Contract that is the subject to this Motion.

**NOTICE**

The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of Florida; (b) the Seller under the APA; and (c) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief to which the Debtors may be justly entitled.

Dated: December13, 2024

        **DGIM Law, PLLC**
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Email: isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0843571
Email: monique@dgimlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Motion was served via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list on this 13th day of December, 2024.

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373

6

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**STIPULATED ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACT WITH TAC NEXEO HOLDINGS, LLC, ITS SUBSIDIARIES AND MEMBERS, EFFECTIVE AS OF OCTOBER 29, 2024**

Upon consideration of the motion (the "Motion")[2] of Debtors for the entry of an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the Trustee to reject

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

the APA, effective as of October 29, 2024 (the "Rejection Effective Date"); and the Court having reviewed the Motion; and the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of the Motion was sufficient under the circumstances, and (v) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that granting the relief requested in the Motion as set forth herein is in the best interests of the Debtors, the Estates and their creditors; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. This Order shall be immediately effective and enforceable upon its entry.

3. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the APA, to the extent not already terminated in accordance with its applicable terms or upon agreement of the parties, is hereby rejected by the Debtors, with such rejection being effective as of the Rejection Effective Date.

4. The Rejection Effective Date is the day after the Petition Date, and in light of the Debtors' decision to sell its business herein, rejection retroactive to this date is appropriate.

5. If the Debtors have deposited monies with a counterparty to the APA as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

6. The Debtors are authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the relief granted by this Order.

7. The Debtors do not waive any claims that they may have against the counterparties to the Rejected Contracts, whether or not such claims are related to the Rejected Contracts.

8. Seller reserves all rights, claims, defenses, and other remedies that may be available to it under applicable law and the APA in connection with the Debtors' rejection and pre-petition breaches thereof.

9. The requirements in Bankruptcy Rule 6006 are satisfied or otherwise waived.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

###

**Submitted by:**
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
Counsel for the Debtors
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  isaac@dgimlaw.com

4873-9379-2756 v.1
4917-4317-0822 v.2

[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]

4873-9379-2756 v.1
4917-4317-0822 v.2