UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**SUPPLEMENT TO FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE LAW FIRM OF DGIM LAW, PLLC AS COUNSEL FOR THE <u>CHAPTER 11 DEBTORS</u>**

1. Name of Applicant: DGIM Law, PLLC

2. Role of Applicant: Counsel for Chapter 11 Debtor

3. Name of Certifying Professional: Isaac M. Marcushamer, Esq.

4. Date Case(s) Filed: October 28, 2024

5. Date of Retention Order: November 27, 2024 [ECF No. 87]

6. Period for this Application: December 12, 2024-December 15, 2024

7. Amount of Compensation Sought: $9,102.00

8. Amount of Expense Reimbursement: $4,102.57

9. Estimated Fees $35,077.50[2]

10. Holdbacks from prior free applications N/A

11. Total Amount of Compensation Sought During Case $170,820.50 (First Application)

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[2] Fees in this matter shall not exceed $215,000.00. The Estimate is for addressing matters between December 16, 2024 through the conversion date, as well as, the transition items to a chapter 7 trustee.

| | | |
|---|---|---|
| 12. | Total Amount of Expense Reimbursement Sought During Case | $11,667.85 (First Application) |
| 13. | Total Amount of Fees Awarded During Case: | N/A |
| 14. | Total Amount of Expenses Awarded During Case: | N/A |
| 15. | Amount of Original Retainer: | $100,000.00[3] |
| 16. | Current Balance of Retainer Remaining: | $0.00 |
| 17. | Last monthly operating report filed: | Debtors will file their report on December 20, 2024 for the period of October 28, 2024- November 30, 2024. |
| 18. | If case is Chapter 11, Current funds in Chapter 11 estate: | The ending balance on December 10, 2024, in the Debtor's DIP account (and other accounts permitted to be used) was $239,661.00[4] |
| 19. | If case is Chapter 7, current funds held by Chapter 7 trustee: | N/A. |

---

[3] The Applicant used $15,373.50 prepetition, as detailed in ECF No. 11 at page 7-8 of 19. Applicant is currently holding $84,626.50 of the retainer.

[4] Cash from the DIP account continues to be used as permitted by the Cash Collateral Order [ECF No. 96].

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[5] | Case No. 24-21209-LMI |
| Debtors. | (Jointly Administered) |
| _____/ | |

**SUPPLEMENT TO FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE LAW FIRM OF DGIM LAW, PLLC AS COUNSEL FOR THE CHAPTER 11 DEBTORS**

**DGIM LAW, PLLC** ("Applicant" or "DGIM"), as counsel for Shiftpixy, Inc., Shiftpixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors") hereby files its supplement to the *First and Final Fee Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Law Firm of DGIM Law, PLLC as Counsel for the Chapter 11 Debtors* [ECF No. 114] (the "Final Application") and seeks approval and allowance of its fees and costs incurred during the period from December 12, 2024 through December 16, 2024 (the "Application Period"). This application is filed pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1 (B)(3) and meets all the requirements set forth In the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases ("Fee Guidelines") incorporated in Local Rule 2016-1(B)(3)(a).

**INTRODUCTION**

---

[5] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

3

This case was filed on October 28, 2024.  On October 30, 2024, DGIM filed the *Application to Employ Isaac M. Marcushamer and the Law Firm of DGIM Law, PLLC, as Counsel Retroactive to October 28, 2024* [ECF No. 11] and on November 27, 2024 the Court entered the *Order Granting Debtor-in-Possession's Application to Employ Isaac M. Marcushamer and the Law Firm of DGIM Lw, PLLC as Counsel Retroactive to October 28, 2024* [ECF No. 87].

The Debtors' core business is a human capital management platform that provides a full suite of personnel staffing services to its clients.   For a more detailed description of the Debtor's business see *Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 16] (the "Declaration").

The reasons for filing for Chapter 11 bankruptcy relief are discussed in the Declaration. However, the Chief Restructuring Officer, intended to sell the ongoing business assets as soon as practicable. Those auctions have occurred and are, as of the time of filing this Application, in the process of being approved or completed. Filing of the bankruptcy also preserved the right of the estate to challenge the security interest of a Balanced Management LLC that was filed during the preference period. Additionally, the Debtors were subject to approximately 30 prepetition lawsuits and could not continue to fund a defense to them. Finally, the Debtors (or their estates) will be able to investigate and prosecute any litigation claims that they may have and the filing of these cases preserved those assets as well.

The exhibits attached to this Application, pursuant to the Guidelines, are:

Exhibits "1" -Fee Application Summary Chart

Exhibit "2-A" and "2-B"- Summary of Professional and Paraprofessional Time.

Exhibit "3"- Summary of Requested Reimbursements of Expenses.

Exhibit "4" - Applicant's complete time records, in chronological order, by activity code category, for the period covered by this Application. The requested fees are itemized to the tenth of an hour.

DGIM submits that the supplemental requested fee in the amount of $9,102.00 for 21.30 hours worked is reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977).

I. **RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD**

By Final Order entered on November 27, 2024 [ECF No. 87], the Court authorized the retention of Applicant as general bankruptcy counsel. Applicant's compensation is conditioned on approval by this Court.

Applicant respectfully submits this Application for a final award of professional fees and expenses incurred during the Application Period. Applicant seeks a final award of $170,820.50 in fees, plus reimbursement of expenses in the amount of $11,667.85, plus supplemental fees in the amount of $9,102.00, expenses in the amount of $4,102.57, and estimated fees through the sale hearing in the amount of $35,077.50 for a total final award of **$237,770.42**

Applicant submits that the requested supplemental fee in the amount of $9,102.00 for 21.30 hours worked is reasonable considering the nature, extent, and the value of such services, taking into account all relevant factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977). *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. *Grant v. George Schuman Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990); 2 *Collier on Bankruptcy* ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991);

5

*See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). First Colonial, 544 F.2d at 1298-99.* The relevant factors enumerated in *Johnson* are as follows:

    A.    **Time and Labor Required:**

Exhibits 2-4 illustrate the time and labor required for this engagement for a total of 21.30 hours. The average hourly rate for the Applicant during the period covered by this Application is approximately $427.32. The time expended by the Applicant for professional services furnished to the Debtors as appears on Exhibit 2-A does not reflect and cannot reflect all the time expended by the Applicant. Many telephone calls, routine correspondence, requests by parties in interest regarding the status of the case and their individual claims cannot be reduced to time recordation and would increase the amount of time expended by the Applicant in this case. The foregoing summary, together with the exhibits, details the time, nature, and extent of the professional services the Applicant rendered for the benefit of the Debtor during the period covered by this Application.

    B.    **Novelty and Difficulty of Questions Presented:**

This case presented novel and difficult issues that require substantive legal knowledge in the fields of corporate law, bankruptcy, and bankruptcy litigation. One of the Debtor's was a publicly traded company. The largest creditors are government agencies, including the Internal Revenue Service. Liquidating the assets on an expedited timeline while maintaining a business has presented difficult questions that the Applicant addressed along with the CRO.

    C.    **Skill Requisite to Perform Services Properly.**

In rendering services to the Debtors, the Applicant demonstrated substantial skills and expertise in corporate and bankruptcy law.

    D.    **Preclusion from Other Employment Due to Acceptance of Case.**

The Applicant is aware of no other specific employment which was precluded because of it accepting these cases; however, a significant part of the Applicant's firm was utilized during the relevant period.

### E. Customary Fee.

Applicant's hourly rates as set forth in the attached exhibits reflect the hourly rates the Applicant bills to its clients in other similar bankruptcy cases. This Court has approved these rates, as have other courts within this district, in other bankruptcy matters in which the Applicant and other counsel of like reputation and experience have been involved.

### F. Whether Fee is Fixed or Contingent.

The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent. The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is based on a fixed hourly rate that is consistent with what the Applicant charges its clients in other non-contingent, bankruptcy and commercial cases. The rates charged by the Applicant as set forth in Exhibit "2-A" are well within the range charged by attorneys in the Southern District of Florida of similar skill and reputation in the areas of bankruptcy and commercial law.

### G. Time Limitations Imposed by Client or Other Circumstances.

The Applicant is not aware of any specific extraordinary time limitations imposed by the Debtor in this case. This case, however, has required the Applicant to spend significant time in representing the Debtor, resolving complex issues and directing a successful sales effort.

### H. Experience, Reputation and Ability of Attorneys.

The lawyers and non-lawyer members of the firm have substantial experience in bankruptcy, commercial law and litigation and are all known in this Court. The co-lead counsels

in this matter, Isaac M. Marcushamer and Monique D. Hayes, both have over fifteen (15) years of experience handling sophisticated bankruptcy matters and have been recognized by their peers for performance and client success. Ms. Hayes has earned an American Board Certification in business bankruptcy.

    **I.**   **The Undesirability of the Case.**

This case was not undesirable. The Applicant is privileged to have the opportunity to represent the Debtor and appear before the Court in this case.

    **J.**   **Awards in Similar Cases.**

The amount requested by the Applicant is reasonable in comparison with awards in cases of similar magnitude and complexity. The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs those services be evaluated considering comparable services performed in non-bankruptcy cases in the community.

**II.**   **DESCRIPTION AND SUMMARY OF SERVICES PERFORMED**

As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines. During the Supplemental Application Period, Applicant performed a multitude of legal services which were necessary to effectively represent the Debtor in this case, and which provided benefit to the estate and confirmation. The specific services rendered by Applicant during the Application Period are detailed in the firm's billing records attached hereto as Exhibit "4" and generally described below.

**III.**   **CASE BACKGROUND**

For a detailed case background please refer to the *First and Final Fee Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Law Firm of DGIM Law, PLLC as Counsel for the Chapter 11 Debtors* [ECF No. 114].

II. **CONCLUSION**

As set forth in the original fee application, in this supplement and in the attached exhibits in detail, the Applicant has provided substantial and valuable services to the Debtor during the Supplemental Application Period. Based on the above and the standards set forth in section 330 of the Bankruptcy Code and *First Colonial*, the Applicant believes that the fees sought herein for such valuable services are reasonable. For this reason and the reasons set forth in this Application, Applicant seeks a supplemental final award of $9,102.00 in fees, expenses in the amount of $4,102.57 plus estimated fees in the amount of $35,077.50 through the sale hearing for services rendered during the Application Period, for a total award of fees in the amount of **$48,282.70.**

**WHEREFORE,** the Applicant, DGIM Law, PLLC, respectfully requests the entry of an Order awarding the Applicant on a final basis an award of $170,820.50 in fees, plus reimbursement of expenses in the amount of $11,667.85, plus supplemental fees in the amount of $9,102.00, expenses in the amount of $4,102.57, and estimated fees through confirmation in the amount of $35,077.50 for a total final award of **$237,770.42,** and such other relief as the Court deems appropriate.

Dated December 15, 2024.

**DGIM Law, PLLC**
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac M. Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

## CERTIFICATION

1. I, Isaac M. Marcushamer, have been designated by DGIM Law, PLLC (the "<u>Applicant</u>") as the professional with responsibility in this case for compliance with the "Guidelines for Fees Applications for Professionals in the Southern District of Florida Bankruptcy Cases (the "<u>Guidelines</u>").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay.

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None

Dated December 15, 2024.

*/s/ Isaac M. Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com

# EXHIBIT 1

## Fee Application Summary Chart

| Date Filed | ECF Nos. | Amount of Fees | Amount of Expenses | Fees Awarded | Expenses Awarded | Holdbacks | Payments Received | Estimated Fees |
|---|---|---|---|---|---|---|---|---|
| 12/12/24 | 114 | $170,820.50 | $11,667.85 | $ | $ | N/A | | |
| 12/15/24 | | $9,102.00 | $4,102.57 | | | | | $35,077.50 |

# EXHIBIT 2-A

## Summary of Professional and Paraprofessional Time
## Total per Individual for this Period Only

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit 1-A showing cumulative time summary from all applications is attached as well]

| Name | Partner Associate or Paraprofessional | Year Licensed | Total Hours | Average Hourly Rate | Fee |
|---|---|---|---|---|---|
| Isaac Marcushamer | Partner | 2008 | 12.30 | $565.00 | $6,949.50 |
| Monique Hayes | Partner | 2004 | 0.50 | $565.00 | $282.50 |
| Colleen Hopkins | Paralegal | N/A | 8.50 | $220.00 | $1,870.00 |
| **TOTAL** | | | **21.30** | | **$9,102.00** |

Blended Average Hourly Rate[6]:        $427.32

Total Fees        $9,102.00

---

[6] As of January 1, 2024, consistent with practice in the district, Applicant raised the hourly rates of professionals.

12

**EXHIBIT 2-1**
**Summary of Professional and Paraprofessional Time By Activity Code Category**

ACTIVITY CODE CATEGORY: Asset Disposition

| NAME | RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Isaac Marcushamer | $565.00 | 11.00 | $6,215.00 |
| Monique Hayes | $565.00 | 0.50 | $282.50 |
| **Total** | | **11.50** | **$6,497.50** |

ACTIVITY CODE CATEGORY: Business Operations

| NAME | RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Isaac Marcushamer | $565.00 | 0.80 | $452.00 |
| **Total** | | **0.80** | **$452.00** |

ACTIVITY CODE CATEGORY: Case Administration

| NAME | RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Colleen Hopkins | $220.00 | 6.00 | $1,320.00 |
| **Total** | | **6.00** | **$1,320.00** |

ACTIVITY CODE CATEGORY: Fee Employment Application

| NAME | RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Colleen Hopkins | $220.00 | 2.50 | $550.00 |
| **Total** | | **2.50** | **$550.00** |
| **Total** | | **4.30** | **$2,429.50** |

ACTIVITY CODE CATEGORY: Plan and Disclosure Statement

| NAME | RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Isaac Marcushamer | $565.00 | 0.50 | $282.50 |
| **Total** | | **0.50** | **$282.50** |

**EXHIBIT 3**
**Summary of Requested Reimbursement of Expenses for this Time Period Only**

[If this is a final application which does not cumulate prior interim applications, a separate summary showing cumulative expenses for all applications is attached as well]

| | | |
|---|---|---|
| 1. | Filing Fee | $0.00 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter Fees and Transcripts | $0.00 |
| 5. | Lien and Title Searches/UCC Search/Corporate | $0.00 |
| 6. | Photocopies | |
| (a) | In-house copies | $0.00 |
| (b) | Outside copies | $4,102.57 |
| 7. | Postage | $0.00 |
| 8. | Overnight Delivery Charges | $0.00 |
| 9. | Outside Courier/Messenger Services | $0.00 |
| 10. | Long Distance Telephone Charges (Court Call) | $0.00 |
| 11. | Long Distance Fax Transmissions (copies at $1/page) | $0.00 |
| 12. | Computerized Research - PACER | $0.00 |
| 13. | Out-of-Southern-District-of-Florida Travel | $0.00 |
| (a) | Transportation | $0.00 |
| (b) | Lodging | $0.00 |
| (c) | Meals | $0.00 |
| 14. | Other Permissible Expenses (must specify and justify) | $0.00 |
| (a) | Parking for Trial | $0.00 |
| (b) | Sharefile Data Room | $0.00 |

**Total Expense Reimbursement Requested** **$4,102.57**

## EXHIBIT 4

### Time Records

The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

TO BE FILED BY SEPARATE NOTICE OF FILING