**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                    Case No. 24-21209-LMI

      Debtors.                                    (Jointly Administered)

_____/

**SUMMARY OF FIRST AND FINAL FEE APPLICATION FOR**
**ALLOWANCE AND PAYMENT OF COMPENSATION FOR JONATHAN**
**FELDMAN IN HIS CAPACITY AS CHIEF RESTRUCTURING**
**OFFICER FOR THE CHAPTER 11 DEBTORS**

1. Name of Applicant:                          Jonathan Feldman

2. Role of Applicant:                           Chief Restructuring Officer

3. Name of Certifying Professional:       Jonathan Feldman

4. Date Case(s) Filed:                          October 28, 2024

5. Date of Retention Order:                   November 27, 2024 [ECF No. 88]

6. Period for this Application:               October 28, 2024-December 15, 2024[2]

7. Amount of Compensation Sought:      $30,000

8. Amount of Expense Reimbursement:   -0-

9. Holdbacks from prior free applications   N/A

10. Total Amount of Compensation Sought
    During Case                               N/A

11. Total Amount of Expense Reimbursement
    Sought During Case                     N/A

---

1 The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

2 The Applicant will file a supplement and estimate in advance of the hearing on this Application.

12. Total Amount of Fees Awarded
    During Case:                           N/A

13. Total Amount of Expenses Awarded
    During Case:                           N/A

14. Amount of Original Retainer:           -0-

15. Current Balance of Retainer Remaining: N/A

16. Last monthly operating report filed:   Debtors will file their report on December 20, 2024 for the period of October 28, 2024-November 30, 2024.

17. If case is Chapter 11, Current funds in
    Chapter 11 estate:                     The ending balance on December 10, 2024, in the Debtor's DIP account (and other accounts permitted to be used) was $239,661.00[3]

18. If case is Chapter 7, current funds held
    by Chapter 7 trustee:                  N/A

---

3 Cash from the DIP account continues to be used as permitted by the Cash Collateral Order [ECF No. 96].

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et. al.*[4] | Case No. 24-21209-LMI |
| Debtors. | (Jointly Administered) |
| _____/ | |

**FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION FOR JONATHAN FELDMAN IN HIS**
**CAPACITY AS CHIEF RESTRUCTURING OFFICER FOR THE**
**CHAPTER 11 DEBTORS**

Jonathan Feldman, Chief Restructuring Officer for Shiftpixy, Inc., Shiftpixy Staffing, Inc., and ReThink Human Capital Management, Inc.  (collectively, the "Debtors") applies for final compensation and seeks approval and allowance of fees incurred during the period from October 28, 2024, through December 12, 2024 (the "Application Period").  This application is filed pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1 (B)(3) and meets all the requirements set forth In the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases ("Fee Guidelines") incorporated in Local Rule 2016-1(B)(3)(a).

## INTRODUCTION

This case was filed on October 28, 2024.  On October 30, 2024, my counsel filed the *Application to Employ Jonahtan Feldman as Chief Restructuring Officer to October 28, 2024* and on November 27, 2024 the Court entered the *Order Granting Debtor-in-Possession's Application*

---

4 The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

*to Employ Isaac M. Marcushamer and the Law Firm of DGIM Lw, PLLC as Counsel Retroactive to October 28, 2024* [ECF No. 88] ("Retention Order").

The Debtors' core business is a human capital management platform that provides a full suite of personnel staffing services to its clients.   For a more detailed description of the Debtor's business see *Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 16] (the "Declaration").

The reasons for filing for Chapter 11 bankruptcy relief are discussed in my Declaration. My core goal was to sell the ongoing business assets of the Debtors as soon as practicable. Those auctions have occurred and are, as of the time of filing this Application, in the process of being approved or completed. Filing of the bankruptcy also preserved the right of the estate to challenge the security interest of a Balanced Management LLC that was filed during the preference period. Additionally, the Debtors were subject to approximately 30 prepetition lawsuits and could not continue to fund a defense to them. Finally, the Debtors (or their estates) will be able to investigate and prosecute any litigation claims that they may have and the filing of these cases preserved those assets as well.

The exhibits attached to this Application, pursuant to the Guidelines, are:

Exhibits 1 -Fee Application Summary Chart

Exhibit 2 – Summary of Professional Time

Exhibit 3 - Applicant's complete time records for the period covered by this Application. The requested fees are itemized to the tenth of an hour.

### I.    RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

Pursuant to the Retention Order, I was retained to act as chief restructuring officer for the Debtors.  The Retention Order provides that my services in this matter will be billed at $500 per hour with a cap on my overall compensation of $15,000 a month.

As set forth in this Application, I am seeking $30,000 in fees.   I will supplement this Application prior to any hearing on this Application to the extent necessary.

The amount of fees I am seeking in this Application is reasonable considering the nature, extent, and the value of the services I provided, taking into account all relevant factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977).  The relevant factors enumerated in *Johnson* are as follows:

### A.    <u>Time and Labor Required:</u>

The attached exhibits illustrate the time and labor required for this engagement for a total of 107.1 hours.   The average hourly rate for the Applicant during the period covered by this Application is approximately $280 per hour. Because my monthly fee is capped at $15,000, I ultimately billed the estate far less than I would in other hourly matters.  Moreover, the time expended by me for professional services furnished to the Debtors does not reflect and cannot reflect all the time expended. Many telephone calls, routine correspondence, requests by parties in interest regarding the status of the case and their individual claims cannot be reduced to time recordation and would increase the amount of time expended by me.  The foregoing summary, together with the exhibits, details the time, nature, and extent of the professional services the Applicant rendered for the benefit of the Debtor during the period covered by this Application.

5

**B.**     <u>**Novelty and Difficulty of Questions Presented**</u>:

This case presented novel and difficult issues that require substantive legal knowledge in the fields of corporate law, bankruptcy, and bankruptcy litigation.    There were significant operational difficulties that arose on a daily, if not sometimes, hourly, basis.  In several instances, we had to give serious consideration to potential conversion to chapter 7 which would have material negative consequences for all creditors.  Operating the business while simultaneously overseeing an auction process was particularly challenging.

**C.**     <u>**Skill Requisite to Perform Services Properly**</u>.

In rendering services to the Debtor, I believe I demonstrated the skills and expertise expected of me by this Court and the various constituents in matters of this type.

**D.**     <u>**Preclusion from Other Employment Due to Acceptance of Case**</u>.

I operate a small law firm in which I am the only practicing attorney.  In taking on this matter, it precluded me from handling other hourly matters in which I could have realized a higher billing rate.

**E.**     <u>**Customary Fee**</u>.

My effective hourly rate is lower that what I bill clients in other bankruptcy cases.  This Court has approved these rates, as have other courts within this district, in other bankruptcy matters in which I, or other counsel of like reputation and experience have been involved.

**F.**     <u>**Whether Fee is Fixed or Contingent**</u>.

My compensation in this matter is subject to approval of the Court and therefore contingent.  The Court should consider this factor, which militates in favor of a fee award in the amount requested.  The amount requested is based on a fixed hourly rate is lower than what I charge other clients in non-contingent, bankruptcy or commercial cases.  The effective rate

charged by me is within the range charged by attorneys and other professional in the Southern District of Florida of similar skill and reputation in the areas of bankruptcy and commercial law.

**G.**     **Time Limitations Imposed by Client or Other Circumstances.**

This case has required me to spend significant time in representing the Debtor, resolving complex issues and directing a successful sales effort.

**H.**     **Experience, Reputation and Ability of Attorneys.**

I have meaningful experience in bankruptcy, commercial law and litigation.

**I.**     **The Undesirability of the Case.**

This case was not undesirable.  It has been a point of personal pride to serve and preserve the value of the Debtors' assets and jobs.

**J.**     **Awards in Similar Cases.**

The amount requested by me is reasonable in comparison with awards in cases of similar magnitude and complexity.  The compensation I seek comports with the mandate of the Bankruptcy Code, which directs those services be evaluated considering comparable services performed in non-bankruptcy cases in the community.

**II.     DESCRIPTION AND SUMMARY OF SERVICES PERFORMED**

The description of my services are set forth in the attached Exhibits.

**III.     CASE BACKGROUND**

1.     On October 28, 2024 (the "Petition Date"), the Debtors commenced these Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

2.     The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7

3.      To date, no request has been made for the appointment of a trustee or examiner, or committee.

4.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Cases, and the facts and circumstances supporting this Application are set forth in greater detail in my Declaration

## RELEVANT BACKGROUND AND PROPOSED SALE PROCESS

5.      The Debtors commenced these Cases to effectuate an orderly sale of the Debtors' operations and to liquidate their assets in a value-maximizing manner for the benefit of their creditors.  The Debtors and their stakeholders hope to swiftly move through these Cases in an effort to minimize administrative expenses and maximize recoveries for stakeholders.

### Filing of the Debtor's Chapter 11 Case

6.      On October 28, 2024, the Debtors filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 cases are pending in the Bankruptcy Court in Southern District of Florida, Miami Division.

### Significant Events During the Bankruptcy Case

The following significant events have occurred during the Bankruptcy Case:

- On October 29, 2024, the Debtors filed the *Exparte Motion to Jointly Administer Cases* [ECF No. 5], approved by the Court on October 30, 2024 [ECF No. 10].

- On October 30, 2024, the Debtors filed the *Application to Employ Isaac Marcushamer, Esq. and DGIM Law, PLLC as Counsel for the Debtors* [ECF No. 11], approved by the Court on November 27, 2024 [ECF No. 87]

- On October 30, 2024 the Debtors filed the *Application to Employ Jonathan Feldman as Chief Restructuring Officer of the Debtors* [ECF No. 12] approved by the Court on November 27, 2024 [ECF No. 88].

- On October 30, 2024 the Debtors filed the *Emergency Application to Use Cash Collateral* [ECF No. 15] approved by the Court for Final Order on December 4, 2024 [ECF No. 96].

8

- On October 30, 2024 the Debtors filed the *Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 16].

- On October 30, 2024, the Debtors filed the *Emergency Motion to Maintain Pre-Petition Bank Accounts* [ECF No. 17] approved by the Court on October 31, 2024 [ECF No. 27], as Amended on November 1, 2024 [ECF No. 34].

- On October 30, 2024, the Debtors filed the *Expedited Motion for the Entry of an Order Authorizing the Payment of Pre-Petition Wages, Salaries and Benefits* [ECF No. 20] approved by the Court on November 5, 2024 [ECF No. 39].

- On October 31, 2024 the Debtors filed the Chapter 11 Case Management Summaries [ECF No. 28, 29 and 30].

- On November 5, 2024 the Debtors filed the Corporate Ownership Statement [ECF No. 42].

- On November 6, 2024, the Debtors filed the *Expedited Application for Entry of an Order Under 11 U.S.C. Sections 327(a) and 328(a) Authorizing the Employment and Retention of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Agent to the Debtors Effective as of the Petition Date* [ECF No. 45] approved by the Court on November 27, 2024 [ECF No. 91]

- On November 7, 2024 the Debtors filed the *Emergency Motion for Agreed Order Regarding Bond No. 9 Relationship* [ECF No. 47] approved by the Court on November 7, 2024 [ECF No. 49]

- On November 8, 2024, the Debtors filed the *Motion to Extend Time to File Schedules and Statement of Financial Affairs* [ECF No. 51] approved by the Court on November 14, 2024 [ECF No. 52]

- On November 14, 2024, Creditors Scott Absher, Mark Absher and Manny Rivera field the *Motion to Determine Stay Does Not Apply or, in the Alternative, for Relief from Stay for the Payment of Defense Costs Under Debtor's Insurance Policy* [ECF No. 54] the hearing has been continued to December 16, 2024 at 9:30 a.m.

- On November 15, 2024, the Debtors filed the *Expedited Motion for the Entry of an Order Nunc Pro Tunc (1) Approving Employment of Moecker Auctions, Inc. as Auctioneer, (2) Approving Competitive Bidding and Sale Procedures for the Sale of Assets Owned by the Debtors' Wholly Owned Subsidiary, (3) Scheduling Dates to Conduct Sale, (4) Approving the Form and Manner of Notices and (5) Granting Related Relief* [ECF No. 58] as Amended on November 20, 2024 [ECF No. 72] approved by the Court on November 27, 2024 [ECF No. 90].

9

- On November 18, 2024 the Debtors filed the *Expedited Motion of Debtors for (I) Entry of an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Remaining Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and the Assignment of the Assumed Contracts; (II) Entry of an Order (A) Authorizing the Debtors' Entry Into an Asset Purchase Agreement; and (B) Authorizing the Sale of All or Substantially all of the Debtors' Assets Free and Clear of All Encumbrances; (III) Entry of an Order Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Related Relief* [ECF No. 60], approved by the Court on December 4, 2024 [ECF No. 97]. The sale hearing is currently scheduled for December 16, 2024 at 9:30 a.m.

- On November 18, 2024, the Debtors filed the *Expedited Omnibus Motion Seeking Entry of an Order (A) Authorizing the Rejection of Certain Unexpired Leases and (B) Abandonment of Certain Personal Property Effective Nunc Pro Tunc to the Surrender Date* [ECF No. 62], approved by the Court on November 27, 2024 [ECF No. 85].

- On November 19, 2024 the Debtors filed the *Updated Budget* [ECF No. 66].

- On November 19, 2024, the Debtors filed the *Second Ex-Parte Motion to Extend Time to File Schedules* [ECF No. 68], approved by the Court on November 20, 2024 [ECF No. 69].

- On November 20, 2024 the Debtors filed the *Motion for Entry of an Order Authorizing the Debtors to File a Form 15 with the Securities Commission to Deregister Securities* [ECF No. 73], approved by the Court on November 27, 2024 [ECF No. 86].

- On November 22, 2024 the Debtors filed the *Equity Security Holders* [ECF Nos. 77-79] and the *Schedules and Statements* [ECF Nos. 80-82].

- On November 25, 2024 the Debtors filed the *Emergency Motion for Entry of an Order Authorizing the Debtors' to Continue Using National Payment Corporation as Its Direct Payment Processor* [ECF No. 83] approved by the Court on November 27, 2024 [ECF No. 87].

- On November 26, 2024, the Debtors filed the *Motion Seeking Entry of an Order (I) Authorizing the Debtors to Prepare and Submit a Supplement to the Creditors Matrix in Different Format and Granting Related Relief* [ECF No. 84] approved by the Court on December 5, 2024 [ECF No. 100].

- On December 3, 2024 the Debtors filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Sure Amounts* [ECF No. 94]

- The 341 Meeting of Creditors was held and concluded on December 3, 2024 [ECF No. 103]

- On December 10, 2024 the Debtors filed the *Notice of Successful Bidder and Back-Up Bidder at Auction and Notice of Sale Hearing* [ECF No. 105 and 106]

- On December 11, 2024 the Debtors filed the *Notice of Preliminary Status from Moecker Auctions* [ECF N. 107]

- On December 11, 2024 the Debtors filed the *Notice of Filing Asset Purchase Agreement* [ECF No. 108]

- On December 11, 2024, the Debtors filed the *Expedited Motion for the Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [ECF No. 109]

- On December 11, 2024 the Debtors filed the *Declaration Of Richelle Kalnit (A) In Support Of Debtors' Expedited Motion Of Debtors For (I) Entry Of An Order (A) Approving Certain Bidding Procedures And The Form And Manner Of Notice Thereof, (B) Scheduling An Auction And A Hearing On The Approval Of The Sale Of All Or Substantially All Of The Debtors' Remaining Assets, (C) Establishing Certain Assumption And Assignment Procedures And Approving Manner Of Notice Thereof, And (D) Scheduling A Hearing To Approve Assumption And Assignment Of The Assumed Contracts; (Ii) Entry Of An Order (A) Authorizing The Debtors' Entry Into An Asset Purchase Agreement; And (B) Authorizing The Sale Of All Or Substantially All Of The Debtors' Assets Free And Clear Of All Encumbrances; (Iii) Entry Of An Order Approving The Assumption And Assignment Of The Assumed Contracts; And (Iv) Related Relief, And (B) In Furtherance Of Order On Debtors' Expedited Application For Entry Of An Order Under 11 U.S.C. §§ 327(A) And 328(A) Authorizing The Employment And Retention Of Hilco IP Services, LLC D/B/A Hilco Streambank As Intangible Assets Disposition Advisor To The Debtors Effective As Of The Petition Date* [ECF No. 110]

- On December 11, 2024 the Debtors filed the *Expedited Motion of the Debtors to Authorize DGIM Law, PLLC and the Chief Restructuring Officer to File First and Final Fee Applications and Shorten the Time for Their Consideration* [ECF No. 111]

## IV.    <u>CONCLUSION</u>

As set forth above and in the attached exhibits in detail, I have provided substantial and valuable services to the Debtors during the Application Period.  Based on the above and the standards set forth in section 330 of the Bankruptcy Code and *First Colonial*, I believe the fees sought herein for such valuable services are reasonable. For this reason and the reasons set forth

in this Application, Applicant seeks (i) a final award of $30,000 in fees for services rendered during the Application Period.  I reserve the right to supplement this Final Application for time from December 12, 2024, though the date of the sale of property and to provide an estimate for transition to a Chapter 7 trustee.

**WHEREFORE,** I request entry of an Order (i) granting the First and Final Fee Application on a final basis, (ii) a final award of its total fees of $15,000 (ii) and granting such other and further relief as the Court deems appropriate.

Dated December 15, 2024.

/s/Jonathan S. Feldman
Jonathan S. Feldman
feldman@katiephang.com

12

### **CERTIFICATION**

1. I, Jonathan Feldman, have been designated with responsibility in this case for compliance with the "Guidelines for Fees Applications for Professionals in the Southern District of Florida Bankruptcy Cases (the "Guidelines").

2. I have read my application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by me and generally accepted by my clients.

4. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None

Dated December 13, 2024.

/s/ Jonathan S. Feldman
Jonathan S. Feldman
feldman@katiephang.com

**EXHIBIT 1**

**<u>Fee Application Summary Chart</u>**

| Date Filed | ECF Nos. | Amount of Fees | Amount of Expenses | Fees Awarded | Expenses Awarded | Holdbacks | Payments Received |
|---|---|---|---|---|---|---|---|
| 12/13/24 | | $30,000 | $0.00 | $ | $ | N/A | |

**EXHIBIT 2**

**Summary of Professional and Paraprofessional Time**
**Total per Individual for this Period Only**

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit 1-A showing cumulative time summary from all applications is attached as well]

| Name | Year Licensed | Total Hours | Average Hourly Rate | Fee |
|---|---|---|---|---|
| Jonathan S. Feldman | 2005 | 107.1 | $280 | $30,000 |
| **TOTAL** | | **107.1** | | **$30,000** |

Blended Average Hourly Rate:          $280

15

**EXHIBIT 3**



# INVOICE

Invoice # 596
Date: 12/15/2024

2 South Biscayne Boulevard
Miami, Florida 33131

Shiftpixy

## Shiftpixy - CRO matter / 00001

## CRO matter

| Date | Attorney | Notes | Quantity | Rate | Total |
|------|----------|-------|----------|------|-------|
| 10/28/2024 | JF | Address various issues associated with bk filing and prepare | 4.80 | $500.00 | $2,400.00 |
| 10/29/2024 | JF | Address various operational issues | 5.60 | $500.00 | $2,800.00 |
| 10/30/2024 | JF | Address various operational issues; declaration | 3.50 | $500.00 | $1,750.00 |
| 10/31/2024 | JF | Address operational issues | 4.20 | $500.00 | $2,100.00 |
| 11/01/2024 | JF | Address various operational issues; attend hearing | 4.00 | $500.00 | $2,000.00 |
| 11/04/2024 | JF | Address various operational issues; attend hearing | 5.00 | $500.00 | $2,500.00 |
| 11/05/2024 | JF | Address various operational issues | 3.00 | $500.00 | $1,500.00 |
| 11/06/2024 | JF | Address various operational issues | 6.00 | $500.00 | $3,000.00 |
| 11/07/2024 | JF | Address various operational issues | 3.80 | $500.00 | $1,900.00 |
| 11/08/2024 | JF | Address various operational issues | 5.80 | $500.00 | $2,900.00 |
| 11/11/2024 | JF | Address various operational issues | 4.50 | $500.00 | $2,250.00 |
| 11/12/2024 | JF | Address various operational issues | 4.00 | $500.00 | $2,000.00 |
| 11/13/2024 | JF | Address various operational issues | 3.80 | $500.00 | $1,900.00 |
| 11/14/2024 | JF | Address various operational issues | 5.60 | $500.00 | $2,800.00 |
| 11/18/2024 | JF | Address various operational issues | 1.70 | $500.00 | $850.00 |
| 11/20/2024 | JF | Address various operational issues | 3.60 | $500.00 | $1,800.00 |
| 11/21/2024 | JF | Address various operational issues; attend hearing | 5.10 | $500.00 | $2,550.00 |
| 11/27/2024 | JF | Address various operational issues | 1.00 | $500.00 | $500.00 |
| 12/01/2024 | JF | Address various operational issues; review status items/emails and issues re: sale; 341 prep | 6.50 | $500.00 | $3,250.00 |

| Date | | Description | Quantity | Rate | Total |
|------|--|-------------|----------|------|-------|
| 12/02/2024 | JF | Review materials for 341; address operational issues | 4.00 | $500.00 | $2,000.00 |
| 12/03/2024 | JF | Prepare for 341 and attend 341 meeting; address various operating items | 5.00 | $500.00 | $2,500.00 |
| 12/06/2024 | JF | Address various operational issues and asset sales | 3.50 | $500.00 | $1,750.00 |
| 12/09/2024 | JF | Address various operational issues and sale of assets | 2.00 | $500.00 | $1,000.00 |
| 12/12/2024 | JF | Address various operational issues and sale of assets | 3.00 | $500.00 | $1,500.00 |
| 12/13/2024 | JF | Address various operational issues and sale of assets | 4.80 | $500.00 | $2,400.00 |
| 12/14/2024 | JF | Consider issues re sale of assets | 1.30 | $500.00 | $650.00 |
| 12/15/2024 | JF | Address sale issues | 2.00 | $500.00 | $1,000.00 |
| | | | **Quantity Subtotal** | | **107.1** |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| Jonathan Feldman | 107.1 | $500.00 | $53,550.00 |
| | **Quantity Total** | | **107.1** |
| | | **Subtotal** | **$53,550.00** |
| | | **Total** | **$53,550.00** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 596 | 12/15/2024 | $53,550.00 | $0.00 | $53,550.00 |
| | | | **Outstanding Balance** | **$53,550.00** |
| | | | **Total Amount Outstanding** | **$53,550.00** |

Please make all amounts payable to: Phang & Feldman, P.A.

Should you wish to pay via credit card, please click on the link below: https://secure.lawpay.com/pages/katiesphangpa/operating

Payment is due upon receipt.