**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                    Case No. 24-21209-LMI

　　　Debtors.                                      (Jointly Administered)
_____/

## <u>NOTICE OF FILING SALE ORDER</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

　　　1.　　　Attached hereto as **Exhibit A** is the draft *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Remaining Assets Free and Clear of All Encumbrances; (II) Approving the Assumption and Assignment of the Assumed Contracts; and (III) Granting Related Relief.*

Dated December 13, 2024.

　　　　　　　　　　　　　　　　**DGIM Law, PLLC**
　　　　　　　　　　　　　　　　*Counsel for the Debtors*
　　　　　　　　　　　　　　　　2875 NE 191st Street, Suite 705
　　　　　　　　　　　　　　　　Aventura, FL 33180
　　　　　　　　　　　　　　　　Phone: (305) 763-8708

　　　　　　　　　　　　　　　　<u>/s/ Isaac Marcushamer</u>
　　　　　　　　　　　　　　　　Isaac Marcushamer, Esq.
　　　　　　　　　　　　　　　　Florida Bar No. 0060373
　　　　　　　　　　　　　　　　Email:  isaac@dgimlaw.com
　　　　　　　　　　　　　　　　Monique D. Hayes, Esq.
　　　　　　　　　　　　　　　　Florida Bar No. 843571
　　　　　　　　　　　　　　　　Email: monique@dgimlaw.com

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

**EXHIBIT**
**3**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Notice was served via CM/ECF Notification

and/or U.S. Mail to all parties on the attached service list on this 13th day of December, 2024.


*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373

2

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                            Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                      Case No. 24-21209-LMI

      Debtors.                            (Jointly Administered)
_____/

**ORDER (I) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE
DEBTORS' REMAINING ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES;
(II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED
CONTRACTS; AND (III) GRANTING RELATED RELIEF**

      THIS MATTER came before the Court upon the *Motion for (I) Entry of an Order (A)*

*Approving Certain Bidding Procedures and Form and Manner of Notice Thereof, (B) Scheduling*

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital
Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

*an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors'*
*Remaining Assets, (C) Establishing Certain Assumption and Assignment Procedures and*
*Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and*
*Assignment of the Assumed Contracts; (II) Entry of an Order (A) Authorizing the Debtors' Entry*
*Into an Asset Purchase Agreement, and (B) Authorizing the Sale of All or Substantially All of the*
*Debtors' Assets Free and Clear of All Encumbrances; (III) Entry of an Order Approving the*
*Assumption and Assignment of the Assumed Contracts and (IV) Related Relief* [ECF No. 60] (the
"Motion") and the *Order Granting Expedited Motion for (I) Entry of an Order (A) Approving*
*Certain Bidding Procedures and Form and Manner of Notice Thereof, (B) Scheduling an Auction*
*and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Remaining*
*Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner*
*of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the*
*Assumed Contracts; (II) Entry of an Order (A) Authorizing the Debtors' Entry Into an Asset*
*Purchase Agreement, and (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets*
*Free and Clear of All Encumbrances; (III) Entry of an Order Approving the Assumption and*
*Assignment of the Assumed Contracts and (IV) Related Relief* [ECF No. 97] (the "Bidding
Procedures Order"). The Debtors in the above-captioned chapter 11 cases (the "Chapter 11
Cases"), (each a "Debtor," and collectively the "Debtors"), pursuant to Bankruptcy Code sections
105, 363 and  365 of title 11 of the United States Code §§ 101–1532 (the "Bankruptcy Code") and
Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") seeking entry of, among other things, an order (i) approving the Sale (the "Sale" or "Sale
Transaction") and other transactions contemplated by the Purchase Agreement [ECF No. 108] (the
"APA" or "Purchase Agreement") free and clear of all Claims (as defined below), Interests (as

2

defined below) and Encumbrances (as defined below) in accordance with the terms of the Purchase Agreement, (ii) approving the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting certain related relief.

The Court entered the Bidding Procedures Order [ECF No. 97]; and the Auction having been held on December 10, 2024 starting at 12:00 p.m. (ET) in accordance with the Bidding Procedures; and the Debtors having selected Buyer as the Successful Bidder; and the Sale Hearing having been held on December 16, 2024 (the "Sale Hearing"); and the Court having reviewed and considered the relief sought in the Motion, the Purchase Agreement, all objections to the Motion, and the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and all parties in interest having been heard or having had the opportunity to be heard regarding the Sale Transaction and the relief requested in this Order; and due and sufficient notice of the Sale Hearing and the relief sought therein having been given under the particular circumstances of the Chapter 11 Cases and in accordance with the Bidding Procedures Order; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon, it is,

**ORDERED** and **DETERMINED**:[2]

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Jurisdiction and Venue**

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and proceedings is proper in this District and this Court under 28 U.S.C. §§ 1408 and 1409.

**Statutory Predicates**

B.      The statutory predicates for the relief requested in the Motion are sections 105, 363 and 365 of the Bankruptcy Code. Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006, and 9006.

**Final Order**

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

**Notice of the Purchase Agreement, Assumption and Assignment of Assumed Contracts, Sale Transaction, Sale Hearing and Bidding Procedures Order**

D.      On October 28, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E.      Prior to the Petition Date, Jonathan Feldman was appointed the Chief Restructuring Officer of the Debtors ("CRO"). The Court has approved his retention post-petition on a final basis [ECF No. 88].

F.      The Debtors gave due and proper notice of the proposed Sales, Auction, and Sale Hearing (the "Sale Notice"), together with the Motion. The Sale Notice constituted good, sufficient, and appropriate notice of the Sales under the particular circumstances of these Chapter

4

11 Cases and no further notice need be given with respect to the proposed Sales. As provided by the Sale Notice, a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities. Other parties interested in bidding on the Assets were provided, pursuant to the Bidding Procedures Order, sufficient information to make an informed judgment on whether to bid.

G.      The Debtors also gave due and proper notice of the proposed assumption of each executory contract or unexpired lease available to be assumed by the Debtors and assigned to Buyer to each non-debtor party under each such executory contract or unexpired lease as reflected on the notices of assumption, sale and assignment of the Assumed Contracts. Such notice was good, sufficient, and appropriate under the particular circumstances, and the counterparties to the Assumed Contracts are hereby deemed to consent to the relief granted herein unless otherwise provided in this Order.

H.      As evidenced by the certificate of service [Docket No. 98] previously filed with this Court, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Purchase Agreement, this Order and the Sales has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 9006, 9007, and 9014, and Local Rules 2002-1 and 6004-1. The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Purchase Agreement, this Order and the Sales as required by the Bidding Procedures Order. The aforementioned notices are good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures Order, the

Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Purchase Agreement, this Order or the Sales is or shall be required.

I.       A reasonable opportunity to object or be heard regarding the relief requested in the Motion and provided in this Order was afforded to all parties in interest.

### Compliance with the Bidding Procedures Order

J.       As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel at the Sale Hearing, the Debtors have complied in all material respects with the Bidding Procedures Order. The Debtors and their professionals have adequately and appropriately marketed the Assets in compliance with the Bidding Procedures and the Bidding Procedures Order, and in accordance with the Debtors' fiduciary duties. Based upon the record of these proceedings, creditors, other parties in interest and prospective purchasers were afforded a reasonable and fair opportunity to bid for the Assets.

K.       The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair, and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Assets. The Debtors conducted the sale process without collusion and in accordance with the Bidding Procedures.

L.       The Bidding Procedures Order is incorporated herein by reference.

M.       Buyer is the Successful Bidder, and the Purchase Agreement is the Successful Bid, for the respective Assets identified in the Purchase Agreement in accordance with the Bidding Procedures Order. Buyer has complied in all material respects with the Bidding Procedures Order and all other applicable orders of this Court in negotiating and entering into the Purchase Agreement, and the Sales and the Purchase Agreement likewise comply with the Bidding Procedures Order and all other applicable orders of this Court.

6

**Business Judgment**

N.      The Purchase Agreement, including the form and total consideration to be realized by the Debtors under it, (a) constitutes the highest and otherwise best offer received by the Debtors for the Assets identified in the Purchase Agreement; (b) is fair and reasonable; and (c) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

O.      The Debtors' determination that the consideration provided by the Buyer under the Purchase Agreement constitutes the highest and otherwise best offer for the Assets identified in such Purchase Agreement is a valid and sound exercise of the Debtors' business judgment.

P.      Consistent with their fiduciary duties, the Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sales and the performance of their obligations under the Purchase Agreement, including, but not limited to, the fact that (a) the consideration provided by Buyer under the Purchase Agreement will provide greater recoveries for the Debtors' estates than would be provided by any other available alternative, including rejection or abandonment of the Assets; and (b) unless the Sale is concluded expeditiously as provided for in the Motion and pursuant to the Purchase Agreement, recoveries of creditors will be diminished.

**Corporate Authority**

Q.      Subject to entry of this Order, the CRO on behalf of Debtors (a) has full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, (b) have all of the necessary corporate power and authority to consummate the transactions contemplated by the Purchase Agreement, (c) have taken all corporate action necessary to authorize and approve the Purchase Agreement and the consummation by the Debtors of the transactions contemplated thereby, and (d) subject to entry of this Order, needs no consents

or approvals, including any consents or approvals from any non-Debtor entities, to consummate the transactions contemplated thereby.

### **Good Faith**

R.     The sales process engaged in by the Debtors and Buyer, and the negotiation of the Purchase Agreement, was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties in interest. None of the Debtors or Buyer has engaged in any conduct that would cause or permit the Purchase Agreement or the Sale Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

S.     The Debtors and Buyer have complied, in good faith, in all material respects with the Bidding Procedures Order and the Bidding Procedures. The Debtors, and the CRO, employees, agents, and representatives, and Buyer and its employees, agents, advisors and representatives, actively participated in the bidding process, and acted in good faith and without collusion or fraud of any kind. Buyer subjected its bids to competitive bidding in accordance with the Bidding Procedures and were designated the Successful Bidders for the Assets in accordance with the Bidding Procedures and the Bidding Procedures Order.

T.     Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision in respect of the Sale Transaction, each term of the Purchase Agreement (and any ancillary documents executed in connection therewith) and each term of this Order, and otherwise has proceeded in good faith in all respects in connection with this proceeding. None of the Debtors or Buyer have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Debtors were free to deal with any other party interested in buying or selling the Assets on behalf of the Debtors' estates. The protections afforded by section 363(m) of the Bankruptcy Code are integral

to the Sale Transaction and Buyer would not consummate the Sale Transactions without such protections.

U.      The form and total consideration to be realized by the Debtors under the Purchase Agreement, constitutes fair value, fair, full and adequate consideration, reasonably equivalent value, and reasonable market value for the Assets identified in such Purchase Agreement.

### Free and Clear

V.      The transfers of the Assets to Buyer will be legal, valid, and effective transfers of the Assets, and will vest Buyer with all right, title, and interest of the Debtors to the applicable Assets free and clear of all claims, liens (including, without limitation, any statutory lien on real and personal property and any and all "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof), liabilities, interests, rights and Encumbrances, including without limitation, the following: all mortgages, restrictions (including, without limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of income or other exercise of any attributes of ownership), hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, sublicenses, options, deeds of trust, security interests, equity interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, offsets, contract rights, rights of setoff, recoupment rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, product liability claims, alter-ego claims, environmental rights and claims (including, without limitation, toxic tort claims), labor rights and claims, employment rights and claims, pension rights and claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, obligation claims, demands,

guaranties, option rights or claims, rights, contractual or other commitment rights and claims, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor or transferee liability or related theories ( all of the foregoing, including, without limitation, liens and liabilities, but excluding any liabilities that are being expressly assumed by Buyer under the Purchase Agreement (the "Assumed Liabilities"), collectively being referred to in this Order as "Claims" and, as used in this Order, the term "Claims" includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof). The term "Encumbrances" shall mean any mortgage, lien, pledge, security interest, charge, easement, covenant, right of way, title defect, other survey defect, or dispute as to the ownership of the Assets.

W.      The Debtors, to the extent permitted by applicable law, may transfer the Assets free and clear of all Claims, other interests of any kind or nature whatsoever ("Interests"), and Encumbrances, including, without limitation, rights or claims based on any successor or transferee liability, because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

X.      The Debtors have, to the extent necessary, satisfied the requirements of section 363(b)(1) of the Bankruptcy Code.

Y.     Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts (if any), (a) if the transfer of the applicable Assets were not free and clear of all Claims, Interests, and Encumbrances, or (b) if such Buyer would, or in the future could, be liable for or subject to any such Claims, Interests, or Encumbrances. Buyer will not consummate the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts, unless this Court expressly orders that none of Buyer, its respective affiliates, its respective present or contemplated members or shareholders, or the applicable Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any Claims, Interests, or Encumbrances.

Z.     Not transferring the Assets free and clear of all Claims, Interests, and Encumbrances would adversely impact the Debtors' efforts to maximize the value of their estates, and the transfer of the Assets other than pursuant to a transfer that is free and clear of all Claims, Interests, and Encumbrances would be of substantially less benefit to the Debtors' estates.

AA.    Neither Buyer nor any of their affiliates are a mere continuation of the Debtors or their estates, there is no continuity or common identity between Buyer, any of the Debtors, or any of their respective affiliates, and there is no continuity of enterprise between Buyer, any of the Debtors, or any of their respective affiliates. Neither Buyer nor any of their affiliates are holding themselves out to the public as a continuation of any of the Debtors. Neither Buyer nor any of their affiliates are a successor to any of the Debtors or their estates and none of the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and

the assumption and assignment of the Assumed Contracts amounts to a consolidation, merger, or de facto merger of Buyer or any of their affiliates with or into any of the Debtors.

**Validity of Transfers**

BB.   The consummation of the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transactions contemplated under the Purchase Agreement.

CC.   The Assets constitute property of the Debtors' estates and good title to the Assets is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code. The Debtors are the sole and lawful owners of the Assets, and no other person has any ownership right, title, or interest therein.

DD.   The Purchase Agreement, the Sale Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed in these Chapter 11 Cases and shall not be subject to rejection or avoidance by the foregoing parties or any other person.

**Assumed Contracts**

EE.   The assumption and assignment of the Assumed Contracts pursuant to the Assumption and Assignment Notice, the terms of this Order, and the Purchase Agreement is integral to the transactions contemplated by the Purchase Agreement and is in the best interests of the Debtors, their estates and creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound and prudent business judgment.

FF.     Pursuant to the terms of the Purchase Agreement and this Order, on or before the Closing Date, as applicable pursuant to the terms of this Order, the Buyer, shall have, except as otherwise provided in the Purchase Agreement or this Order, or as otherwise expressly agreed to between the Debtors or such Buyer, as applicable, and such counterparty: (a) cured, or provided adequate assurance of cure of, any monetary default existing as of and including the Closing Date under any of the applicable Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (b) provided compensation, or adequate assurance of compensation, to any party to an applicable Assumed Contract for actual pecuniary loss resulting from a monetary default existing as of and including the Closing Date under the applicable Assumed Contract within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (c) provided adequate assurance of future performance under the applicable Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code. For the avoidance of doubt, (a) the Cure Costs, if any, shall be the responsibility of the relevant Buyer and paid on or prior to the Closing Date, and (b) the Debtors shall, on or prior to the Closing Date, pay any amounts that become due between the Sale Hearing and the Closing Date with respect to the Assumed Contracts to the extent such amounts are not an Assumed Liability.

GG.     Provided however, the Debtors shall serve a copy of this Order, along with the Cure Notice [ECF No. 94] and the APA [ECF No. 108] to all assumed contract counterparties listed in the APA (individually a "Contract Counter Party" and collectively, the "Contract Counter Parties"), if any Contract Counter Party objects to the cure amount within 7 days of the date of this Order, such objection shall be filed with the Court. To the extent that any objection to the cure amount filed by any Contract Counter Party, after notice and a hearing, is awarded by the Court in an amount that exceeds the cure amount for such Contract Counter Party, any amount in excess of

the original Cure Notice [ECF No. 94] for any such Contract Counter Party shall be paid from the proceeds of the Sale.

**Compelling Circumstances for Immediate Sales**

HH.    To maximize the value of the Assets, it is essential that the transaction contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts, occur within the time constraints set forth in Bidding Order. Time is of the essence in consummating the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

II.    The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts prior to, and outside of, a chapter 11 plan because, among other things, the Debtors' estates will suffer irreparable harm if the relief requested in the Motion is not granted on an expedited basis. The transactions contemplated by the Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts, neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictate the terms of a chapter 11 plan for the Debtors, and therefore, do not constitute a sub rosa plan.

JJ.    The legal and factual bases set forth in the Motion and presented at the Sale Hearing establish just cause for the relief granted herein.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.     The Motion is **GRANTED** as provided herein, and entry into and performance under, and in respect of, the Purchase Agreement, in substantially final forms and the consummation of the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts, are authorized and approved. The Buyer is authorized to assign the right to close and have the Assets be transferred into a newly formed entity, provided however that Buyer shall not be relieved of payment of the Purchase Price under the Purchase Agreement.

2.     Any objections and responses to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved, and all reservation of rights included in such objections and responses, are overruled on the merits and denied with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief granted herein, including for purposes of sections 363(f)(2), 365(c)(1), and 365(e)(2) of the Bankruptcy Code.

3.     The Debtor shall serve a copy of this Order, along with the Cure Notice [ECF No. 94] and the APA [ECF No. 108] to all assumed contract counterparties listed in the APA (the "Contract Counter Parties"), if any Contract Counter Party objects to the cure amount within 7 days of the date of this Order, such objection shall be filed with the Court. To the extent that the Court awards any amount in excess of the original Cure Notice [ECF No. 94] or to which the Debtors do not dispute shall be paid from the proceeds of the Sale.

4.     The Purchase Agreement, all ancillary documents, the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts (if any), and all the terms and conditions thereof, are approved.

15

The failure specifically to include any particular provision of any of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, and the Court finds that the Debtors are hereby authorized and approved to enter into the Purchase Agreement in its entirety.

5.      The Debtors and their respective officers, employees and agents are authorized and directed to take any and all actions necessary, appropriate or reasonably requested by the Buyer to perform, consummate, implement and close the Sale Transaction, including, without limitation, (a) the sale to Buyer of the applicable Assets, in accordance with the terms and conditions set forth in the Purchase Agreement and this Order; and (b) execution, acknowledgment and delivery of such deeds, assignments, conveyances and other assurance, documents and instruments of transfer and any action for purposes of assigning, transferring, granting, conveying and confirming to the Buyer, or reducing to possession, the applicable Assets, all without further order of this Court. The Debtors are further authorized to pay, without further order of this Court, whether before, at or after the Closing Date, any expenses or costs that are required to be paid by the Debtors under Purchase Agreement, this Order or the Bidding Procedures Order, in order to consummate the Sale Transaction or perform their obligations under the Purchase Agreement.

6.      The sale of the applicable Assets to the Buyer under the Purchase Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, without limitation, the laws of the jurisdiction in which such Assets are located, and the sales of such Assets to the Buyer may not be avoided under any statutory or common law fraudulent conveyance and fraudulent transfer theories whether under the Bankruptcy Code or under the laws of the United States, any state,

territory, possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

## Transfer of the Assets Free and Clear

7.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be sold free and clear of all Claims, Interests, and Encumbrances, with all such Claims to attach to the proceeds of the Sale Transaction to be received by the Debtors with the same validity, force, priority and effect which they now have as against the respective Assets, subject to any claims and defenses the Debtors or their estates may possess with respect thereto.

8.      At Closing, all of the Debtors' right, title and interest in and to, and possession of, the Assets shall be immediately vested in the Buyer pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code free and clear of any and all Claims, Interests, and Encumbrances. Such transfer shall constitute a legal, valid, binding and effective transfer of, and shall vest Buyer with good and marketable title to, the applicable Assets.

9.      This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale Transaction contemplated by the Purchase Agreement.

10.     Except as otherwise expressly provided in the Purchase Agreement or this Order, all persons and entities, including, without limitation, the Debtors, the Debtors' estates, all debt security holders, equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trustees, trade creditors, and any other creditors (or agent of any of the foregoing) who may or do hold Claims (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) against the Debtors or the applicable Assets, arising under or out of, in connection with, or in any way relating to, the Debtors, the applicable Assets, the operation or ownership of the applicable Assets by the Debtors prior to the Closing Date, or the Sale Transaction, are hereby prohibited, forever barred, estopped, and permanently enjoined from asserting or pursuing such Claims against the applicable Buyer, its affiliates, successors, assigns, their property or the applicable Assets, including, without limitation, taking any of the following actions with respect to any Claims: (a) commencing or continuing in any manner any action, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against the applicable Buyer, its affiliates, successors, assigns, assets (including the applicable Assets), and/or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the applicable Buyer, its affiliates, successors, assigns, assets (including the applicable Assets), and/or properties; (c) creating, perfecting, or enforcing any Claim against the applicable Buyer, its affiliates, any of its respective successors, assigns, assets (including the applicable Assets), and/or properties; (d) asserting a Claim as a setoff, right of subrogation, or recoupment of any kind against any obligation due against the applicable Buyer, its affiliates or any of its respective successors or assigns; or (e) commencing or continuing any action against the applicable Buyer, its affiliates, any of its respective successors, assigns, assets

18

(including the applicable Assets), and/or properties in any manner or place that does not comply, or is inconsistent, with the provisions of this Order, the Purchase Agreement, or the agreements or actions contemplated or taken in respect thereof, including the Debtors' ability to transfer the applicable Assets to the Buyer in accordance with the terms of this Order and the Purchase Agreement. Following the Closing, no holder of any such Claim or Encumbrance shall assert or pursue against Buyer or their affiliates, successors or assigns any such Claim, or interfere with the applicable Buyer's title to or use and enjoyment of the applicable Assets based on or related to any such Claim or Encumbrance, or based on any action or omission of the Debtors, including any action or omission the Debtors may take in the Chapter 11 Cases.

11.    The Debtors are authorized and directed to execute such documents as may be necessary to release any Claims, Interests, or Encumbrances of any kind against the Assets as such Claims, Interests, or Encumbrances may have been recorded or may otherwise exist. If any person or entity that has filed financing statements, *lies pendens* or other documents or agreements evidencing Claims, Interests, or Encumbrances against or in the applicable Assets shall not have delivered to the Debtors prior to the Closing of the Sale Transaction, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Claims, Interests, or Encumbrances that the person or entity has with respect to the applicable Assets, (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the applicable Assets; (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such Claims, Interests, or Encumbrances against such Buyer and the applicable Assets; (c) the Debtors' creditors and the holders of any Claims, Interests, or Encumbrances are

authorized and directed to execute such documents and take all other actions as may be necessary to terminate, discharge or release their Claims, Interests, or Encumbrances in the applicable Assets; and (d) Buyer may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction and releases of all such Claims, Interests, or Encumbrances with respect to the applicable Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office, and such agencies, departments and offices are authorized to accept this Order for filing or recording. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the applicable Assets free and clear of Claims, Interests, and Encumbrances shall be self- executing, and none of the Debtors or any Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order.

### No Successor or Transferee Liability

12.     Upon the Closing Date, except as provided in the Purchase Agreement, the entry of this Order and entry into the Purchase Agreement shall mean that the Buyer (and any of its affiliates, successors, or assigns), as a result of any action taken in connection with the Purchase Agreement, the consummation of the transactions contemplated by such Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the applicable Assumed Contracts (if any), or the transfer or operation of the Assets, shall not be deemed to: (a) be a legal successor to the Debtors; (b) have, de facto, or otherwise, merged or consolidated with or into the Debtors; or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors.  The foregoing shall not relieve the Buyer from any obligation imposed on Buyer by the Purchase Agreement or this Order.

20

## **Good Faith; Arm's Length**

13.     Purchase Agreement has been negotiated and executed, and the transactions contemplated thereby, including, without limitation, the Sale Transaction the assumption and assignment of the applicable Assumed Contracts (if any), are and have been undertaken, by the Debtors, the Buyer, and their respective representatives at arm's length, without collusion and in "good faith," as that term is defined in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction or any term of the Purchase Agreement and shall not permit the unwinding of the Sale Transaction. Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

14.     None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the Purchase Agreement or the transactions contemplated thereby, and the assumption and assignment of the applicable Assumed Contracts (if any), to be avoided, or for costs, or damages or costs, to be imposed, under section 363(n) of the Bankruptcy Code. The consideration provided by the Buyer for the applicable Assets under the Purchase Agreement, is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

## **Assumption and Assignment of the Assumed Contracts**

15.     Except as otherwise expressly provided in the Purchase Agreement or this Order, upon the Closing Date, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Debtors are authorized to (a) assume each of the applicable Assumed Contracts (if any) and assign them to the applicable Buyer free and clear of all Claims, Interests, and Encumbrances and (b) execute and deliver to such Buyer such documents or other instruments as may be reasonably

requested by the applicable Buyer to assign and transfer the applicable Assumed Contracts to such Buyer.

16.     Unless otherwise ordered by the Court, the Cure Costs listed on the Cure Notice [ECF No. 94] are the sole amounts necessary to be paid upon assumption of the Assumed Contracts under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code. Upon the payment of the applicable Cure Costs, if any, by the Buyer, the Assumed Contracts shall remain in full force and effect, and no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default. Except as provided herein, the Cure Costs shall not be subject to further dispute or audit, including, without limitation, any based-on performance prior to the Closing Date, irrespective of whether such Assumed Contract contains an audit clause. For the avoidance of doubt, the applicable Cure Costs in ECF No. 94 shall be the responsibility of the Buyer and paid on or prior to the applicable Closing Date.

17.     The Debtors shall serve a copy of this Order, along with the Cure Notice [ECF No. 94] and the APA [ECF No. 108] to all assumed contract counterparties listed in the APA (the "Contract Counter Parties"), if any Contract Counter Party objects to the cure amount within 7 days of the date of this Order, such objection shall be filed with the Court, if after a hearing the Court determines that the cure amount is higher than the amount in ECF No. 94, then any amount in excess of the original Cure Notice [ECF No. 94] shall be paid from the proceeds of the Sale.

18.     To the extent any non-Debtor counterparty to an Assumed Contract has failed to timely object to a proposed Cure Cost, such Cure Cost has been and shall be deemed to be finally determined as the Cure Cost listed on the Assumption and Assignment Notice and any such non-Debtor counterparty shall be prohibited from challenging, objecting to, or denying the validity and

finality of the Cure Cost at any time. The non-Debtor counterparty to an Assumed Contract is forever bound by the applicable Cure Cost and, upon payment of the Cure Costs as provided herein and in the Purchase Agreement, is hereby enjoined from taking any action against the applicable Buyer with respect to any claim for cure under the Assumed Contract.

19.     Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect, solely with respect to the Sale.

20.     Any party that may have had the right to consent to the assignment of an Assumed Contract is deemed to have consented to such assignment, including for purposes of sections 365(c)(1)(B) and 365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise, if such party failed to object to the assumption and assignment of such Assumed Contract.

21.     Each Assumed Contract constitutes an executory contract or unexpired lease under the Bankruptcy Code and all requirements and conditions under section 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the applicable Buyer of the Assumed Contracts have been satisfied. Upon closing of the Sale and subject only to paragraph 17, Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, upon payment of Cure Costs, from any further liability under the applicable Assumed Contracts, except as otherwise provided in this Order.

22.     Buyer has demonstrated adequate assurance of future performance under the applicable Assumed Contracts (if any) within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

23.     All counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the applicable Buyer, and shall not charge the Debtors or the applicable Buyer for any instruments, applications, consents or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale of the applicable Assets.

### **Related Relief**

24.     This Order and the Purchase Agreement shall be binding in all respects upon all pre-petition and post-petition creditors of the Debtors, all interest holders of the Debtors all non-Debtor parties to the applicable Assumed Contracts, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in these Chapter 11 Cases or upon a conversion of the Debtors' cases to those under chapter 7 of the Bankruptcy Code, including a chapter 7 trustee, and the Purchase Agreement and Sale Transaction shall not be subject to rejection or avoidance under any circumstances by any party. If any order under Bankruptcy Code section 1112 is entered, such order shall be subject to this Order and the rights granted to the Buyer hereunder shall remain effective and, notwithstanding such dismissal, shall remain binding on parties in interest. For the avoidance of doubt, the Debtors' inability to satisfy in full all administrative expense claims of the Debtors' estates shall not be a basis for termination, rejection or avoidance (as applicable) of the Purchase Agreement or the Sale Transaction.

25.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement.

26.     Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the

24

terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

27. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

28. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly: (a) the terms of this Order shall be immediately effective and enforceable upon its entry and the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply; (b) the Debtors are not subject to any stay of this Order or in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors and the Buyer may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

###

Submitted by:
Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
Counsel for the Debtors
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  isaac@dgimlaw.com


[Isaac M. Marcushamer, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]