

**ORDERED in the Southern District of Florida on December 17, 2024.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.*[1] | Case No. 24-21209-LMI |
| Debtors._____/ | (Jointly Administered) |

**ORDER APPROVING FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION FOR JONATHAN FELDMAN IN HIS
CAPACITY AS CHIEF RESTRUCTURING OFFICER FOR THE
CHAPTER 11 DEBTORS [ECF NO. 134]**

THIS MATTER came before the Court on December 16, 2024 at 10:00 a.m. (the "Hearing") on the *First and Final Fee Application for Allowance and Payment of Compensation*

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

*for Jonathan Feldman in His Capacity as Chief Restructuring Officer for the Chapter 11 Debtors* [ECF No. 134] (the "Final Fee Application") filed by Jonathan Feldman ("Feldman") as the Chief Restructuring Officer for the Chapter 11 Debtors, Shiftpixy, Inc., Shiftpixy Staffing, Inc. and ReThink Human Capital Management, Inc. (collectively, the "Debtors").

In the Final Fee Application, Feldman seeks award of fees and reimbursement of expenses incurred from October 28, 2024, through December 15, 2024, in the amount of $30,000 for fees incurred.

The Court, having reviewed the Final Fee Application, heard argument from counsel, taking into consideration 11 U.S.C. § 330 and each of the factors that govern the reasonableness of fees as set forth in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and based on the record, it is,

**ORDERED** as follows:

1. The Final Fee Application is **APPROVED,** on a final basis.

2. Feldman is awarded on a final basis 100% of fees sought in the Final Fee Application in the amount of $30,000 for a total award of **$30,000** (the "Final Fee Award"). The Court also approves the estimate of an additional $15,000.00 (the "Estimate"), plus any expenses. Feldman shall file a supplement to the Fee Application with the required support to justify the estimate and if no party has objected to the estimate within 7 days, the Debtor or the Chapter 7 trustee as the case may be is authorized to pay the estimate up to $15,000 plus expenses as detailed in any supplement. Pending the filing of the supplement and the objection period the additional $15,000.00 shall be held in the Phang and Feldman Trust account.

3. The Debtor is authorized to pay the amounts allowed herein.

4. In making the foregoing award, the Court has evaluated the factors set forth in *In*

re: First Colonial Corp., 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by Feldman.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

####

Submitted by:

Isaac M. Marcushamer, Esq.
DGIM Law, PLLC
*Counsel for he Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
P (305) 763-8708
F (321) 655-7374
isaac@dgimlaw.com

[Attorney Marcushamer is hereby directed to serve a copy of this Order on all parties and file a certificate of service with the Court within 3 days of entry of this Order.]