## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:                                              Chapter 11

SHIFTPIXY, INC. *et, al.*[1]                        Case No. 24-21209-LMI

      Debtors.                               (Jointly Administered)

_____/

**SECOND SUPPLEMENT TO FIRST AND FINAL FEE APPLICATION FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE LAW FIRM OF DGIM LAW, PLLC AS COUNSEL FOR THE
CHAPTER 11 DEBTORS**

1. Name of Applicant:                    DGIM Law, PLLC

2. Role of Applicant:                    Counsel for Chapter 11 Debtor

3. Name of Certifying Professional:      Isaac M. Marcushamer, Esq.

4. Date Case(s) Filed:                   October 28, 2024

5. Date of Retention Order:              November 27, 2024 [ECF No. 87]

6. Period for this Application:          December 16, 2024-December 23, 2024

7. Amount of Compensation Sought:        $28,413.50[2]

8. Amount of Expense Reimbursement:      $3,421.78

9. Holdbacks from prior free applications  N/A

10. Total Amount of Compensation Sought
   During Case                          $170,820.50 (First Application)
                                        $9,102.00 (Supplement)

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[2] Fees in this matter shall not exceed $215,000.00..

11. Total Amount of Expense Reimbursement
    Sought During Case                          $11,667.85 (First Application)
                                                $4,102.57 (Supplement)

12. Total Amount of Fees Awarded
    During Case:                                N/A

13. Total Amount of Expenses Awarded
    During Case:                                N/A

14. Amount of Original Retainer:                $100,000.00[3]

15. Current Balance of Retainer Remaining:      $0.00

16. Last monthly operating report filed:        Debtors will file their report on December
                                                30, 2024 for the period of October 28, 2024-
                                                November 30, 2024.

17. If case is Chapter 11, Current funds in
    Chapter 11 estate:                          The ending balance on December 10, 2024,
                                                in the Debtor's DIP account (and other
                                                accounts permitted to be used) was
                                                $239,661.00[4]

18. If case is Chapter 7, current funds held    N/A.
    by Chapter 7 trustee:

---

3 The Applicant used $15,373.50 prepetition, as detailed in ECF No. 11 at page 7-8 of 19. Applicant is currently
holding $84,626.50 of the retainer.
4 Cash from the DIP account continues to be used as permitted by the Cash Collateral Order [ECF No. 96].

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                          Chapter 11

SHIFTPIXY, INC. *et, al.*[5]                          Case No. 24-21209-LMI

            Debtors.                                      (Jointly Administered)

_____/

**SECOND SUPPLEMENT TO FIRST AND FINAL FEE APPLICATION FOR**
**ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR THE LAW FIRM OF DGIM LAW, PLLC AS COUNSEL FOR THE**
**CHAPTER 11 DEBTORS**

**DGIM LAW, PLLC** ("Applicant" or "DGIM"), as counsel for Shiftpixy, Inc., Shiftpixy

Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors") hereby

files its second supplement to the *First and Final Fee Application for Allowance and Payment of*

*Compensation and Reimbursement of Expenses for the Law Firm of DGIM Law, PLLC as Counsel*

*for the Chapter 11 Debtors* [ECF No. 114] (the "Final Application") and seeks approval and

allowance of its fees and costs incurred during the period from December 16, 2024 through

December 23, 2024 (the "Application Period"). This application is filed pursuant to this Court's

Order Granting Application For Compensation [ECF No. 143], 11 U.S.C. §§ 330 and 331,

Bankruptcy Rule 2016, and Local Rule 2016-1 (B)(3) and meets all the requirements set forth In

the Guidelines for Fee Applications for Professionals in the Southern District of Florida in

Bankruptcy Cases ("Fee Guidelines") incorporated in Local Rule 2016-1(B)(3)(a).

**INTRODUCTION**

---

5 The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

This case was filed on October 28, 2024.  On October 30, 2024, DGIM filed the *Application to Employ Isaac M. Marcushamer and the Law Firm of DGIM Law, PLLC, as Counsel Retroactive to October 28, 2024* [ECF No. 11] and on November 27, 2024 the Court entered the *Order Granting Debtor-in-Possession's Application to Employ Isaac M. Marcushamer and the Law Firm of DGIM Lw, PLLC as Counsel Retroactive to October 28, 2024* [ECF No. 87].

The Debtors' core business is a human capital management platform that provides a full suite of personnel staffing services to its clients.   For a more detailed description of the Debtor's business see *Declaration of Jonathan Feldman in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 16] (the "Declaration").

The reasons for filing for Chapter 11 bankruptcy relief are discussed in the Declaration. However, the Chief Restructuring Officer, intended to sell the ongoing business assets as soon as practicable. Those auctions have occurred and are, as of the time of filing this Application, in the process of being approved or completed. Filing of the bankruptcy also preserved the right of the estate to challenge the security interest of a Balanced Management LLC that was filed during the preference period. Additionally, the Debtors were subject to approximately 30 prepetition lawsuits and could not continue to fund a defense to them. Finally, the Debtors (or their estates) will be able to investigate and prosecute any litigation claims that they may have and the filing of these cases preserved those assets as well.

The exhibits attached to this Application, pursuant to the Guidelines, are:

Exhibits "1" -Fee Application Summary Chart

Exhibit "2-A" and "2-B"- Summary of Professional and Paraprofessional Time.

Exhibit "3"- Summary of Requested Reimbursements of Expenses.

Exhibit "4" - Applicant's complete time records, in chronological order, by activity code category, for the period covered by this Application. The requested fees are itemized to the tenth of an hour.

DGIM submits that the supplemental requested fee in the amount of $9,102.00 for 21.30 hours worked is reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977).

## I.    RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

By Final Order entered on November 27, 2024 [ECF No. 87], the Court authorized the retention of Applicant as general bankruptcy counsel.  Applicant's compensation is conditioned on approval by this Court.

Applicant respectfully submits this Application for a second supplemental award of professional fees and expenses incurred during the Application Period.  Applicant seeks a second supplemental award of $28,413.50 in fees, plus reimbursement of expenses in the amount of $3,421.78.

Applicant submits that the requested supplemental fee in the amount of $28,413.50 for 57.80 hours worked is reasonable considering the nature, extent, and the value of such services, taking into account all relevant factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by  *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977).  *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code.  *Grant v. George Schuman Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990); 2 *Collier on Bankruptcy* ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991);

*See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). First Colonial, 544 F.2d at 1298-99.* The relevant factors enumerated in *Johnson* are as follows:

### A.   Time and Labor Required:

Exhibits 2-4 illustrate the time and labor required for this engagement for a total of 57.80 hours.   The average hourly rate for the Applicant during the period covered by this Application is approximately $491.58. The time expended by the Applicant for professional services furnished to the Debtors as appears on Exhibit 2-A does not reflect and cannot reflect all the time expended by the Applicant. Many telephone calls, routine correspondence, requests by parties in interest regarding the status of the case and their individual claims cannot be reduced to time recordation and would increase the amount of time expended by the Applicant in this case.   The foregoing summary, together with the exhibits, details the time, nature, and extent of the professional services the Applicant rendered for the benefit of the Debtor during the period covered by this Application.

### B.   Novelty and Difficulty of Questions Presented:

This case presented novel and difficult issues that require substantive legal knowledge in the fields of corporate law, bankruptcy, and bankruptcy litigation.   One of the Debtor's was a publicly traded company. The largest creditors are government agencies, including the Internal Revenue Service. Liquidating the assets on an expedited timeline while maintaining a business has presented difficult questions that the Applicant addressed along with the CRO.

### C.   Skill Requisite to Perform Services Properly.

In rendering services to the Debtors, the Applicant demonstrated substantial skills and expertise in corporate and bankruptcy law.

### D.   Preclusion from Other Employment Due to Acceptance of Case.

The Applicant is aware of no other specific employment which was precluded because of it accepting these cases; however, a significant part of the Applicant's firm was utilized during the relevant period.

**E.      Customary Fee.**

Applicant's hourly rates as set forth in the attached exhibits reflect the hourly rates the Applicant bills to its clients in other similar bankruptcy cases.  This Court has approved these rates, as have other courts within this district, in other bankruptcy matters in which the Applicant and other counsel of like reputation and experience have been involved.

**F.      Whether Fee is Fixed or Contingent.**

The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent.  The Court should consider this factor, which militates in favor of a fee award in the amount requested.  The amount requested is based on a fixed hourly rate that is consistent with what the Applicant charges its clients in other non-contingent, bankruptcy and commercial cases.  The rates charged by the Applicant as set forth in Exhibit "2-A" are well within the range charged by attorneys in the Southern District of Florida of similar skill and reputation in the areas of bankruptcy and commercial law.

**G.      Time Limitations Imposed by Client or Other Circumstances.**

The Applicant is not aware of any specific extraordinary time limitations imposed by the Debtor in this case.  This case, however, has required the Applicant to spend significant time in representing the Debtor, resolving complex issues and directing a successful sales effort.

**H.      Experience, Reputation and Ability of Attorneys.**

The lawyers and non-lawyer members of the firm have substantial experience in bankruptcy, commercial law and litigation and are all known in this Court. The co-lead counsels

in this matter, Isaac M. Marcushamer and Monique D. Hayes, both have over fifteen (15) years of experience handling sophisticated bankruptcy matters and have been recognized by their peers for performance and client success. Ms. Hayes has earned an American Board Certification in business bankruptcy.

      **I.**    **The Undesirability of the Case.**

This case was not undesirable.  The Applicant is privileged to have the opportunity to represent the Debtor and appear before the Court in this case.

      **J.**    **Awards in Similar Cases.**

The amount requested by the Applicant is reasonable in comparison with awards in cases of similar magnitude and complexity.  The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs those services be evaluated considering comparable services performed in non-bankruptcy cases in the community.

**II.**      **DESCRIPTION AND SUMMARY OF SERVICES PERFORMED**

As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.  During the Supplemental Application Period, Applicant performed a multitude of legal services which were necessary to effectively represent the Debtor in this case, and which provided benefit to the estate and confirmation.  The specific services rendered by Applicant during the Application Period are detailed in the firm's billing records attached hereto as Exhibit "4" and generally described below.

**III.**      **CASE BACKGROUND**

For a detailed case background please refer to the *First and Final Fee Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Law Firm of DGIM Law, PLLC as Counsel for the Chapter 11 Debtors* [ECF No. 114].

II.    <u>**CONCLUSION**</u>

As set forth in the original fee application, in this supplement and in the attached exhibits in detail, the Applicant has provided substantial and valuable services to the Debtor during the Supplemental Application Period.  Based on the above and the standards set forth in section 330 of the Bankruptcy Code and *First Colonial*, the Applicant believes that the fees sought herein for such valuable services are reasonable. For this reason and the reasons set forth in this Application, Applicant seeks a second supplemental final award of $<u>28,413.50</u> in fees, expenses in the amount of <u>$3,421.78.</u>

**WHEREFORE,** the Applicant, DGIM Law, PLLC, respectfully requests the entry of an Order awarding the Applicant on a final basis [ECF No. 143] plus second supplemental fees in the amount of $28,413.50, expenses in the amount of $3,421.78 for a total final award of **$31,835.28,** and such other relief as the Court deems appropriate.

Dated December 26, 2024.

**DGIM Law, PLLC**
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac M. Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

## CERTIFICATION

1.      I, Isaac M. Marcushamer, have been designated by DGIM Law, PLLC (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fees Applications for Professionals in the Southern District of Florida Bankruptcy Cases (the "Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay.

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None

Dated December 26, 2024.

*/s/ Isaac M. Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com

**EXHIBIT 1**

**Fee Application Summary Chart**

| Date Filed | ECF Nos. | Amount of Fees | Amount of Expenses | Fees Awarded | Expenses Awarded | Holdbacks | Payments Received | Estimated Fees |
|---|---|---|---|---|---|---|---|---|
| 12/12/24 | 114 | $170,820.50 | $11,667.85 | $170,820.50 | $11,667.50 | N/A | | |
| 12/15/24 | 133 | $9,102.00 | $4,102.57 | $9,102.00 | $4,102.57 | N/A | | $35,077.50 |
| 12/23/24 | | $28,413.50 | $3,421.78 | | | N/A | | |

**EXHIBIT 2-A**

**Summary of Professional and Paraprofessional Time**
**Total per Individual for this Period Only**

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit 1-A showing cumulative time summary from all applications is attached as well]

| Name | Partner Associate or Paraprofessional | Year Licensed | Total Hours | Average Hourly Rate | Fee |
|------|----------------------------------------|---------------|-------------|---------------------|-----|
| Isaac Marcushamer | Partner | 2008 | 31.00 | $565.00 | $17,515.00 |
| Monique Hayes | Partner | 2004 | 14.50 | $565.00 | $8,192.50 |
| Colleen Hopkins | Paralegal | N/A | 12.30 | $220.00 | $2,706.00 |
| **TOTAL** | | | **56.50** | | **$28,413.50** |

Blended Average Hourly Rate[6]:          $491.58

                    Total Fees          $28,413.50

---

[6] As of January 1, 2024, consistent with practice in the district, Applicant raised the hourly rates of professionals.

**EXHIBIT 2-1**
**Summary of Professional and Paraprofessional Time By Activity Code Category**

ACTIVITY CODE CATEGORY: Asset Disposition

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|------------|
| Isaac Marcushamer | $565.00 | 17.20 | $9,718.00 |
| Monique Hayes | $565.00 | 2.60 | $1,469.00 |
| **Total** | | **19.80** | **$11,187.00** |

ACTIVITY CODE CATEGORY: Business Operations

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|------------|
| Isaac Marcushamer | $565.00 | 5.50 | $3,107.50 |
| **Total** | | **5.50** | **$3,107.50** |

ACTIVITY CODE CATEGORY: Case Administration

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|------------|
| Colleen Hopkins | $220.00 | 10.30 | $2,266.00 |
| Monique Hayes | $565.00 | 5.60 | $3,164.00 |
| Isaac Marcushamer | $565.00 | 6.50 | 3,672.50 |
| **Total** | | **22.40** | **$9,102.50** |

ACTIVITY CODE CATEGORY: Claims Administration and Objections

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|------------|
| Monique Hayes | $565.00 | 6.30 | $3,559.50 |
| **Total** | | **6.30** | **$3,559.50** |

ACTIVITY CODE CATEGORY: Fee Employment Application

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|-----------|
| Colleen Hopkins | $220.00 | 2.00 | $440.00 |
| **Total** | | **2.00** | **$440.00** |

ACTIVITY CODE CATEGORY: Litigation

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|-----------|
| Isaac Marcushamer | $565.00 | 1.80 | $1,017.00 |
| **Total** | | **1.80** | **$1,017.00** |

**EXHIBIT 3**
**Summary of Requested Reimbursement of Expenses for this Time Period Only**

[If this is a final application which does not cumulate prior interim applications, a separate summary showing cumulative expenses for all applications is attached as well]

| | | |
|---|---|---|
| 1. | Filing Fee | $0.00 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter Fees and Transcripts | $0.00 |
| 5. | Lien and Title Searches/UCC Search/Corporate | $0.00 |
| 6. | Photocopies | |
| (a) | In-house copies | $0.00 |
| (b) | Outside copies | $3,421.78 |
| 7. | Postage | $0.00 |
| 8. | Overnight Delivery Charges | $0.00 |
| 9. | Outside Courier/Messenger Services | $0.00 |
| 10. | Long Distance Telephone Charges (Court Call) | $0.00 |
| 11. | Long Distance Fax Transmissions (copies at $1/page) | $0.00 |
| 12. | Computerized Research - PACER | $0.00 |
| 13. | Out-of-Southern-District-of-Florida Travel | $0.00 |
| (a) | Transportation | $0.00 |
| (b) | Lodging | $0.00 |
| (c) | Meals | $0.00 |
| 14. | Other Permissible Expenses (must specify and justify) | $0.00 |
| (a) | Parking for Trial | $0.00 |
| (b) | Sharefile Data Room | $0.00 |

**Total Expense Reimbursement Requested**          **$3,421.78**

**EXHIBIT 4**

**<u>Time Records</u>**

The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.



Turnberry Plaza<br>
2875 N.E. 191 Street, Suite 705<br>
Aventura, Florida 33180<br>
P (305) 763-8708

Shiftpixy, Inc.                                                December 23, 2024<br>
c/o of Jonathan Feldman, CRO:                                           379-1<br>
Jonathan S. Feldman, Esq.<br>
One Biscayne Tower, Suite 1600<br>
2 South Biscayne Boulevard<br>
Miami, Florida 33131

Matter No. 379-1<br>
Chapter 11 Filing<br>
Bill No. 8173

**Fees:**

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 12/16/24 | CH | Receipt and review of final fee application for CRO; receipt and review of notices of hearing; attention to service of pleadings; filing of certificate of service. | 1.00 | 220.00 |
| 12/16/24 | CH | Attention to completion of sale hearing and preparation of order on motion to amend, order granting fee application and supplement to DGIM; order on CRO fee application, exhibit register of hearings; notice of filing updated APA and sale order (2.0); preparation of order to convert cases (.8); final preparation and filing updated APA (.3). | 3.10 | 682.00 |
| 12/16/24 | MH | Confer with client reps and review related documents regarding proposed motion to correct W-2 filings; e-mail and phone correspondence with creditor counsel | 2.60 | 1,469.00 |
| 12/16/24 | MH | Prepare for and attend sale and conversion hearing | 2.60 | 1,469.00 |
| 12/16/24 | IM | Prepare for (0.8) and attendance at sale hearing | 7.60 | 4,294.00 |

Matter No. 379-1                                    December 23, 2024
Chapter 11 Filing                                              Page 2

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | and related matters (2.7); post hearing review of orders (1.2); attention to sale transition items (2.9) |  |  |
| 12/16/24 | MH | Review proposed tax adjustments; e-mail regarding same | 0.80 | 452.00 |
| 12/17/24 | CH | Final preparation and filing exhibit register (.4); final preparation and upload fee orders for CRO and DGIM (.4); final preparation and upload order on sale motion (.3); finalization of draft order on motion to reject contract with Tac Nexeo; upload proposed order (.4); meeting with I. Marcushamer regarding mailouts (.1); attention to manager's certificate; send to client for signature (.2). | 1.80 | 396.00 |
| 12/17/24 | IM | Call regarding Taco creditor W-2 issues | 1.00 | 565.00 |
| 12/17/24 | IM | Adjust sale order (1.0); discuss closing mechanics with buyer's counsel (.6); prepare for closing with internal team (1.5) | 3.10 | 1,751.50 |
| 12/17/24 | MH | Confer with client reps regarding tax claim issues | 0.70 | 395.50 |
| 12/17/24 | MH | Meet and confer with client and tax related claimant counsel | 0.50 | 282.50 |
| 12/17/24 | MH | Review and consider tax claim history and related documents | 2.40 | 1,356.00 |
| 12/18/24 | CH | Attention to sale order and service. filing of certificate of service (.8); receipt of signed managers certificate; forward to I. Marcushamer (.2); resubmit order DE 129 (.2); email to counsel in Orange County case regarding bankruptcy filing (2); receipt and review of auction report; download (.2); follow up with client regarding November MOR (.2). | 1.80 | 396.00 |
| 12/18/24 | IM | Attention to variety of closing related items including prorations and cut over of services | 4.20 | 2,373.00 |

Matter No. 379-1                                                      December 23, 2024
Chapter 11 Filing                                                              Page 3

| Date | Init. | Description | Hours | Amount |
|------|-------|-------------|-------|--------|
| 12/18/24 | IM | Review and respond to credit counsel seeking to continue to prosecute case in California (1.4; share internally with CRO (0.4) | 1.80 | 1,017.00 |
| 12/19/24 | IM | review of proposed agreed order from Taco Creditor | 0.30 | 169.50 |
| 12/19/24 | CH | Attention to supplemental service of sale order and corresponding documents; meeting with I. Marcushamer (.5); preparation and filing notice of auction report (.5); edits to notice of closing date and conversion; meeting with I. Marcushamer (.3); send copy of order to client (.1); final preparation and service of orders on fee applications; order on motion to reject contract; calendar rejection damage deadline; file certificate of service (.5). | 1.90 | 418.00 |
| 12/19/24 | IM | Call regarding post closing items | 0.50 | 282.50 |
| 12/19/24 | IM | Review Moecker Auction report (0.8); review notice of filing (0.3) | 1.10 | 621.50 |
| 12/19/24 | IM | Draft Notice of Closing and conversion to chapter 7 | 0.70 | 395.50 |
| 12/19/24 | IM | Attention to order on motion to reject | 0.30 | 169.50 |
| 12/19/24 | IM | status call with CRO regarding next steps | 1.00 | 565.00 |
| 12/19/24 | IM | draft email with open items preconversion | 0.90 | 508.50 |
| 12/19/24 | MH | Review and consider tax claim adjustment records and related correspondence with creditor and Debtor tax advisors | 2.60 | 1,469.00 |
| 12/19/24 | MH | E-mail with client and reps. regarding post-sale transition and related issues | 0.60 | 339.00 |
| 12/20/24 | IM | Review emails from landlord and discuss with team | 0.70 | 395.50 |
| 12/20/24 | IM | Call regarding transition items to buyer (0.3); review of emails from operations team regarding | 2.10 | 1,186.50 |

Matter No. 379-1                                                                   December 23, 2024
Chapter 11 Filing                                                                              Page 4

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | transition items and respond with guidance (1.9) |  |  |
| 12/20/24 | IM | review of w-2s for Taco Client of SPI (1.1); review of related correspondence (0.7) | 1.80 | 1,017.00 |
| 12/20/24 | MH | E-mail client and creditor rep. regarding tax adjustment issues | 0.40 | 226.00 |
| 12/21/24 | CH | Receipt and review of agreed order granting creditor, Tacos 2000, Inc's Motion for Order Authorizing and Directing to File Corrected Wage and Tax Statements. | 0.20 | 44.00 |
| 12/22/24 | IM | Review and Finalize Conversion Orders | 3.90 | 2,203.50 |
| 12/22/24 | CH | Final preparation and filing notice of closing date and request to enter conversion order; send for mailout; attention to email correspondence regarding supplement. | 0.50 | 110.00 |
| 12/23/24 | CH | Preparation of second supplement to final fee application; review of prebills and preparation of exhibits; meeting with I. Marcushamer | 2.00 | 440.00 |
| 12/23/24 | MH | Confer with client and Debtor reps regarding resolution of tax claim issues | 1.30 | 734.50 |

|  |  |
|---|---|
| Hours: | 57.80 |
| Total fees: | $28,413.50 |

**Expenses:**

| | | | |
|---|---|---|---|
| 12/16/24 | VB | CertificateOfService.com - Mailout of Court filings | 929.41 |
| 12/16/24 | VB | CertificateOfService.com - Mailout of Court filings | 1,072.50 |
| 12/19/24 | VB | CertificateOfService.com - Mailout of Court filings | 359.01 |
| 12/20/24 | VB | CertificateOfService.com - Mailout of Court filings | 683.75 |
| 12/23/24 | VB | CertificateOfService.com - Mailout of Court filings | 377.11 |

|  |  |
|---|---|
| Total expenses: | $3,421.78 |

Matter No. 379-1                                                December 23, 2024
Chapter 11 Filing                                                         Page 5

**Payments & Adjustments:**

| | | |
|---|---|---:|
| 12/18/24 | Courtesy Adjustment | 1,580.00 CR |
| 12/20/24 | Payment received via Bill.com for Invoice No. 8216 | 111,066.42 CR |
| | Total payments & adjustments: | $112,646.42 CR |

**Retainer:**

| | | |
|---|---|---:|
| 12/19/24 | Retainer applied to Invoice No. 8216 | 84,626.50 CR |
| 12/20/24 | | 42,077.50 |
| | Retainer received: | $42,077.50 |
| | Retainer applied: | $84,626.50 CR |

---

**Billing Summary**

| | |
|---|---|
| Previous balance | $197,272.92 |
| Payments & adjustments | 112,646.42 CR |
| Current fees & expenses | 31,835.28 |
| Retainer applied | 84,626.50 CR |
| **Total now due** | **$31,835.28** |
| Retainer balance | $42,077.50 |

**Aged Balance**

| | Current | 31-60 | 61-90 | Over 90 | Total |
|---|---|---|---|---|---|
| Fees | $28,413.50 | $0.00 | $0.00 | $0.00 | $28,413.50 |
| Expenses | $3,421.78 | $0.00 | $0.00 | $0.00 | $3,421.78 |
| Total | $31,835.28 | $0.00 | $0.00 | $0.00 | $31,835.28 |

FIRM TAX ID - 87-0941429

FOR PAYMENT OF INVOICE - WIRE TRANSFER INSTRUCTIONS

PAYEE: DGIM Law, PLLC - Firm Operating Account
BANK Name: City National Bank of Florida
BANK Address: 100 SE 2nd Street Miami, FL 33131
ACCOUNT No.:

Matter No. 379-1                                                December 23, 2024
Chapter 11 Filing                                                        Page 6


ABA/ROUTING
SWIFT Code:                    (International Wires only)