

ORDERED in the Southern District of Florida on January 31, 2025.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIFTPIXY, INC. *et, al.* [1] | Case No. 24-21209-LMI |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING *EXPEDITED* MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE UPON THE CLOSING OF THE SALE [ECF NO. 109]**

THIS MATTER came before the Court on December 16, 2024, at 9:30 a.m. and January 8, 2025 at 2:30 p.m. on the *Expedited Motion of the Debtors for the Entry of an Order Converting*

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

*the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Upon the Closing of the Sale* [ECF No. 109] (the "Motion"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the Constitution of the United States; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were proper and sufficient under the circumstances and no other or further notice is necessary; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (vii) since the Chapter 11 Cases were not commenced as involuntary cases under chapter 11, nor have the Chapter 11 Cases been converted to cases under chapter 11, the Court finds that the Debtor are entitled to be debtors under chapter 7; and (viii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

ORDERED, as follows:

1. The Motion is **GRANTED**.

2. The Debtors' Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, subject to the terms and conditions set forth in the Revised Sale Order.

3. The conversion is effective as of the date of the entry of this Order (the "Conversion Date").

4. If applicable, each of the Debtors shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not

previously paid by the Debtors). Failure to pay this fee will result in dismissal of the Chapter 11 Cases.

5. The U.S. Trustee is directed to appoint a chapter 7 trustee following the Conversion Date.

6. The Debtors shall:

a. After the appointment of the chapter 7 trustee, forthwith turn over to the chapter 7 trustee all records and property of the estate under the Debtors' custody and control as required by Bankruptcy Rule 1019(4);

b. Within 30 days of the Conversion Date, file a schedule of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee;

c. File, within 14 days of the Conversion Date, a schedule of unpaid debts incurred after the commencement of the Chapter 11 Cases as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The Debtors or Debtors' attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the Court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee; and

d. File, within 14 days of the date of the Conversion Date, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).

7. Pursuant to Local Rule 2016-1(C)(2), the Debtors' attorney, counsel to the Committee and any other professional person employed under 11 U.S.C. §327 or §1103 shall, if not already done pre-conversion, file within 90 days after the date of the post-conversion meeting,

an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the Debtors in possession shall notify all such professionals of this deadline by serving them with a copy of this order.

8. The Debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

9. Failure of the Debtors to comply with the provisions of this Order may result in dismissal of the chapter 7 cases without further hearing or notice.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

Submitted by:
Monique D. Hayes Esq.
DGIM Law, PLLC
*Counsel for the Debtors*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708
Email:  monique@dgimlaw.com

[Monique D. Hayes, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F), within 3 days of entry of this Order]