**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

Case No.: 24-21209-LMI

SHIFTPIXY, INC.,[1]

Chapter 7
(Jointly Administered)

_____Debtors._____ /

**TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY**
**TO OPERATE BUSINESS UNDER 11 U.S.C. § 721**

*(Emergency Hearing requested on or before February 6, 2025[2])*

**Basis for Exigency**

> **The Trustee requests that the Court conduct an emergency hearing on this motion to authorize the limited operation of the Debtor's Business (as hereinafter defined) pursuant to 11 U.S.C. § 721 to avoid substantial harm that may y occur if the Debtor's business operations cease. The relief sought herein is necessary to ensure that the estate realizes the maximum value for its interests in the Debtor's Business. To protect the estate's interests in the Debtor's Business, the Trustee requires immediate authority to operate the Debtor's Business on a limited basis. Given the circumstances, advance consent from all parties in interest to this motion is impossible. The Trustee thus requests that the Court waive the requirements of Local Rule 9075-1.**

Jacqueline Calderin, not individually, but in her capacity as the Chapter 7 Trustee (the "Trustee"), of the bankruptcy estate of SHIFTPIXY, INC. and its jointly administered affiliates (collectively referred to as the "Debtor"), by and through undersigned proposed[3] counsel, and pursuant to 11 U.S.C. §§ 105(a) and 721 of the United States Code

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[2] Payroll is scheduled for February 5, 2025 and the Trustee seeks authority for payment in order to avoid irreparable harm to the employees.

[3] The Trustee's filed her application for approval of employment of Jesse R. Cloyd and the Law Firm of Agentis PLLC as counsel effective as of January 31, 2025 [ECF# 183].



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

(the "Bankruptcy Code"), and Local Bankruptcy Rule 9075-1, moves for the entry of an Order *on an emergency basis*, authorizing the Trustee to operate the Debtor's business (the "Debtor's Business") on a limited basis, and pay necessary expenses and/or, in the alternative, to incur administrative expenses necessary for consummation of wind-down of the estate (the "Motion"), and in support thereof states:

## I. JURISDICTION & VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II. BACKGROUND

3.      These matters were initiated by the Shiftpixy, Inc., Shiftpixy Staffing, Inc. and ReThink Human Capital Management, Inc. upon the filing of a voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court on October 28, 2024.

4.      On October 30, 2024, the Court entered an *Order (i) Directing Joint Administration of the Debtors' Related Chapter 11 Cases and (ii) Granting Related Relief* [ECF# 10].

5.      On January 31, 2025, the Court entered the *Order Granting Expedited Motion of the Debtors for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Upon the Closing of the Same [ECF No. 109]* [ECF# 179] (the "Conversion Order").

6.      Subsequently, Jacqueline Calderin was appointed the Chapter 7 Trustee (the "Trustee") in the above styled matter, and the meeting of creditors under section 341 of the Bankruptcy Code is currently scheduled to be held on March 4, 2025 at 1:30 p.m. [ECF# 182].



7.      The Debtor's core business was a human capital management platform that provided a full suite of personnel staffing services to its clients.  In December of 2024, the Debtor closed a sale of substantially all of its assets to G3 Business Services, LLC ("G3").  At the time of conversion, the Debtor was still in the process of completing tax filings for clients and transitioning assets and personnel to G3.

8.      At this early stage of the case, the Trustee believes that the continuing operation of the business on a limited basis will maintain the value of the estate, and that closing the Debtor's Business at this stage, would deplete the value and cause unnecessary harm.

9.      Upon information and belief, the Debtor maintains a directors and officer's insurance policy # ELU190927-23, through IPFS (the "D&O Policy"), and upon information and belief, with a premium payment due on or around February 28, 2025.

10.      The Trustee is still gathering information but seeks limited operational authority to make certain payments (including those listed below).  The Trustee believes these payments will ultimately be beneficial to the estate, and in some instances minimize liability to the estate.  This Motion also seeks to compensate individuals who have provided work and value to the estate during the Chapter 11 phase.  The Trustee does not believe that the operation of the Debtor's Business will violate any local laws or ordinances or cause harm to the estate or any third party.

11.      The Trustee will only operate the business until such time as she determines the best course of action for the estate.

12.      The Trustee seeks authority to operate the Debtor's Business for a period of sixty (60) days until a long-term strategy for the Debtor can be formulated and implemented, without

3



prejudice to seeking further extensions of the authority to operate and pay necessary expenses for consummation of wind-down and liquidation of the estate.

13.     The United States Trustee has no objection to the relief requested herein.

### III. BASIS FOR EXIGENCY

14.     The Trustee believes an emergency hearing on this Motion is necessary to obtain authorization to operate the Debtor's Business as soon as practically possible to pay certain payroll, preserve the value of the estate for the benefit of creditors and to avoid any potential disruption to the on-going, post-closing matters with G3.

### IV. REQUESTED RELIEF AND BASIS THEREFOR

#### A.     Use of Cash

15.     The Debtor has three (3) Debtor In Possession ("DIP") accounts with City National Bank, and 4 DIP accounts with Wells Fargo. Upon information and belief, the combined balance of all 6 accounts is approximately $212,076.48.

16.     Pre-conversion the Debtor sought the use of cash, advising the Court that Debtor's cash was subject to the asserted lien of an entity known as Balanced Management LLC ("BM"). It would appear that the perfecting instrument for BM's loan, a financing statement, was recorded with the Secretary of State within the avoidance period of §547(b).  However, until avoided, the Trustee brings this Motion for, among other things, the use of Debtor's cash during the proposed and brief operational.

17.     The Trustee proposes to provide BM with the same protections afforded to them in the Court's *Final Order Authorizing Debtor's Motion for Authorization to Use Cash Collateral* [ECF #96], i.e., replacement liens in Debtor's cash, to the same extent as any prepetition lien.



**B.    Payroll and Wages.**

18.    Having consummated the sale to G3, the Debtor is in a wind-down phase.  There are currently twelve (12) employees who are owed payroll as of January 31, 2025.  Richard Pinder, formerly with the Debtor, will be providing the breakdown of this payroll, including the funding of benefits, and upon receipt the Trustee will supplement this motion.  These amounts are Chapter 11 administrative claims (and possibly, to a lesser extent, Chapter 7 administrative claims).  The Trustee intends to terminate all employees who are not essential to her limited operations, but anticipates retaining at least two, possibly three, such employees to handle payroll taxes for Debtor's remaining clients, and to assist in the transition of the remaining accounts to G3.

19.    The Debtor has used, and may be continuing to use, certain systems and programs to process tax payments for clients.  Two such systems are the Prism system and the ADP Master Tax System. Both systems are leased, and the Trustee is seeking the authority but not the direction to pay lease payments for these systems as needed to complete client payroll and tax payments.

20.    Finally, the Debtor maintained Directors and Officers Liability and Cyber EPL policies.  Upon the Trustee's information and belief, the premium for one such policy was due on January 31, 2025, and the other may be due in February, 2025.  In order to avoid cancellation of these policies, which may be a primary source of recovery for creditors, the Trustee intends to pay the premiums for these policies.  The Trustee will submit notices of filing of the exact amounts due under each policy by the time the Court conducts a hearing.

21.    For the reasons set forth above, the Trustee asserts that it is in the best interest of the estate that she be authorized to continue to (a) operate the Debtor's Business, to the extent



necessary, and (b) incur and pay ordinary expenses associated with the operation thereof for at least 60 additional days, without prejudice to the Trustee seeking extension(s) of said time period if she deems it appropriate.

22.     In the alternative, the Trustee seeks the Court's authority to incur the administrative costs, expenses, and fees to be reflected on a budget to be filed with the Court at or just prior to the hearing the Court may conduct in this case.

23.     The Trustee "is charged by statute with marshaling and liquidating the assets of the estate," which "is to be done as expeditiously as is compatible with the best interest of parties in interest." *In re Transcon Lines*, 178 B.R. 228, 234 (Bankr. C.D. Cal. 1995) (citing 11 U.S.C. § 704(1)).

24.     Furthermore, Section 721 of the Bankruptcy Codes provides that "the Court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721; *see In re Key Airlines, Inc.*, 93-40226, 1993 WL 13003251, at FN4 (Bankr. S.D. Ga. Oct. 5, 1993) (Court noted that "if there is any ability to continue the operation of this business for a limited period of time in order that the trustee might attempt to sell the company or any of its assets, a Chapter 7 trustee has the authority to do so pursuant to 11 U.S.C. Section 721"); *see also In re Lykes Bros. S.S. Co., Inc.*, 196 B.R. 586, 596 (Bankr. M.D. Fla. 1996) (Court noted that a Chapter 7 trustee "may be authorized to operate the Debtor's business temporarily by virtue of § 721 of the Bankruptcy Code").

25.     At least one Court has noted that operational authority under Section 721 should be provided to the trustee when a business of the debtor "could be sold for a greater price as a going concern than would be obtained in ordinary liquidation." *In re A & T Trailer Park, Inc.*,

6



53 B.R. 144, 147 (Bankr. D. Wyo. 1985). Consistent with the foregoing authorities, the Trustee submits that granting the Trustee authority to operate the Debtor's Business will best preserve the value for the benefit of the estate.

26.     The Bankruptcy Code authorizes a Chapter 7 Trustee to operate a business to enhance the sale value of a business. Section 721 provides "[t]he Court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

27.     When considering whether the operation of a business by a Chapter 7 trustee is in the best interest of the and consistent with orderly liquidation, analysis of the following factors is proper: (a) whether operating the business will result in an operating loss; (b) the tax consequences of operating the business; (c) the costs necessary to bring the business within compliance of local laws to the extent local laws do not conflict with the Bankruptcy Code; (d) potential liabilities and claims against the estate and the trustee which may arise from the operation of the business; and (e) the length of time the business will be operated.

28.     The Trustee submits that, based upon the information that has been made available for review thus far, consideration of the foregoing factors in connection with the precepts of Section 721 supports operation of the Debtor's Business until such time that the Trustee can determine the best course of action in this case.

29.     Accordingly, the Trustee submits that her interim operation of the Debtor's Business is in the best interests of the estate and consistent with her duty to marshal its assets and maximize a return to its creditors.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (i) authorizing the Trustee to operate the Debtor's Business, on a limited basis, (ii) pay necessary expenses



and/or, in the alternative, to incur administrative expenses necessary for consummation of wind-down and transition to the buyer of the Debtor's assets, and (iii) providing any further relief that the Court deems just and proper.

AGENTIS PLLC
**_Proposed Counsel for the Chapter 7 Trustee_**
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com


By:      _/s/ Jesse R. Cloyd_
            Jesse R. Cloyd
            Florida Bar No: 58388
            jrc@agentislaw.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on February 4, 2025.

By:      _/s/ Jesse R. Cloyd_
            Jesse R. Cloyd
            Florida Bar No: 58388
            jrc@agentislaw.com

