

ORDERED in the Southern District of Florida on February 10, 2025.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 24-21209-LMI |
| SHIFTPIXY, INC., *et. al.*[1] | Chapter 7 (Jointly Administered) |
| _____Debtors._____ / | |

### ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO OPERATE BUSINESS UNDER 11 U.S.C. § 721

THIS MATTER came before the Court on Thursday, February 6, 2025 at 2:30 p.m. (the "Hearing") upon the *Trustee's Emergency Motion for Authority to Operate Business Under 11 U.S.C. § 721* [ECF # 185] (the "Motion")[2], filed pursuant to 11 U.S.C. §§ 105 & 721. The Court having considered the record in the case, being advised that no party objects to the Motion and for the reasons stated on the record at the Hearing, finds good cause to **ORDER** as follows:

1. The Motion is **GRANTED**.

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. The Trustee is authorized to operate the business of the Debtor.

3. The Trustee is authorized to make payments directly from Debtor funds for necessary operating expenses and/or to incur administrative expenses necessary for operation and wind down of the business, including but not limited to payment of the expenses listed on the attached as **Exhibit "A."**.

4. The use of cash collateral is necessary and critical to avoid harm to the Debtors' bankruptcy estate. The Trustee need to be able to pay its regular business operating expenses and administrative expenses and other ordinary expenses as they become due. For the reasons stated on the record at the Hearing, the Trustee is authorized to use the Debtors' cash collateral in the regular course of business affairs.

5. Pursuant to the terms of the *Asset Purchase Agreement*, by and between the Debtors and G3 Business Services LLC ("G3"), as amended by the *First Amendment to Asset Purchase Agreement,* G3 is responsible for certain liabilities incurred by the Debtors for the period following the closing of the sale. The Trustee reserves all rights to seek reimbursement of any amounts paid and to enforce the terms of the APA against G3.

6. The Court retains jurisdiction to enforce the terms of this order.

# # #

**SUBMITTED BY:**
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com
AGENTIS PLLC
**Proposed Counsel for Chapter 7 Trustee**
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com
(Copy furnished to Attorney Cloyd, who is directed to serve a copy of this Order upon all interested parties)

**Exhibit "A"**

| Expense | Amount |
|---|---|
| Payroll (through 1/31/25) | $50,144.80 |
| D&O Insurance Premium Installment Payment | $35,139.10 |
| Cyber-EPL Insurance Premium Installment Payment | $11,689.89 |
| Tax Payments for Clients | $15,617.12. |
| | |