# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
## www.flsb.uscourts.gov

*In re:*     Case No.: 24-21209-LMI

SHIFTPIXY, INC.,[1]     Chapter 7
     (Jointly Administered)

_____Debtors._____/

## CHAPTER 7 TRUSTEE'S *EX-PARTE* MOTION TO ESTABLISH LIMITED NOTICE

Jacqueline Calderin, not individually, but in her capacity as the Chapter 7 Trustee (the "Trustee"), of the bankruptcy estate of SHIFTPIXY, INC. and its jointly administered affiliates (collectively referred to as the "Debtor"), by and through undersigned counsel, and pursuant to Bankruptcy Rule 2002(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), files the *Chapter 7 Trustee's Motion to Establish Limited Notice* (the "Motion"). The Motion seeks entry of an Order limiting notice in the Chapter 7 case as more fully described herein. In support of this Motion, the Trustee respectfully represents the following:

## BACKGROUND

1. These matters were initiated by Shiftpixy, Inc., Shiftpixy Staffing, Inc. and ReThink Human Capital Management, Inc. upon the filing of voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court on October 28, 2024.

2. On October 30, 2024, the Court entered an *Order (i) Directing Joint Administration of the Debtors' Related Chapter 11 Cases and (ii) Granting Related Relief* [ECF# 10].

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

3. The notice of meeting of creditors under section 341 of the Bankruptcy Code established January 6, 2025, as the Chapter 11 claims bar date (the "Chapter 11 Claims Bar Date") [ECF# 13].

4. On January 31, 2025, the Court entered the *Order Granting Expedited Motion of the Debtors for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Upon the Closing of the Same [ECF No. 109]* [ECF# 179] (the "Conversion Order").

5. Subsequently, Jacqueline Calderin was appointed the Chapter 7 Trustee (the Trustee") in the above styled matter, and the meeting of creditors under section 341 of the Bankruptcy Code is currently scheduled to be held on March 4, 2025 at 1:30 p.m., and April 11, 2025 is the Chapter 7 claims bar date (the "Chapter 7 Claims Bar Date") [ECF# 182].

**Relief Requested and Bases Therefore**

6. In order to conserve costs, the Trustee wishes to limit service pursuant to Bankruptcy Rule 2002 (h) to only creditors who have filed a proof of claim in these cases and other interested parties.

7. Notwithstanding the foregoing, the Trustee shall continue to provide notice, where required to the United States and its agencies via CM/ECF or U.S. Mail as required by Bankruptcy Rule 2002(j) and this Court's local rules.

8. Bankruptcy Rule 2002(h) provides in pertinent part, that (after 70 days following the order for relief, which in this case has passed) the court may direct that all notices required under [Bankruptcy Rule 2002(a)] be mailed only to:

   a. the Debtor;

   b. the trustee;

2



      c. all indenture trustees;

      d. creditors that hold claims for which proofs of claim have been filed; and

      e. creditors, if any, that are still permitted to file claims because an extension was granted under Rule 3002(c)(1) or (c)(2).[2]

9. Additionally, any Party who previously requested notice under Local Rule 2002 will be included.

10. Establishing limited notice as set forth above is in the best interests of the estate because notice to all creditors and parties in interest in excess of those on the above limited list would impose a significant administrative and economic burden to the estate.

11. The adoption of the proposed limited notice procedure is necessary and appropriate to ensure adequate representation of the interests of the holders of timely filed claims in this case.

## **Justification for *Ex Parte* Relief**

12. The Trustee requests that the Court consider this matter without a formal hearing given that no interested party will be prejudiced by the relief sought herein and to conserve costs. The relief requested herein will not prejudice creditors of the estate or other interested parties, as under the limited notice procedures outline above, such parties shall continue to receive notices as required under Bankruptcy Rule 2002.  Moreover, any creditor who has not filed a claim on or before the Chapter 11 Claims Bar Date or the Chapter 7 Claims Bar Date (unless such creditor is still permitted to file claims because an extension was granted under Rule 3002(c)(1) or (c)(2)) has been deemed to waive any claims or interest against the estate.

13. For the foregoing reasons, the Trustee requests that the Court limit service to creditors in accordance with Bankruptcy Rule 2002(h).

---

[2] The Trustee believes that there are no such creditors in this case.



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

**Reservation of Rights**

14. Nothing herein is intended to constitute a request to assume any contract or agreement under § 365 in the Bankruptcy Code, nor is anything herein intended to constitute a request to create any rights in favor of, or to enhance the status of any claim held by, any personal entity. Moreover, nothing herein is intended to constitute a request to honor every pre-petition contract to which the debtor is a party.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (a) granting this Motion; (b) limiting service to creditors pursuant to Rule 2002(h) as well as other interested parties as set forth herein; and (c) granting such other relief as the Court deems just and proper.

          **AGENTIS PLLC**
          *Counsel for Chapter 7 Trustee*
          45 Almeria Avenue
          Coral Gables, Florida 33134
          T. 305.722.2002
          www.agentislaw.com

By:   */s/ Jesse R. Cloyd*
       Jesse R. Cloyd
       Florida Bar No.: 58388
       jrc@agentislaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on February 27, 2025.

By:   */s/ Jesse R. Cloyd*
       Jesse R. Cloyd
       Florida Bar No.: 58388
       jrc@agentislaw.com



**Exhibit "A"**
**Proposed Order**



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*  Case No.: 24-21209-LMI

**SHIFTPIXY, INC.,**[1]  Chapter 7
 (Jointly Administered)

    **Debtors.**    /

### ORDER ESTABLISHING LIMITED
### NOTICE PURSUANT TO BANKRUPTCY RULE 2002(h)

THIS MATTER came before the Court on the *ex parte* motion by Jacqueline Calderin (the "Trustee") to establish limited notice pursuant to Bankruptcy Rule 2002(h) (the

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

"Motion") [ECF# 42]. The Court, having considered the Motion, and finding good cause therefor, does ORDER that:

1. The Motion is **GRANTED**.

2. Pursuant to Bankruptcy Rule 2002(h), matters in thess cases requiring notice pursuant to Bankruptcy Rule (2002)(a) shall be limited to:

   a. the debtor;

   b. the trustee;

   c. all indenture trustees;

   d. creditors that hold claims for which proofs of claim have been filed;

   e. creditors, if any, that are still permitted to file claims because an extension was granted under Rule 3002(c)(1) or (c)(2); and

   f. any Party who previously requested notice under Local Rule 2002.

3. Notwithstanding the foregoing, the Trustee shall continue to provide notice, where required to the United States and its agencies via CM /ECF or U.S. Mail as required by Bankruptcy Rule 2002(j) and this Court's local rules, in addition to those parties and attorneys who have formally requested notice by filing with the court a notice of appearance or request for service of notices and papers in this case.

# # #

**Submitted by:**
Jesse R. Cloyd
Florida Bar No.: 58388
jrc@agentislaw.com
Agentis PLLC
*Counsel for Chapter 7 Trustee*
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002

Copy to: Attorney Cloyd, who is directed to serve a conforming copy herein upon all interested parties entitled to notice in this case.

2