

ORDERED in the Southern District of Florida on March 6, 2025.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| SHIFTPIXY, INC., | Case No. 24-21209-LMI |
| Debtor. / | |

**AGREED ORDER GRANTING *MOTION FOR***
***RELIEF FROM THE AUTOMATIC STAY* [ECF NO. 195]**

**THIS MATTER** came before the Court without a hearing upon the *Motion for Relief from the Automatic Stay* [ECF No. 195] (the "Motion"), filed by Amanda Murphy (hereinafter, "Ms. Murphy"). Upon consideration of the Motion, which was served on all interested parties, the agreement of Jacqueline Calderon, as the duly appointed Chapter 7 Trustee ("Trustee") to the relief set forth herein, and good cause appearing, it is

**ORDERED** as follows:

1. The Motion is **GRANTED,** as set forth herein.

2. The automatic stay is lifted for the sole purpose of allowing Ms. Murphy to

prosecute and liquidate her claims in the action styled *Amanda Murphy v. ShiftPixy, Inc. et al.,* case no. 30-2024-01404937-CU-OE-NJC, Superior Court of California, County of Orange (hereinafter, the "Employment Action"), by either litigation, settlement, ADR, trial or any other means against the applicable Insurance Policy[1] and/or ShiftPixy, Inc. (the "Debtor") to pursue recovery solely against the Insurance Proceeds available under the Insurance Policy. Ms. Murphy may further prosecute or defend any resulting appeal(s), and enforce any judgment solely against the Insurance Proceeds.

3. Excluding any timely filed proof of claim made against the Debtor's bankruptcy estate, Ms. Murphy acknowledges that she is prohibited by virtue of the above bankruptcy from seeking satisfaction of any judgment, award, settlement, claim, distribution or any other payment amount resulting from or in connection with the Employment Action or on account of any other claims against the Debtor or the Debtor's estate, including without limitation, seeking payment of any judgment, award, settlement, claim or any other payment from the Debtor and the Debtor's estate in the event insurance coverage is denied under the applicable Insurance Policy by the respective insurers and/or underwriters.

4. Except as otherwise set forth herein, nothing in this Order shall impair, modify, limit, or expand the rights and duties of (i) Ms. Murphy; (ii) the Debtor; (iii) the Trustee; and (iv) the insurer in connection with the applicable Insurance Policy.

5. Nothing herein is intended to or shall be deemed to be a stipulation, agreement, warranty, or admission by the Trustee, the Debtor, or the Debtor's estate that (i) the Debtor or its estate is liable to the Ms. Murphy for any amounts or (ii) any causes of action, claims, or

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion [ECF No. 195].

damages to be alleged in the Employment Action are covered in whole or in part under any of Debtor's insurance policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in any way the rights, duties, obligations, terms, conditions, or provisions under the applicable Insurance Policy.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

# # #

Submitted by:
SHUTTS & BOWEN LLP
Harris J. Koroglu, Esq.
200 S. Biscayne Blvd.
Suite 4100
Miami, FL 33131
Telephone: 305-358-6300
Email: hkoroglu@shutts.com
*Counsel for Amanda Murphy*

Attorney Koroglu shall serve a conformed copy of this Order upon receipt of same on all parties in interest and shall file a Certificate of Service with the Court.