**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 24-21209-LMI |
| SHIFTPIXY, INC.,[1] | Chapter 7 (Jointly Administered) |
| Debtors._____ / | |

**TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM***

**TO:** **CBIZ, INC. f/k/a MARCUM LLP**
730 3rd Avenue
11th Floor
New York, New York 10017

**[ ]** *Testimony:* **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at an examination under Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 in this bankruptcy case before an officer authorized to record the testimony.

| PLACE No location is being provided because the deposition will be conducted via Zoom or other comparable remote internet video platform due to COVID-19 restrictions and concerns, with login information to be provided in advance of the date of the deposition | DATE AND TIME |
|---|---|

**[ X ]** *Production:* **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:
**SEE EXHIBIT "A"**

| PLACE<br>Agentis PLLC<br>45 Almeria Avenue<br>Coral Gables, Florida 33134 | DATE AND TIME<br><br>Within 14 days after service of this subpoena |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 24, 2025

*/s/ Robert P. Charbonneau*
Robert P. Charbonneau, *Counsel for the Chapter 7 Trustee*
Florida Bar No.: 968234
rpc@agentislaw.com
AGENTIS PLLC
45 Almeria Avenue
Coral Gables, FL 33134
305-722-2002

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

1



PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

**I received this subpoena for (Name of individual and title, if any):** _____
**on (date)**_____ .

**X** I served the subpoena by delivering a copy to the named person as follows:
via Certified Mail and U.S. First Class Mail* to:

**CT CORPORATION SYSTEM**
**1200 S PINE ISLAND RD**
**PLANTATION, FL 33324**

on April 24, 2025.

☐ I returned the subpoena unexecuted because:
_____
_____

Unless the subpoena was issued on behalf of the United States or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:

_____
Server's signature

_____
Printed name and title

_____
Server's Address

Additional information concerning attempted service, etc.:

\*  Fed. R. Civ. P. 45 subpoenas may be served via U.S. Mail. *See Codrington v. Anheuser–Busch, Inc.*, 1999 WL 1043861 (M.D. Fla. 1999); *In re Falcon Air Express, Inc.*, 2008 WL 2038799 (Bankr. S.D. Fla. 2008)

45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them



# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*                                                          Case No.: 24-21209-LMI

SHIFTPIXY, INC.,[2]                                   Chapter 7
                                                                  (Jointly Administered)

      Debtors.                                       /

## TRUSTEE'S NOTICE OF TAKING
## RULE 2004 EXAMINATION *DUCES TECUM*

**TO:**  CBIZ, INC. f/k/a MARCUM LLP
730 3rd Avenue
11th Floor
New York, New York 10017

**PLEASE TAKE NOTICE** Jacqueline Calderin, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of **SHIFTPIXY, INC., SHIFTPIXY STAFFING, INC., and RETHINK HUMAN CAPITAL MANAGEMENT, INC.** (collectively, the "Debtors"), by and through undersigned counsel, gives notice of the request for documents set forth herein to be received by the undersigned within 14 days after service of this subpoena.

## *Duces Tecum*

The examinee is directed to deliver the following documents to counsel for the Trustee within 14 days after service of this subpoena:

**THOSE DOCUMENTS IDENTIFIED ON EXHIBIT "A" ATTACHED HERETO.**

In responding to these requests you are required to **(i) provide a WRITTEN RESPONSE detailing your answers and production with regard to each request** and (ii) produce those materials within your custody or control, and in addition, those in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carriers, representatives, agents or anyone acting on your behalf.

**IF YOU FAIL TO ABIDE YOU MAY BE IN CONTEMPT OF COURT.**

                                    **AGENTIS PLLC**
                                    *Attorneys for Chapter 7 Trustee*
                                    45 Almeria Avenue
                                    Coral Gables, Florida 33134
                                    T 305.722.2002
                                    www.agentislaw.com

                                    */s/ Robert P. Charbonneau*
                                    Robert P. Charbonneau, *Counsel for the Chapter 7Trustee*
                                    Florida Bar No.: 968234
                                    rpc@agentislaw.com

---

[2] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on the date of the filing of this Notice and via U.S. Mail to the parties on the attached service list on April 24, 2025.

                                                                        */s/ Robert P. Charbonneau*
                                                                        Robert P. Charbonneau, *Counsel for the Chapter 7Trustee*
                                                                        Florida Bar No.: 968234
                                                                        rpc@agentislaw.com

**Via U.S. Mail:**

CBIZ, INC. f/k/a MARCUM LLP
730 3rd Avenue
11th Floor
New York, New York 10017

## DEFINITIONS

1.      The term **"You"** or **"Your"** refers to CBIZ, INC. f/k/a MARCUM LLP.

2.      The term **"Debtors"** refers to: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc., the debtor in the above-captioned bankruptcy proceeding.

3.      As used herein, the term **"document"** includes every writing, printed or graphic matter, or record of any type and description that is in your possession, control, or custody, including without limitation, the original and any non-identical copy of any of the following: correspondence, memoranda, stenographic or handwritten notes (of meetings, conferences, and telephone or other conversations or communications), minutes of meetings, drafts, studies, publications, press releases, statements, transcripts of testimony, affidavits, summaries, excerpts, journals, diaries and calendar or diary entries, books, records, accounts pamphlets, voice recordings, reports, surveys, tables, charts, statistical compilations, analyses, applications, work papers, forms, or other writing or recording of any kind.  The term "document" also includes any commentary or notation of any kind which does not appear on the original or on another copy. Without limitation of the term "control", a document is deemed to be within your control if you have ownership, possession, or custody of the document or a copy thereof or the right or ability to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof.  Documents are only requested to be produced to the extent that they have not already been requested.

4.      **"Person"** means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, association, partnership, business, public agency, department, bureau, board, commission, or any other form of public, private, or legal entity.

5. Any reference herein, whether specific or within the term "person", to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates and the entity's and its subsidiaries' and affiliates' present and former directors, officers, employees, attorneys, agents, or anyone acting for any of them at their direction, or under their control.

6. The term **"Business"** shall refer to any entity or enterprise, in which you or the Debtor have held greater than a twenty-five (25%) management or ownership interest, including, without limitation, whether it is an enterprise for profit or not for profit, a general partnership, any individual, firm, corporation, company, association, partnership, limited partnership, joint venture, corporation, sole proprietorship, business, public agency, department, bureau, board, commission, or any other form of public, private or legal entity or other type of organization.

7. The term **"Petition Date"** means October 28, 2024, the date on which the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida thereby commencing the above-captioned bankruptcy case.

8. "**Materials**" means all documents, letters, memoranda, notes, and any other written communication and written notes of all oral communications, whether in person or by telephone, and every record of every type, including but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored, in your possession, custody, or control, all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notations, or other change whatsoever that does not appear on the original or other copy of the document produced. Also included in this

definition is any summary of a document or documents called for hereafter. It is requested that all documents be produced in the manner they are kept in the ordinary course of business.

9. "**Record**" includes but is not limited to each and every book of account and other books of every kind, journals, ledgers, statements, instruments, files, messages, writings of every kind, and other internal or other data and other information of every description made or received by you in the regular course of business or otherwise, regardless of the mode in which it is recorded; the original of any such record includes the data or other information comprising a record stored or transmitted in or by means of any electronic, computerized, mechanized, or other information storage or retrieval or transmission system or device which can upon request generate, regenerate, or transmit the precise data or other information comprising the record, and an original also includes the visible data or other information so generated, regenerated, or transmitted if it is legible or can be made legible by enlargement or other process.

10. "**Copies**" of documents includes, but is not limited to, duplicates or counterparts of any original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive film and prints of an original or copy of reproductions and facsimiles of an original or copy, whether or not the same size, produced by photographic, micro-photographic, photostatic, xerographic, electronic, computerized, or mechanized process, or by any other process, and enlargement and reductions thereof; and the data or other information comprising a record stored or transmitted as provided in the preceding definition of "Record," and the visible data or other information generated or regenerated or transmitted by such information storage or retrieval or transmission system or device, if it is legible or can be made legible by enlargement or other process.

11. "**Relating to**" or "**regarding**" means containing, constituting, showing, mentioning, reflecting, or pertaining or referring in any way, directly or indirectly, to, and is

45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

12. "**Refer**" or "**relate to**" or "**reflecting**" means to make statement about, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain in whole or in part, to the subject.

13. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

14. Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as is necessary to make any paragraph more, rather than less, inclusive.

15. All definitions set forth in Bankruptcy Code Section 101 and FRBP 9001 are incorporated herein by reference.

45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

## INSTRUCTIONS

In responding to the following requests (the "**Requests**", and each "**Request**"), you are required to (i) produce those materials within your possession, custody, or control, and in addition, those in the possession of, or obtainable by, your attorneys, investigators, adjusters, insurance carriers, representatives, agents, or anyone acting on your behalf, and (ii) **provide a WRITTEN RESPONSE detailing your answers and production with regard to each Request**.

If, in responding to any Request, you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document:

I. The type of document involved and a general description of the context of the document;

II. The name, business and residence address, telephone numbers, and position of the individual from whom the document emanated;

III. The name, business and residence address, telephone numbers, and position of each individual to whom the document or documents were sent;

IV. The privilege upon which you rely in withholding the document;

V. The facts upon which you rely in support of your claim that the document(s) are being withheld on the basis of privilege;

VI. The names, business and residence address, telephone numbers, and positions or occupations of individuals known or believed by you to have knowledge concerning the factual basis for your assertion of privilege with regard to the document.

## TIME LIMITATION

Unless otherwise specified, the Requests sought for each category of documents are for your audits (the "Audit(s)") of the financial statements of Debtors for the fiscal years ending August 31, 2022, and 2023 (and August 31, 2024, if completed).

## EXHIBIT "A"

1. Copies of all engagement letters or retainers, outlining the terms, scope, and objectives of the Audits, including amendments or addenda.

2. Copies of all detailed workpapers documenting the Audit procedures performed, findings, and supporting calculations or analyses.

3. All evidence of how You reached your conclusions in the Audits, including risk assessments, sampling methods, and tests performed.

4. All copies of audited financial statements for the Debtors for the relevant periods.

5. All copies of supporting documentation Audity and audited financial statements, including but not limited to ledgers, trial balances, and reconciliations.

6. All documents outlining Your internal control systems, including risk assessments and environmental control assessments.

7. All evidence of tests performed on internal controls during the Audits.

8. All correspondence (email, written, or otherwise) between You and the Debtors or its representatives concerning the Audit or financial reporting, including internal notes of meetings or calls.

9. All correspondence from the Debtor's management, board of directors and/or executives confirming the completeness and accuracy of provided information for the Audits.

10. All minutes or summaries of any audit committee or board meetings at which the Audits or related issues were discussed.

11. Copies of all the Debtors' policies and procedures reviewed or relied upon in the course of the Audits, especially those related to financial reporting and internal control compliance.

12. Copies of, or references to, any audit standards, frameworks, or industry-specific guides you adhered to in conducting the Audits.

2



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

13. Any management letters, deficiency reports, recommendations, or other documents resulting from the Audits.

14. All documentation and analyses related to significant accounting estimates and judgments made by the Debtors' management (e.g., valuation of assets, impairment testing, reserves).

15. Records establishing Your independence with respect to the Debtors during the relevant periods of the Audits, including conflict checks or disclosures.

16. Any third-party expert or specialist reports relied upon during the Audit process.

17. All documents, analyses, or communications concerning pending, threatened, or contingent, litigation or legal claims that were considered or disclosed in the Audits.

18. All documents and workpapers related to the preparation or review of the Debtors' Form 10-Q for the quarters ended November 30, 2023, February 29, 2024, and May 31, 2024, including, but not limited to: interim financial statements, analytical procedures, and review notes and client correspondence.