# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

*In re*

SHIFTPIXY, INC.[1],

       Debtors.            /

Case No.: 24-21209-LMI

Chapter 7

JACQUELINE CALDERIN, CHAPTER 7
TRUSTEE,

       Plaintiff,

vs.

Adv. Case No.: _____-_____

BALANCED MANAGEMENT, LLC

       Defendant.          /

## ADVERSARY COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTION

Plaintiff, Jacqueline Calderin, not individually but solely in her capacity as the Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the jointly administered bankruptcy estates (the "Estates") of Shiftpixy, Inc., Shiftpixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors"), sues Balanced Management, LLC (the "Defendant"). In support of this Complaint, the Trustee alleges as follows:

## NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1.      The Trustee sues the Defendant for declaratory and injunctive relief pursuant to Sections 105, 362 and 541 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.

1



7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 28 U.S.C. § 2201.

2.     Plaintiff is the duly appointed Chapter 7 Trustee of the Debtors' Estates.

3.     Debtor, Shiftpixy, Inc. ("Shiftpixy"), was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida.

4.     Debtor, Shiftpixy Staffing, Inc. ("Shiftpixy Staffing"), was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida.

5.     Debtor, ReThink Human Capital Management, Inc. ("ReThink"), was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida.

6.     Defendant is a limited liability company organized under the laws of the State of Utah with its registered agent located at 7533 S. Center View Ct., Suite R, West Jordan, UT 84084. The Defendant has substantial and isolated contacts with the State of Florida, transacts or transacted business in the State of Florida, and is otherwise *sui juris*.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

8.     This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (B), and (O).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10.    All conditions precedent to the filing of this action have been performed, waived, satisfied, excused and/or have otherwise occurred.



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

## PROCEDURAL BACKGROUND

### *The Bankruptcy Cases*

11.     On October 28, 2024, each of the Debtors initiated their respective bankruptcy cases[2] (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

12.     On January 31, 2025, the Court entered conversion orders converting the Bankruptcy Cases from Chapter 11 cases to Chapter 7 cases [Shiftpixy, ECF #179; Shiftpixy Staffing, ECF #14; ReThink, ECF #14].

13.     On January 31, 2025, Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' Estates [Shiftpixy, ECF #182; Shiftpixy Staffing, ECF #18; ReThink, ECF #18].

### *Defendant's State Court Action*

14.     After the Petition Date, on or about June 9, 2025, Defendant filed a lawsuit in the Circuit Court of the Twentieth Judicial Circuit for Collier County, Florida, styled *Balanced Management, LLC v. Whitney J. Wright et al.*, Case No. 11-2025-CA-001222 (the "State Court Action"), attached hereto as **Exhibit "A,"** against the directors and officers of the Debtors, alleging causes of action for gross negligence and breach of fiduciary duty, among other claims.

15.     The causes of action for gross negligence and breach of fiduciary duty asserted by Defendant in the State Court Action are derivative in nature because they arise from alleged harms to the Debtors, are claims that can only be brought by the Trustee and therefore are property of the Debtors' respective bankruptcy Estates.

16.     Pursuant to applicable law, derivative claims for gross negligence and breach of

---

[2] *In re Shiftpixy, Inc.*, Case No.: 24-21209-LMI; *In re Shiftpixy Staffing, Inc.*, Case No.: 24-21212-LMI; *In re ReThink Human Capital Management, Inc.*, Case No. 24-21214-LMI.



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

fiduciary duty belong exclusively to the Debtors' respective bankruptcy Estates and cannot be asserted directly by Defendant against individual directors and officers.

17.     The prosecution of the State Court Action by Defendant against the Debtors' directors and officers threatens to interfere with the Debtors' Estates and their administration by depleting the directors' and officers' insurance policy (the "D&O Policy") insuring the named officers and directors in the State Court Action.

18.     The Trustee seeks to protect the Estates and the interests of all creditors by obtaining a judicial declaration that the claims for gross negligence and breach of fiduciary duty in the State Court Action are derivative, and therefore property of the Estates.

19.     The Trustee further seeks an injunction to prevent Defendant from continuing the State Court Action against the Debtors' directors and officers named in the State Court Action.

**COUNT I:**
**DECLARATORY RELIEF**
**PURSUANT TO 22 U.S.C. § 2201**

20.     The Trustee realleges the allegations set forth in paragraphs 1 through 19 and incorporates those allegations by reference.

21.     An actual controversy exists between the parties regarding the ownership and prosecution of the claims for gross negligence and breach of fiduciary duty asserted in the State Court Action.

22.     Declaratory relief is necessary because no other adequate remedy exists to conclusively establish whether the claims asserted in the State Court Action are property of the Estates. Without a judicial declaration, there remains substantial uncertainty regarding the Estates' rights, exposing the Trustee and the Estates to continued risk of duplicative litigation, inconsistent rulings, and depletion of Estate assets.

4



23.     A declaratory judgment will resolve the dispute between the parties in its entirety, clarify the rights and responsibilities of the Trustee and the Defendant, and ensure that the Trustee may carry out her statutory duties without interference.

24.     The Trustee seeks a declaration pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9) that:

>    a.  The causes of action for gross negligence and breach of fiduciary duty asserted in the State Court Action are derivative claims belonging exclusively to the Debtors' Estates; and
>
>    b.  Defendant lacks standing to prosecute those claims directly against the Debtors' directors and officers.

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment against the Defendant:

>    A.  Declaring that the claims for gross negligence and breach of fiduciary duty asserted by Defendant in the State Court Action are derivative claims belonging to the Debtors' Estates;
>
>    B.  Enjoining Defendant, its agents, representatives, and attorneys from prosecuting or continuing the State Court Action against the Debtors' directors and officers;
>
>    C.  Awarding the Trustee its costs and attorneys' fees incurred herein; and
>
>    D.  Granting such other and further relief as the Court deems just and proper.

5

Agentis

**COUNT II:**
**INJUNCTION**
**PURSUANT TO BANKRUPTCY RULE**
**7065 AND BANKRUPCTY CODE § 105(a)**

25.     The Trustee realleges the allegations set forth in paragraphs 1 through 19 and incorporates those allegations by reference.

26.     The Trustee is likely to succeed on the merits of its claim that the State Court Action is improper because the claims asserted by Defendant are derivative and belong to the Estates.

27.     The Trustee and the Estates will suffer immediate and irreparable harm if Defendant is permitted to continue prosecuting the State Court Action. Such harm includes: (a) the usurpation of the Trustee's exclusive authority to pursue derivative claims, (b) the dissipation of  the D&O Policy proceeds available to satisfy estate claims, and (c) disruption of the orderly administration of the Estates. Monetary damages cannot adequately remedy this harm, as once the D&O Policy proceeds are eroded or exhausted, they cannot be restored for the benefit of the Estates and their creditors.

28.     The balance of equities favors the Trustee because the injunction will preserve the Estates' claims and protect the Estates' administration.

29.     The public interest favors maintaining the integrity of the bankruptcy process and preventing duplicative or improper litigation against the Debtors' directors and officers.

30.     Accordingly, the Trustee requests this Court to issue a preliminary and permanent injunction enjoining Defendant from prosecuting or continuing the State Court Action against the Debtors' directors and officers.

45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment against the Defendant:

A.    Declaring that the claims for gross negligence and breach of fiduciary duty asserted by Defendant in the State Court Action are derivative claims belonging to the Debtors' Estates;

B.    Enjoining Defendant, its agents, representatives, and attorneys from prosecuting or continuing the State Court Action against the Debtors' directors and officers;

C.    Awarding the Trustee its costs and attorneys' fees incurred herein; and

D.    Granting such other and further relief as the Court deems just and proper.

Dated: September 24, 2025

> AGENTIS PLLC
> ***Counsel for the Chapter 7 Trustee***
> 45 Almeria Avenue
> Coral Gables, Florida 33134
> T. 305.722.2002
> www.agentislaw.com
>
> By:    */s/ Robert P. Charbonneau*
> Robert P. Charbonneau
> Florida Bar No: 968234
> rpc@agentislaw.com

7



EXHIBIT "A"

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

BALANCED MANAGEMENT, LLC,

     Plaintiff,

v.

WHITNEY J. WRIGHT, CHRISTOPHER
SEBES, AMANDA MURPHY, MARTIN
SCOTT, and PATRICE LAUNAY,

     Defendants.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, BALANCED MANAGEMENT, LLC ("Plaintiff"), by and through its

counsel, and for its Complaint as to the conduct of WHITNEY J. WRIGHT, CHRISTOPHER

SEBES, AMANDA MURPHY, MARTIN SCOTT, and PATRICE LAUNAY (collectively,

"Defendants") states as follows:

### INTRODUCTION

1.     Plaintiff brings this action against Defendants, jointly and severally, for their

conduct which caused Plaintiff damages.

2.     At all times relevant, Defendants were members of the board of directors for

ShiftPixy, Inc. ("SPI").  SPI filed for bankruptcy protection and that matter is currently pending,

so this action is not against SPI.

3.     SPI, by and through its former President/CEO Scott W. Absher, entered into a

Business Loan and Security Agreement with Plaintiff on or about July 2, 2024 (the

"Agreement").

1

4.     Plaintiff fulfilled its obligations under the Agreement pursuant to the terms of the Agreement.

5.     SPI and Scott W. Absher defaulted under the terms of the Agreement by failing to remit payments to Plaintiff.

6.     On or about August 24, 2024, Defendants and SPI engaged in a substantial equity raise. *See*

https://www.sec.gov/ix?doc=/Archives/edgar/data/1675634/000147793224005291/pixy_8k.htm

(last accessed September 3, 2024).

7.     This above-referenced equity raise was encouraged by Defendants and non-party, Alliance Global Partners ("AGP") who knowingly raised equity, while intentionally interfering with the contractual relationship between Plaintiff and SPI.

8.     Defendants and AGP were in negotiations for the equity raise and conspired and/or agreed with SPI in attempt to disregard the Agreement between Plaintiff and SPI.  The equity raised never funded the payoff of the loan that is required pursuant to the terms of the Agreement.

9.     Defendants authorized the prospectus for the equity raise which included false terms, including the fact that the prospectus never disclosed or otherwise disregarded Plaintiff's senior debt.

10.    Defendants controlled and participated in the policies, operations and business of SPI.

11.    Defendants committed acts and caused damages, described in more detail below, which took place within the state of Florida and gave rise to the claims in this case.

2

12.    Defendants used false and misleading indicators of the SPI's fiscal health to prop up the business, in an attempt to raise equity while disregarding the Agreement between Plaintiff and SPI.

13.    Defendants created (1) the false impression of a significant amount of equity and (2) the illusion of fiscal health by misrepresenting the financial condition of SPI.

14.    Defendants grossly overstated and misrepresented the value of SPI.

15.    Plaintiff relied on Defendants statements and continued to extend credit to SPI.

16.    Defendants knew or should have known that SPI's financial statements grossly misstated the value of SPI during the applicable years.

17.    It should have been clear to the Defendants, as of the date the Agreement was executed, that the liabilities of SPI exceeded the value of the SPI's assets, and that SPI was insolvent or operating in the zone of insolvency.

18.    Defendants converted a portion of SPI's equity position into a debt claim that would have higher priority in the event of SPI's bankruptcy.

19.    Defendants chose not to file for bankruptcy or wind down the SPI because it would have caused the Defendants to lose their investment in SPI, and Defendants would have been at the bottom of the priority scheme for repayment.

20.    Upon information and belief, Defendants were covered by a Director's & Officer's insurance policy ("D & O") before SPI filed for bankruptcy protection and their termination.

21.    Upon information and belief, the D & O covered any claims Plaintiff may have against SPI's current or former directors and officers as well as the proceeds of such claims.

22.     Defendants were aware of the circumstances that gave rise to the claims asserted herein.[1]

23.     SPI's bankruptcy does not relieve the insurer of its obligations under the D & O.

24.     There has been no prior litigation or proceeding commenced by Plaintiff against SPI and Defendants.

25.     Upon information and belief, there are no exclusions applicable to the relief sought against Defendants.

26.     The D & O applies to all facts, circumstances, situations, events, transactions or causes, occurring prior to SPI's bankruptcy filing and Defendants' termination.

27.     As detailed above, Defendants breached their director's duties of loyalty to SPI and/or its stockholders.

28.     As detailed above, Defendants' acts or omissions were not made in good faith and/or involved intentional misconduct or a knowing violation of law.

29.     Defendants failed to plan for bankruptcy, except to increase and fund their own insurance coverage for acts of corporate malfeasance.

30.     As a result of the aforementioned acts and omissions, which constitute breaches of Defendants' fiduciary duties to SPI, the Defendants' direction, operation and management of the SPI was fundamentally and grossly negligent, and outside the purview of the business judgment rule under applicable state statutes.

31.     Upon information and belief, Defendants breached their duty of loyalty by self-dealing.

---

[1] The claim also includes this proceeding against Defendants for monetary damages or other relief; and/or a written allegation of wrongful conduct against Defendants and SPI.

4

32.     Defendants did not maintain the good faith belief that their actions were in the SPI's best interest.

33.     Defendants engaged in misconduct that was more culpable than simple inattention or failure to be informed of all facts material to the decision to engage in the equity raise.

34.     Defendants intentionally acted with a purpose other than that of advancing the best interests of SPI, where they act with the intent to violate applicable positive law, and/or where they intentionally failed to act in the face of a known duty to act, demonstrating a conscious disregard for their duties.

## PARTIES

35.     Plaintiff is a corporation organized under the laws of the State of Utah with its registered agent located at 7533 S. Center View Ct., Suite R, West Jordan, UT 84084.

36.     Upon information and belief, Defendant Whitney J. Wright is a citizen and resident of Princeton, NJ and was a member of SPI.

37.     Upon information and belief, Defendant Christopher Sebes is a citizen and resident of Naples, Florida and was a member of SPI.

38.     Upon information and belief, Defendant Amanda Murphy is a citizen and resident of Tustin, California and was a member and Chief Operating Officer of SPI.

39.     Upon information and belief, Defendant Martin Scott is a citizen and resident of Boca Raton, Florida and was a member of SPI.

40.     Upon information and belief, Defendant Patrice Launay is a citizen and resident of Sunrise, Florida and was a member and Chief Financial Officer of SPI.

## JURISDICTION AND VENUE

5

41.     This Court has jurisdiction over Defendants pursuant to F.S.A § 48.193 because Defendants 1) operated, conducted, engaged in, or carried on a business or business venture in this state or had an office or agency in this state, and 2) committed tortious acts within this state.

42.     Venue is proper in this Court pursuant to F.S.A § 47.0111 because at least one defendant resides, is citizens of, and/or is located in Collier County, Florida.

**COUNT I**
**INTERFERENCE WITH A BUSINESS RELATIONSHIP AND/OR EXPECTANCY**
**(As to Defendants)**

43.     Plaintiff incorporates the material facts contained in the previous paragraphs above as if fully set forth herein.

44.     At all times relevant, Plaintiff and SPI maintained a business relationship.  Plaintiff loaned SPI money, and maintained the right of repayment pursuant to the terms of the Agreement.  Prior to filing bankruptcy, this contract was enforceable.

45.     Defendants, as directors of SPI, had knowledge of Plaintiff's and SPI's business relationship.

46.     Defendants interfered with Plaintiff's and SPI's business relationship.  Defendants substantially assisted and/or encouraged the above-referenced acts of wrongdoing.  Defendants' acts, as detailed herein, were intentional and unjustified.

47.     SPI's insolvency makes Plaintiff the principal constituency injured by any fiduciary breaches that diminished the SPI's value.

48.     Defendants were terminated from their director positions, such that they do not maintain any fiduciary duties to maximize the value of SPI.

49.     Defendants maintained a fiduciary duty to SPI, its shareholders, and to Plaintiff.

50.     As detailed above, Defendants breached their fiduciary duties.

6

51.    Defendants maintained the requisite knowledge of the above-referenced breaches.

52.    Defendants were involved in an illicit scheme to overstate profits and conceal SPI's insolvency; Defendants were aware of these schemes; and Defendants knowingly assisted in the plans.  Defendants' acts are not privileged since they maintained a purely malicious motive divorced from any legitimate economic interest.

53.    Upon information and belief, Defendants induced and encouraged the above-referenced acts, plus they pushed or influenced SPI to breach the Agreement.

54.    Prior to filing bankruptcy, Plaintiff's and SPI's Agreement would have likely been completed if Defendants did not interfere.

55.    Defendants were not acting as agents of SPI when the Agreement was entered into.

56.    Therefore, because of Defendants' conduct, Plaintiff has been damaged in an amount in excess of seven hundred, forty-seven thousand, five hundred dollars ($747,500.00).

## COUNT II
## NEGLIGENCE AND/OR GROSS NEGLIGENCE
### (As to Defendants)

57.    Plaintiff incorporates the material facts contained in the previous paragraphs above as if fully set forth herein.

58.    Upon information and belief, Defendants mismanaged SPI when they: (1) failed to make realistic adjustments to booking and revenue projections; (2) failed to streamline their redundant systems to contend with loss-producing events; (3) prepared unsubstantiated business plans based upon projections grounded on speculation and wishful thinking; (4) refused to become adequately informed of all reasonable information provided by consultants; (5) ignored advise to cut redundant, duplicative and unnecessary costs; (6) ignored advice to formulate a back-up plan; (7) borrowed and stretched their trade payables while waiting for a "white knight" suitor; (8)

7

adopted a strategy that ignored the realities of the market; (9) refused to exercise reasonable oversight of SPI's business.

59.     Each Defendant individually had the duty to not engage in the above-referenced acts or otherwise mismanage SPI.

60.     Each Defendant individually violated one or more of the above-mentioned duties.

61.     Each Defendant individually acted with reckless disregard when he/she violated one or more of the above-mentioned duties.

62.     Therefore, as a result of Defendants' conduct, Plaintiff has been damaged in an amount in excess of seven hundred, forty-seven thousand, five hundred dollars ($747,500.00).

**COUNT III**
**CIVIL CONSPIRACY**
**(As to Defendants)**

63.      Plaintiff incorporates the material facts contained in the previous paragraphs above as if fully set forth herein.

64.     Defendants and AGP had a meeting of the minds to complete the equity raise and never pay Plaintiff the amount it is owed pursuant to the terms of the Agreement.

65.     Defendants and AGP accomplished the equity raise.

66.     Defendants and AGP were involved in the negotiations of and encouraged the equity raise, yet disregarded the Agreement.

67.     Defendants and AGP encouraged CPI: (a) to breach the Agreement; (b) to file a false prospectus statement that never disclosed Claimant's senior, secured debt; and (c) never fund the payoff of the loan.

68.     Defendants and AGP intentionally interfered with the contractual relationship between the Plaintiff and CPI, as detailed herein.

8

69.     Defendants and AGP agreed to engage in an unlawful act when they agreed to pursue an equity raise shortly before filing for bankruptcy protection.

70.     Defendants and AGP agreed to engage in an unlawful act to deceive the Plaintiff.

71.     As detailed herein, at least one Defendant knew of the equity raise scheme so as to be held responsible for the acts of all Defendants and AGP.

72.     As detailed herein, at least one Defendant took an overt act in furtherance of the conspiracy.

73.     Defendants and AGP assisted SPI in the equity raise, creating the appearance of a strong financial condition.  That appearance allowed Defendants to prolong the existence of their scheme and ultimately allowed the Defendants to recover funds through the equity raise which were otherwise due to Plaintiffs.

74.     Therefore, as a result of Defendants' and AGP's conspiracy, and their subsequent failure to fulfill said promises, Claimant has been damaged in an amount in excess of seven hundred, forty-seven thousand, five hundred dollars ($747,500.00).

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**
**(As to Defendants)**

75.     Plaintiff incorporates the material facts contained in the previous paragraphs above as if fully set forth herein.

76.     As detailed herein, Defendants owed Plaintiff fiduciary duties which are implied by law since Plaintiff reposed confidence in Defendants and Defendants accepted Plaintiff's trust. The parties established a relationship of trust and confidence.

77.     Defendants knew or had reason to know that Plaintiff placed its trust and confidence in them so as to counsel and inform Plaintiff of the equity raise.

9

78.    Special circumstances imposed a fiduciary duty on the Defendants since they received a greater economic benefit than from a typical transaction.

79.    SPI's substantial equity raise, which directly benefited Defendants, contributed to Plaintiff's loss and SPI's breach of contract before it filed for bankruptcy protection.

80.    Defendants breached their fiduciary duties to Plaintiff when they breached: (1) the duty to refrain from self-dealing, (2) the duty of loyalty, (3) the overall duty to not take unfair advantage and to act in the best interest of Plaintiff, and (4) the duty to disclose material facts.

81.    As detailed herein, Defendants took unfair advantage of Plaintiff and did not act in Plaintiff's best interests when they pursued the equity raise and failed to protect Plaintiff's interest in the same.

82.    Defendants failed to fairly and honestly disclose to the Plaintiff all the facts which might be presumed to influence Plaintiff in regard to its actions, including the fact that SPI was on the verge of filing bankruptcy.  Defendants knew that SPI was weak and on the verge of filing bankruptcy shortly after the substantial equity raise.

83.    Defendants breached their fiduciary duty by not disclosing the nature of the equity raise, which Plaintiff would have relied upon to payoff the secured loan to SPI.

84.    Defendants assumed a duty to disclose facts material to the equity raise, peculiarly within their knowledge, and not otherwise available to Plaintiff.

## CONCLUSION

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor as follows:

a.  Enter judgment in favor of Plaintiff and against Defendants, jointly and severally;

b.  Award Plaintiff damages in an amount in excess of seven hundred, forty-seven thousand, five hundred dollars ($747,500.00), including, but not limited to costs and

attorney's fees incurred in pursuing this action, and any pre-judgment and/or post-judgment interest available under applicable law;

c.  Award punitive, special, nominal, and/or exemplary damages; and

d.  For such other and further amounts that may be appropriate under the circumstances, the law.

**[SIGNATURES AND SERVICE ON FOLLOWING PAGE]**

11

Dated: June 9, 2025,                              Respectfully submitted,

                                                  /s/ *Charles J. McHale*
                                                  Dale T. Golden
                                                  Charles J. McHale
                                                  MARTIN GOLDEN LYONS WATTS
                                                  MORGAN, PLLC
                                                  410 South Ware Blvd., Suite 806
                                                  Tampa, FL 33619
                                                  Phone: (314) 669-5490
                                                  Facsimile: (888) 632-6937
                                                  dgolden@mgl.law
                                                  cmchale@mgl.law

                                                  *Attorneys for Balanced Management, LLC*

## CERTIFICATE OF SERVICE

I, Charles J. McHale, certify that on June 9, 2025, I electronically filed the foregoing document with the Clerk of the Judicial Circuit for Collier County, Florida using the electronic filing system which will send notification of such filing to the electronic filing participants registered to receive service in this action.

                                                  /s/ *Charles J. McHale*