*Tagged opinion*
*Do not publish*



## ORDERED in the Southern District of Florida on January 9, 2026.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## www.flsb.uscourts.gov

*In re:*

SHIFTPIXY, INC. *et al*,[1]

      Debtor(s).        /

Case No.: 24-21209-LMI

Chapter 7

## ORDER GRANTING APIZZA'S MOTION
## TO AMEND OR MAKE ADDITIONAL FINDINGS
## WITH RESPECT TO ORDER ON STAY RELIEF AND CLAIM OBJECTION

THIS MATTER came before the Court on Monday, December 1, 2025, at 10:30 a.m. (the "December Hearing") upon *APIZZA's Motion to Amend or Make Additional Findings with Respect to Order on Stay Relief and Claim Objection* (ECF #384) (the "Motion") filed by APIZZA, LLC ("APIZZA"), wherein APIZZA requested entry of an order amending or making additional findings under Federal Rule of Bankruptcy Procedure 7052 with respect to this Court's *Order on*

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

*Motion for Relief from Stay and Objection to Claim* (ECF #374) (the "Stay Relief and Claim Order").

The Court considered the Motion, as well as the *Trustee's Response in Opposition to Apizza's Motion to Amend or Make Additional Findings with Respect to Order on Stay Relief and Claim Objection* (ECF #402) filed by the Chapter 7 Trustee, Jacqueline Calderin (the "Trustee"), and the argument of both counsel for APIZZA and the Trustee at the December Hearing. For the reasons stated on the record, as well as for the reasons stated below, the Court grants the Motion and makes the following findings of fact and conclusions of law to amend and supplement the Stay Relief and Claim Order.

## **PROCEDURAL BACKGROUND**

On October 28, 2024 (the "Petition Date"), ShiftPixy, Inc., ShiftPixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), and, on October 30, 2024, the Debtors' cases were procedurally consolidated by order of this Court. On January 31, 2025, the Debtors' cases were converted from cases under Chapter 11 of the Bankruptcy Code to cases under Chapter 7 (ECF #179) and Jacqueline Calerdin was appointed as the Chapter 7 Trustee (ECF #182).

Pre-Petition, on March 8, 2024, APIZZA initiated a state court lawsuit against the Debtors and non-debtors Shift Human Capital Management Inc. d/b/a ShiftPixy, ShiftPixy Corporate Services, Inc., Scott Absher, and Mark Absher (the "Abshers") (collectively, "ShiftPixy"), in the Superior Court of the State of California, case number 30-2024-01385218-CU-BT-CJC (the "State Court Action"). In the State Court Action APIZZA asserted nine causes of action including breach of fiduciary duty, fraud, conversion, unjust enrichment, breach of contract, breach of the implied

2

covenant of good faith and fair dealing, unfair business practices, common count: account stated, and declaratory relief. In the State Court Action, APIZZA alleges it paid ShiftPixy to file for and secure Employee Retention Tax Credits ("ERTCs") from the IRS that rightfully belong to APIZZA, but which it never received and that ShiftPixy misled APIZZA, concealed facts, and refused to provide copies of the tax forms ShiftPixy submitted on APIZZA's behalf for these credits, so ShiftPixy could improperly pursue the credits for itself.

On December 17, 2024, APIZZA filed Proof of Claim No. 28-1 in the amount of $2,287,269.15 (the "Claim"). The basis of the Claim is the State Court Action. On June 30, 2025, the Trustee filed a partial objection to APIZZA's Claim (ECF #311) (the "Claim Objection")[2] objecting only to two of the nine causes of action in the Claim—breach of fiduciary duty and fraud—arguing those causes of action are derivative claims that belong exclusively to the estate. On July 30, 2025, APIZZA filed *Apizza's Response to Trustee's First Omnibus Objection to Claim No. 28-1* (ECF #324) (the "Claim Objection Response") arguing that its breach of fiduciary duty and fraud claims are not property of the estate because the injury is particularized to APIZZA and therefore those claims are direct and not derivative claims.

On August 6, 2025, APIZZA filed a *Motion for Relief from the Automatic Stay* (ECF #330) (the "Stay Relief Motion"), seeking relief to proceed with the State Court Action and prosecute its claims against Mark Absher and Scott Absher (the "Abshers"), directors and officers of the Debtor. On September 18, 2025, the Trustee filed a *Response to Apizza's Motion for Relief from the Automatic Stay* (ECF #344) (the "Stay Relief Response"), arguing that APIZZA's breach of fiduciary duty and fraud claims were derivative in nature and belonged to the bankruptcy estate.

---

[2] *Trustee's First Omnibus Objection to Claims of: Apizza [#28], Diamondback [#56], Little John's Gourmet [#57], WG1, LLC [#61], and WG 3, LLC [#62]* (ECF #311).

On October 16, 2025, the Court held a hearing on the Stay Relief Motion and Claim Objection (the "October Hearing"). At the October Hearing, the Trustee argued that APIZZA's breach of fiduciary duty and fraud claims were derivative claims that belonged to the estate and that the allegations underlying APIZZA's claims overlapped with those of other creditors and were addressed in the Trustee's proposed settlement with XL Specialty Insurance Company, the Abshers, and/or other directors and officers (ECF #369) (the "Settlement Motion"). On the other hand, APIZZA argued that its claims are specific, direct claims that belong to APIZZA.

At the October Hearing on the Stay Relief Motion and Claim Objection, the Court acknowledged its familiarity with the factual allegations and legal arguments presented in the Stay Relief Motion, the Trustee's Stay Relief Response, the Claim Objection, and the Claim Objection Response. The Court also noted that it would review the record and applicable law prior to issuing the Stay Relief and Claim Order. On October 20, 2025, the Court entered the Stay Relief and Claim Order denying APIZZA's Stay Relief Motion and sustaining the Trustee's Claim Objection. The Stay Relief and Claim Order did not include detailed findings of fact or conclusions of law due to the necessity of having it entered promptly due to the Trustee's pending Settlement Motion, but the Court indicated at the October Hearing on the Claim Objection and Stay Relief Motion that it would later enter a more detailed order.

APIZZA subsequently filed the Motion requesting that the Court make detailed findings of fact and conclusions of law in accordance with the Court's stated intention to do so and in order to extend the deadline to file a notice of appeal of the Stay Relief and Claim Order until such time as the detailed findings of fact and conclusions of law could be made. For the reasons set forth in the record, the initial Stay Relief and Claim Objection Order, and in this order granting the Motion, the Court denies the Stay Relief Motion and sustains the Claim Objection.

4

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

APIZZA's breach of fiduciary duty and fraud claims are derivative in nature as these claims are based on harm that is not unique to APIZZA. Moreover, APIZZA's claims overlap with those addressed in the Settlement Motion. A derivative action is brought by a party (typically a shareholder outside of bankruptcy) to enforce a right belonging to the corporation. *See Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1361 (M.D. Fla. 2009) (citing *Fox v. Prof'l Wrecker Operators of Florida, Inc.*, 801 So. 2d 175, 179 (Fla. 5th DCA 2001). A derivative action seeks redress for an injury to the corporation or the general body of stakeholders. *See Lewis*, 654 F. Supp. 2d at 1361. A direct action, by contrast, seeks redress for an injury suffered by the individual that is separate from any injury sustained by others. *See id.* (citing *AmSouth Bank v. Wynne*, 772 So.2d 574, 575 (Fla. 1st DCA 2000)).

Florida employs the "separate and distinct injury" test to determine whether a claim is direct or derivative. *See Lewis*, 654 F. Supp. 2d at 1361 (citing *Alario v. Miller*, 354 So.2d 925, 926 (Fla. 2d DCA 1978)). "Under the separate and distinct injury test, the injury must be sustained directly by the stockholder and the injury must be separate and distinct from any injury sustained by other stockholders." *Lewis*, 654 F. Supp. 2d at 1361-62. However, if a claim can be characterized as both derivative and direct, it must be brought as a derivative action. *See id.* at 1362 (citing *Hodges v. Buzzeo*, 193 F. Supp. 2d 1279, 1288 (M.D. Fla. 2002)). Claims that are derivative in nature and belong to the bankruptcy estate cannot be pursued independently by a creditor without leave of the Court. *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 219

---

[3] The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."). To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, as conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

5

(2024); *see also In re Bank United Fin. Corp.*, 442 B.R. 49 (Bankr. S.D. Fla. 2010) (holding that cause of action for alleged fiduciary breach that resulted in diminution in value of bank and, thus, of debtor's equity interest therein, was in nature of derivative claim, which could only be pursued by the receiver).

APIZZA argues its breach of fiduciary duty and fraud claims are "personal claims" belonging to APIZZA because the tax credits at issue are an amount allowed against APIZZA's employment taxes, APIZZA provided ShiftPixy with APIZZA's payroll tax data to complete the necessary forms and submit them to the IRS, and therefore no other creditor could conceivably have an interest in credits based on APIZZA's tax data. While APIZZA's loss of *its* tax credits is unique to APIZZA, the injuries described by APIZZA in its complaint, its claim, and its motions, all are similar to, if not identical to, injuries suffered by other creditors. As the Court stated at the October Hearing , the Court had several hearings dealing with identical claims and injuries alleged by other creditors. A review of the claims register, as well as representations made in various pleadings or hearings underscore the similarities of the injuries allegedly caused by the Abshers' misrepresentations.

Under the "separate and distinct injury" test applied in Florida, APIZZA cannot show that its alleged claims for harm against the Abshers are distinct from the harm suffered by other creditors. Therefore, the claims are derivative, not direct. *See Lewis*, 654 F. Supp. 2d at 1361-62; *see also Next Century Communications Corp. v. Ellis*, 171 F. Supp. 2d 1374, 1381 (N.D. Ga. 2001); *Lubin v. Skow*, 382 Fed. Appx. 866 (11th Cir. 2010) (holding that breach of fiduciary duty claims against officers of bank were derivative).

APIZZA sought stay relief arguing there would be no prejudice to the Debtors or the estate because APIZZA's claims against the Abshers do not involve property of the estate because the

injury is specific to APIZZA. The Court concludes that, because APIZZA is not entitled to pursue its claims against the Abshers for breach of fiduciary duty and fraud and that such claims are property of the estate, APIZZA failed to demonstrate cause for relief from the automatic stay under 11 U.S.C. §362(d).

The Court finds that the Stay Relief and Claim Order, as supplemented by this Order, satisfies the requirements of Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** as follows:

1. The Motion (ECF #384) is **GRANTED**.

2. The Stay Relief and Claim Order (ECF #374) is supplemented to include the findings of fact and conclusions of law set forth in this Order.

3. The Stay Relief Motion (ECF #330) is **DENIED**.

4. The Trustee's Claim Objection (ECF #311) is **SUSTAINED**.

5. The Court's rulings are without prejudice to the Trustee's continued administration of the estate and the Settlement Motion.

# # #

**Copy to:**
Robert P. Charbonneau, Esq.
　　*Attorney Charbonneau is directed to serve a conforming copy herein upon all interested parties and file a certificate of service as required under Local Rule 2002-1(F).*