# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

*In re:*

SHIFTPIXY, INC.,[1]

_____Debtors._____ /

Case No.: 24-21209-LMI

Chapter 7

(Jointly Administered)

## SUBPOENA FOR TESTIMONY AT DEPOSITION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY PROCEEDING</u>

**TO :** CBIZ CPAS P.C. f/k/a Marcum LLP
c/o Corporation Service Company, Registered Agent
80 State Street,
Albany, NY 12207

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| **Via Zoom (link, meeting ID, passcode to be provided)** | **Tuesday, April 28, 2026 at 10:00 a.m.** |

The examination will be recorded by: Authorized Court Reporter

☒*Production:* You, or your representatives, are also requested to produce documents, electronically stored information, or objects on the attached schedule, and must permit inspection, copying, testing, or sampling of the material on **April 13, 2026 at 10:00am**, at Agentis, PLLC, 45 Almeira Ave, Coral Gables FL 33134, or by e-mail at rpc@agentislaw.com. If the files are too large to produce by e-mail, a DropBox link will be provided upon request.

**SEE ATTACHED EXHIBIT "A"**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.

1



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

Date: March 12, 2026          By:    /s/ Robert P. Charbonneau
                                                                       Robert P. Charbonneau
                                                                       Florida Bar No.: 968234
                                                                       rpc@agentislaw.com
                                                                       AGENTIS PLLC
                                                                       Attorneys for Chapter 7 Trustee
                                                                       45 Almeria Avenue
                                                                       Coral Gables, Florida 33134
                                                                       T 305.722.2002

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

**I received this subpoena for (Name of individual and title, if any):**
_____ **on (date)**_____.

**X** I served the subpoena by delivering a copy to the named person as follows:
via Certified Mail and U.S. First Class Mail* to:

CBIZ CPAS P.C. f/k/a Marcum LLP
c/o Corporation Service Company, Registered Agent
80 State Street,
Albany, NY 12207


on March 12, 2026.

☐ I returned the subpoena unexecuted because:
_____
_____

Unless the subpoena was issued on behalf of the United States or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:

>  _/s/ Robert P. Charbonneau_
> Server's signature
>
> Robert P. Charbonneau, Attorney
> Printed name and title
>
> 45 Almeria Ave., Coral Gables, FL 33134
> Server's Address

Additional information concerning attempted service, etc.:

\*  Fed. R. Civ. P. 45 subpoenas may be served via U.S. Mail. *See Codrington v. Anheuser–Busch, Inc.*, 1999 WL 1043861 (M.D. Fla. 1999); *In re Falcon Air Express, Inc.*, 2008 WL 2038799 (Bankr. S.D. Fla. 2008)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them



# DEFINITIONS

For purposes of responding to the document requests contained herein (the "**Requests**" and each, a "**Request**,") the following definitions shall apply.

1. The terms "**Examinee**," "**You**" or "**Your**" refer to **MARCUM, LLP** and all of its affiliates, subsidiaries, predecessors, successors and/or assigns, agents, attorneys, employees, joint venturers, partners, and all other persons acting for, purporting to act for, or subject to the control of **MARCUM, LLP.**

2. The term "**SHIFTPIXY**" means SHIFTPIXY, INC. (EIN: 47-4211438), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of the Shiftpixy, or its subsidiaries, parents, predecessors or successors.

3. The term "**SP STAFFING**" means SHIFTPIXY STAFFING, INC. (EIN: 86-1512107), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of the SP Staffing, or its subsidiaries, parents, predecessors or successors.

4. The term "**RETHINK**" means RETHINK HUMAN CAPITAL MANAGEMENT, INC. (EIN: 84-3983709), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of the ReThink, or its subsidiaries, parents, predecessors or successors.

5. The term "**Debtors**" refers to Shiftpixy, SP Staffing, and ReThink.

6. The term "**SP CORPORATE** " means SHIFTPIXY CORPORATE SERVICES, INC. (EIN: 86-1593503), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of SP Corporate, or its subsidiaries, parents, predecessors or successors.

7. The term "**SP PRODUCTIONS**" means SHIFTPIXY PRODUCTIONS, INC. (EIN: 86-1614699), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to



act for, or subject to or under the control of SP Productions, or its subsidiaries, parents, predecessors or successors.

8. The term **"Related Entities"** means SP Corporate, SP Productions, SP Kitchens, SP Labs, SP Contracting, Rethink Admin, Firemark, Human Bees, Nacho Nukes, Dude Rudy, Bunny Grub, Lucky.

9. The term "**Case**" means the instant bankruptcy case, styled *In re: ShiftPixy, Inc.* (Case No.: 24-21209-LMI), pending in the United States Bankruptcy Court, Southern District of Florida, Miami Division.

10. The term "**Petition Date**" means the date of **October 28, 2024** the date on which the Debtors filed their respective petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

11. The term "**Relevant Time Period**" means four (4) years from the Petition Date **through** the date of Your response.

12. The term "**Accounts**" means any and all bank accounts including, without limitation, checking, savings, certificates of deposit and other deposit accounts, trust, escrow, investment and/or other such accounts opened, established, maintained and/or held by a financial institution, bank or credit union.

13. As used herein, the term "**Document**" includes every writing, printed or graphic matter, or record of any type and description that is in the possession, control, or custody of You or Your agents, employees, attorneys or representatives, including documents which were prepared by Your agents, employees, attorneys or representatives, which did not leave the custody of the person preparing them, including without limitation, the original and any non-identical copy of any of the following: correspondence, memoranda, stenographic or handwritten notes (of meetings, conferences, and telephone or other conversations or communications), minutes of meetings, drafts, studies, publications, press releases, statements, transcripts of testimony, affidavits, summaries, excerpts, journals, diaries and calendar or diary entries, books, records, accounts pamphlets, voice recordings, reports, surveys, tables, charts, statistical compilations, analyses, applications, work papers, forms, or other writing or recording of any kind.  The term "document" also includes any commentary or notation of any kind which does not appear on the original or on another copy.  Without limitation of the term "control", a document is deemed to be within Your control if You have ownership, possession, or custody of the document or a copy thereof or the right or ability to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof.  Documents are only requested to be produced to the extent that they have not already been requested.

14. **"Copies"** of documents includes, but is not limited to, duplicates or counterparts of any original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive film and prints of an original or copy of reproductions and facsimiles of an original or copy, whether or not the same size, produced by



photographic, micro-photographic, photostatic, xerographic, electronic, computerized, or mechanical process, or by any other process, and enlargement and reductions thereof; and the data or other information comprising a record stored or transmitted as provided in the below definition of "Record," and the visible data or other information generated or regenerated or transmitted by such information storage or retrieval or transmission system or device, if it is legible or can be made legible by enlargement or other process.

15. "**Relating to**" means containing, constituting, showing, mentioning, reflecting, or pertaining or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

16. **"Person"** means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, association, partnership, business, public agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein, whether specific or within the term "person," to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates and the entity's and its subsidiaries' and affiliates' present and former directors, officers, employees, attorneys, agents, or anyone acting for any of them at their direction, or under their control.

17. "**Materials**" means all documents, letters, memoranda, notes, and any other written communication and written notes of all oral communications, whether in person or by telephone, and every record of every type, including but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored, in Your possession, custody or control and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notations, or other change whatsoever that does not appear on the original or other copy of the document produced. Also included in this definition is any summary of a document or documents called for hereafter. It is requested that all documents be produced in the manner they are kept in the ordinary course of business.

18. "**Record**" includes but is not limited to each and every book of account and other books of every kind, journals, ledgers, statements, instruments, files, messages, writings of every kind, and other internal or other data and other information of every description made or received by You in the regular course of business or otherwise, regardless of the mode in which it is recorded; the original of any such record includes the data or other information comprising a record stored or transmitted in or by means of any electronic, computerized, mechanized, or other information storage or retrieval or transmission system or device which can upon request generate, regenerate, or transmit the precise data or other information comprising the record, and an original also includes the visible data or other information so generated, regenerated, or transmitted if it is legible or can be made legible by enlargement or other process.

19. "**Refer**" or "**relate to**" or "**reflecting**" means to make statement about, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain in whole or in part, to the subject.



20. "**Communication**" or "**communications**" means any verbal, written, or electronic means of conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, telephone conversation, or electronic conversation whether by instant message or electronic mail.

21. "**Contract**" or "**contracts**" shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

22. "**And**" and "**or**" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

23. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

24. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

25. The definitions set forth in 11 U.S.C. § 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7036. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.



C.  In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D.  If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; and (5) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

E.  In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F.  In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G.  All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

H.  All requests herein refer to the period from **October 1, 2020** to the date of production, unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

I.  The Examinee is requested to electronically produce all of the documents described on the attached Exhibit "A" to the offices of Agentis, PLLC, 45 Almeria Avenue, Miami, FL 33134, or by e-mail to: rpc@agentislaw.com; and rpcservice@agentislaw.com. If the files are too large to produce by e-mail, a DropBox link will be provided upon request.

## **TIME LIMITATION**

Unless otherwise specified, the requests sought for each category of documents are for the **four (4) year period** preceding the Petition Date through the date of Your response.

45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

# EXHIBIT "A"
# DOCUMENT REQUESTS

1.  Please provide the following information for any and all services provided by Marcum LLP, Marcum & Kliegman LLP (or any subsidiaries or related entities of Marcum LLP) to (i) ShiftPixy, Inc., ReThink Human Capital Management, Inc., ShiftPixy Staffing, Inc., (collectively, the "Debtors"); (ii) any subsidiaries and/or affiliates of the Debtors, including but not limited to Firemark Global Capital, Inc., Insurity Capital, Inc.; Industrial Human Capital, Inc., Vital Human Capital, Inc., TechStackery, Inc., and (iii) any company associated with officers and directors of the Debtors, including but not limited to Scott W. Absher.

    a. Copies of all engagement letters executed by Marcum LLP;
    b. A ledger/ accounting of all invoices and payments associated with services performed by Marcum LLP;
    c. Copies of all invoices issued by Marcum LLP;
    d. Detailed time entries associated with services provided by Marcum LLP including but not limited to client number, client name, engagement number, date, description, hours worked, hours billed, rate, and amount; and
    e. Copies of deliverables, including but not limited to audited financial statements, reviews, reports, memos and communications.

\* \* \*

**The Trustee expressly reserves the right to request additional documents as the investigation continues, as the litigation proceeds, as additional issues are uncovered, and as clarifications are required.**

agentis
**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**