**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re*

SHIFTPIXY, INC.[1],

Debtors. /

Case No.: 24-21209-RAM

Chapter 7

JACQUELINE CALDERIN, CHAPTER 7 TRUSTEE,

Plaintiff,

vs.

Adv. Case No.: _____- ___________

NATIONAL CONCRETE POLISHING COMPANY, LLC

Defendant. /

## ADVERSARY COMPLAINT

Plaintiff, Jacqueline Calderin, not individually but solely in her capacity as the Chapter 7 Trustee (the Trustee") for the jointly administered bankruptcy estates (the "Estates") of Shiftpixy, Inc., Shiftpixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors"), sues National Concrete Polishing Company, LLC (the "Defendant"). In support of this Complaint, the Trustee alleges as follows:

## NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. The Trustee sues the Defendant to avoid and recover fraudulent transfers pursuant to Sections 544 and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc.



agentis Legal Advocates & Advisors
45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

"Bankruptcy Code"), Chapter 726 of the Florida Statutes ("Fla. Stat.") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Plaintiff is the Chapter 7 Trustee of the Debtors' Estates.

3. Debtor Shiftpixy, Inc. ("Shiftpixy") was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida. ShiftPixy's core business is a human capital management platform that provides a full suite of personnel staffing services to its clients.

4. Debtor Shiftpixy Staffing, Inc. ("Shiftpixy Staffing") was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida.

5. Debtor ReThink Human Capital Management, Inc. ("ReThink") (Shiftpixy, Shiftpixy Staffing and ReThink, collectively the "Debtors") was a for-profit corporation incorporated in the State of Wyoming, with its principal office located in Miami-Dade County, Florida.

6. Defendant is a limited liability company incorporated in the State of Florida, with its principal place of business in Pompano Beach, Florida.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

8. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (H) and (O).

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10. All conditions precedent to the filing of this action have been performed, waived, satisfied, excused and/or have otherwise occurred.

## PROCEDURAL BACKGROUND

11. On October 28, 2024, each of the Debtors initiated their respective bankruptcy cases[2] (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

12. On January 31, 2025, the Court entered conversion orders converting the Bankruptcy Cases from Chapter 11 cases to Chapter 7 cases [Shiftpixy, ECF #179; Shiftpixy Staffing, ECF #14; ReThink, ECF #14].

13. On January 31, 2025, Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' Estates [Shiftpixy, ECF #182; Shiftpixy Staffing, ECF #18; ReThink, ECF #18].

## COUNT 1: AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND FLA. STAT. §§ 726.105(1)(A)

14. The Trustee realleges the allegations set forth in the paragraphs 1 through 13 and incorporates those allegations by reference.

15. On or within four years of the Petition Date, that is between October 28, 2020, and October 28, 2024, the Defendant received certain transfers from ShiftPixy totaling at least $50,356.00 (collectively, the "Four Year Transfers", and if more than one transfer, each individually a "Transfer"). Evidence of the Four Year Transfers is attached as **Exhibit A.**[3]

---

[2] *In re Shiftpixy, Inc.*, Case No.: 24-21209-LMI; *In re Shiftpixy Staffing, Inc.*, Case No.: 24-21212-LMI; *In re ReThink Human Capital Management, Inc.*, Case No. 24-21214-LMI.

[3] The Trustee reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the Estate may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on ShiftPixy's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from ShiftPixy or the Estate (collectively, the "Claims"), the Trustee reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right. Additionally, during the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional avoidable transfers made to the Defendant. It is the Trustee's intention to avoid and recover all transfers made by ShiftPixy of an interest of ShiftPixy in property and to or for the benefit of Defendant or any other transferee. The Trustee reserves the right to amend this Complaint to include: (i)



agentis
Legal Advocates & Advisors
45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

16. At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of ShiftPixy that was harmed by the transfer.

17. The Four Year Transfers were made with the actual intent to hinder, delay, or defraud a creditor(s) of ShiftPixy.

18. ShiftPixy's records do not indicate that the Four Year Transfers had a connection with or were related to ShiftPixy's business.

19. ShiftPixy's records do not indicate that the Defendant provided ShiftPixy with reasonably equivalent value in exchange for the Four Year Transfers.

20. ShiftPixy's records do not indicate that ShiftPixy was indebted to Defendant for the Four Year Transfers.

21. The Four Year Transfers were transfers of ShiftPixy's property.

22. ShiftPixy was insolvent or became insolvent shortly after the Two Year Transfers were made or the obligations were incurred.

23. ShiftPixy is entitled to avoid and recover the Four Year Transfers pursuant to 11 U.S.C. §544 and Fla. Stat. §726.105(1)(a).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment against Defendant:

A. Declaring the Four Year Transfers to be fraudulent transfers pursuant to Fla. Stat. §726.105(1)(a);

B. Avoiding the Four Year Transfers as fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(a);

further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, and/or (iv) additional defendants that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

C. Awarding to the Trustee the value of the Four Year Transfers together with pre- and post-judgment interest;

D. Requiring the Defendant to repay the Four Year Transfers to the Trustee; and

E. Granting such other and further relief as may be equitable and just.

**COUNT 2:**
**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND FLA. STAT. §§ 726.105(1)(B)**

24. The Trustee realleges the allegations set forth in the paragraphs 1 through 13 and incorporates those allegations by reference.

25. On or within four years of the Petition Date, that is between October 28, 2020, and October 28, 2024, ShiftPixy made the Four Year Transfers to the Defendant.

26. At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of ShiftPixy that was harmed by the transfer.

27. The Four Year Transfers were each made without ShiftPixy having received reasonably equivalent value in exchange for each of the Four Year Transfers, and ShiftPixy either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of ShiftPixy were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they came due.

28. The Debtor's records do not indicate that the Four Year Transfers had a connection with or were related to ShiftPixy's business.

29. ShiftPixy's records do not indicate that the Defendant provided ShiftPixy with reasonably equivalent value in exchange for the Four Year Transfers.

30. ShiftPixy's records do not indicate that ShiftPixy was indebted to Defendant for the Four Year Transfers.

31. The Four Year Transfers were transfers of ShiftPixy's property.

32. ShiftPixy is entitled to avoid and recover the Four Transfers pursuant to 11 U.S.C. §544, and Fla. Stat. §726.105(1)(b).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment against Defendant:

A. Declaring the Four Year Transfers to be fraudulent transfers pursuant to Fla. Stat. §726.105(1)(b);

B. Avoiding the Four Transfers as fraudulent transfers pursuant to Fla. Stat. § 726.105(1)(b);

C. Awarding to the Trustee the value of the Four Year Transfers together with pre- and post-judgment interest;

D. Requiring the Defendant to repay the Four Year Transfers to the Trustee; and

E.. Granting such other and further relief as may be equitable and just.

**COUNT 3:**
**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE §544(B)(1) AND FLA. STAT. §§726.106(1)**

33. The Trustee realleges the allegations set forth in the paragraphs 1 through 13 and incorporates those allegations by reference.

34. On or within four years of the Petition Date, that is between October 28, 2020, and October 28, 2024, ShiftPixy made the Four Year Transfers to the Defendant.

35. The Four Year Transfers were made without ShiftPixy receiving a reasonably equivalent value in exchange for the Four Year Transfers.

36. The Four Year Transfers were made at a time that ShiftPixy was insolvent, or it became insolvent as a result of the Four Year Transfers.

37. At the time of each of the Four Year Transfers there existed at least one actual creditor of ShiftPixy that was harmed by the Four Year Transfers.

38. The Debtor's records do not indicate that the Four Year Transfers had a connection with or were related to ShiftPixy's business.

39. ShiftPixy's records do not indicate that the Defendant provided ShiftPixy with reasonably equivalent value in exchange for the Four Year Transfers.

40. ShiftPixy's records do not indicate that ShiftPixy was indebted to Defendant for the Four Year Transfers.

41. The Four Year Transfers were transfers of ShiftPixy's property.

42. ShiftPixy is entitled to avoid and recover the Four Transfers pursuant to 11 U.S.C. §544, and Fla. Stat. §726.106(1).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment against Defendant:

A. Declaring the Four Year Transfers to be fraudulent transfers pursuant to Fla. Stat. §726.106(1);

B. Avoiding the Four Year Transfers as fraudulent transfers pursuant to Fla. Stat. §726.106(1);

C. Awarding to the Trustee the amount of the Four Year Transfers together with and pre- and post-judgment interest;

D. Requiring the Defendant to repay the Four Year Transfers to the Trustee; and

E. Granting such other and further relief as may be equitable and just.

**COUNT 4:**
**RECOVERY OF THE PROPERTY PURSUANT TO BANKRUPTCY CODE § 550**

43. Trustee realleges the allegations set forth in the paragraphs 1 through 13 and incorporates those allegations by reference.

44. The Four Year Transfers are avoidable pursuant to Bankruptcy Code §§ 544, and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106.

45. With respect to the Four Year Transfers, the Defendant was either the initial transferee or entity for whose benefit the Four Year Transfers were made under Bankruptcy Code §550(a)(1); or, alternatively, an immediate or mediate transferee within the meaning of Bankruptcy Code §550(a)(2).

46. To the extent that the Defendant was or is found to be an immediate or mediate transferee within the meaning of Bankruptcy Code §550(a)(2), the Defendant was not a transferee who took for value, in good faith, without knowledge of the voidability of the Four Year Transfers, within the meaning of 11 U.S.C. §550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of 11 U.S.C. §550(b)(2).

47. The Four Year Transfers are, or the value of the Four Year Transfers is, recoverable from the Defendant by the Trustee pursuant to Bankruptcy Code § 550.

WHEREFORE, the Trustee respectfully requests that the Court enter a judgment against the Defendant:

A. Declaring the Defendant to be either an initial transferee of the Four Year Transfers or entity for whose benefit the Four Year Transfers were made under Bankruptcy Code § 550(a)(1); or, alternatively, an immediate or mediate

transferee of the Four Year Transfers within the meaning of Bankruptcy Code §550(a)(2);

B. Directing the Defendant to turn over to the Trustee the Four Year Transfers or the value of the Four Year Transfers, or awarding to the Trustee money damages against the Defendant in the amount of the Four Year Transfers, plus pre- and post-judgment interest; and

C. Granting such other and further relief as may be equitable and just.

**COUNT 5:**
**UNJUST ENRICHMENT AGAINST DEFENDANT RELATING TO THE TRANSFERS**

48. The Trustee realleges the allegations set forth in the paragraphs 1 through 13 and incorporates those allegations by reference.

49. ShiftPixy conferred a benefit on the Defendant by virtue of the Four Year Transfers.

50. The Defendant voluntarily accepted and retained the benefit conferred by accepting the Four Year Transfers.

51. The circumstances set forth above render the Defendant's retention of the Four Year Transfers inequitable unless the Defendant pays ShiftPixy the value of the Four Year Transfers.

52. The Defendant was unjustly enriched by virtue of the Four Year Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a judgment:

A. Granting money damages to the Trustee against the Defendant in the amount of the Four Year Transfers, for the benefit of the Estate, plus pre- and post-judgment interest; and

B. Granting such other and further relief as may be equitable and just.

Dated: August 24, 2026

AGENTIS PLLC
***Counsel for the Chapter 7 Trustee***
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By: *__/s/ Jesse R. Cloyd__*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

# Exhibit "A"

In re: ShiftPixy, Inc., et. al.
Case No.: 24-21209-LMI

Schedule of Payments Made to National Concrete Polishing Co LLC
From Accounts Held in the Name of ShiftPixy, Inc.
During the Period October 28, 2020 through October 28, 2024

*(Sorted by Date)*

| Institution | Account Name | Account No. (Last 4 Digits) | Date | Transaction Type | Check No. | (Payee) | Funds Disbursed |
|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, N.A. | ShiftPixy, Inc. | x9208 | 04/12/21 | Checks | 5247 | National Concrete Polishing Co LLC | (3,600.00) |
| Wells Fargo Bank, N.A. | ShiftPixy, Inc. | x9208 | 05/21/21 | Checks | 5311 | National Concrete Polishing Co LLC | (20,880.50) |
| Wells Fargo Bank, N.A. | ShiftPixy, Inc. | x9208 | 06/07/21 | Checks | 5344 | National Concrete Polishing Co LLC | (3,495.00) |
| Wells Fargo Bank, N.A. | ShiftPixy, Inc. | x9208 | 06/14/21 | Wires - Outgoing | | National Concrete Polishing Co LLC | (20,880.50) |
| Wells Fargo Bank, N.A. | ShiftPixy, Inc. | x9208 | 06/30/21 | Wires - Outgoing | | National Concrete Polishing Co LLC | (1,500.00) |
| | | | | | | **National Concrete Polishing Co LLC Total** | **$ (50,356.00)** |