**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Case No.: 24-21209-RAM |
| SHIFTPIXY, INC.,[1] | Chapter 7<br>(Jointly Administered) |
| Debtors. / | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN JACQUELINE CALDERIN, TRUSTEE AND BAIRESDEV LLC**

**Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.**

Jacqueline Calderin, as the Chapter 7 Trustee (the "Trustee"), of the jointly administered bankruptcy estates of ShiftPixy, Inc., ShiftPixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors"), files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9013-3(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, for entry of an order approving the settlement agreement attached hereto as **Exhibit "A"** (the "Settlement Agreement") entered into by and between the Trustee and BairesDev LLC (the "Transferee" or "BairesDev," and together with the Trustee, the "Parties," and each individually as a "Party"), and in support therefore states as follows:

## BACKGROUND

### A. The Bankruptcy Case

1. On October 28, 2024 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

Southern District of Florida, Miami Division (the "Court").

2. On January 31, 2025, the Court converted the Debtors' Chapter 11 cases to cases under Chapter 7, and the U.S. Trustee filed a notice appointing the Trustee [Dkt. Nos. 179, 182].

3. The Trustee has the authority to bring any claim or commence any adversary proceeding to avoid and recover potential preferential or fraudulent transfers belonging to the Estates pursuant to sections 547 and 550 of the Bankruptcy Code.

4. On April 6, 2026, Trustee's counsel sent a letter to the Transferee, and as subsequently amended, demanding the return of $266,577.60 in aggregate payments the Transferee received from the Debtors prior to the Petition Date from October 28, 2020, through October 28, 2024 (collectively, the "Transfers") on the grounds that such Transfers were avoidable and recoverable as alleged preferential and fraudulent transfers pursuant to Sections 544, 547, 548 and 550 of the Bankruptcy Code (the "Demand").

5. The Transferee disputes the Trustee's allegations, including the nature of the Transfers, and claims no liability to the Trustee or the Estates with respect to the Transfers.

6. The Trustee and the Transferee have agreed to settle their disputes regarding the Transfers and the Demand in order to avoid the uncertainties and expense of litigation.

**B. The Settlement Agreement**

7. The Parties have discussed their respective positions regarding the Demand. The Trustee and the Transferee have agreed to settle the Trustee's claims regarding the Demand pursuant to the terms set forth in the Settlement Agreement attached hereto as **Exhibit "A"** to avoid the uncertainties, expense, and delay of potential litigation (the "Settlement").

8. Pursuant to the Settlement Agreement, the Transferee shall pay the Trustee on behalf of the Debtors' estate in the form of a wire in the amount of One Hundred Sixty Thousand



agentis
Legal Advocates & Advisors

Dollars and 00/100 ($160,000.00) (the "Total Settlement Amount"). The Total Settlement Amount is payable in one lump sum and must be received by the Trustee no later than fourteen (14) days after the entry of the order approving the Settlement Agreement by the Bankruptcy Court becomes "final" in accordance with the Federal Rules of Bankruptcy Procedure (the "Final Order").

9. Under the terms of the Settlement Agreement, if the Transferee fails to deliver the Total Settlement Amount as set forth above, or otherwise defaults in any other provision set forth in the Settlement Agreement, the Trustee shall notify the Transferee of such default immediately in writing by U.S. mail or email to counsel for the Transferee. If the Transferee does not cure the default within five (5) business days of such written notice by the Trustee, the Trustee shall be entitled to the immediate entry of a default final judgment in the amount of the Transfers.

10. Pursuant to the Settlement Agreement, upon entry of the Final Order approving the Settlement Agreement, the Transferee shall be deemed to have released and discharged the Estates, the Trustee, and the Trustee's attorneys, other professionals (in their capacities as representatives of the Trustee), employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on the Trustee's behalf or at her discretion or control, from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of or which could have arisen out of, or relating to the Bankruptcy Case or the Transfers, including the right of the Transferee to file a claim under 11 U.S.C. § 502(h). However, notwithstanding the foregoing, the Transferee does not waive its proof of claim, Claim No. 35-1, in the amount of $1,868,438.00 filed in the ShiftPixy bankruptcy case. In addition, upon entry of the Final Order and the payment of the Total Settlement Amount, the Trustee shall be deemed to have released and discharged the Transferee, and its



agentis
Legal Advocates & Advisors

attorneys, other professionals (in their capacities as representatives of the Transferee), employees, agents, subsidiaries, affiliates, predecessors, successors and assigns from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of or which could have arisen from, or relating to the Transfers and the Bankruptcy Case.

## **RELIEF REQUESTED AND BASIS THEREFOR**

11. Through this Motion, the Trustee requests entry of an order approving the Settlement Agreement. The Settlement Agreement should be approved because the Total Settlement Amount will provide a significant distribution to creditors that would not otherwise be available without the costs to the Estates associated with litigation to recover the Transfers. As such, the Settlement Agreement is fair and equitable and is in the best interests of the Estates and its creditors.

12. Pursuant to Bankruptcy Rule 9019(a), the Court may approve a compromise or settlement. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* The legal standard for approval of settlements in the Eleventh Circuit is outlined in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990). *Justice Oaks* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.*

13. A bankruptcy court may approve a compromise or settlement under Bankruptcy Rule 9019(a). Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court and will not be disturbed or modified on appeal unless approval is an abuse of discretion. *See In re Arrow, Inc*., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

14. The Eleventh Circuit's legal standard for approval of settlements is outlined in *In re Justice Oaks, II, Ltd*., 898 F.2d 1544, 1549 (11th Cir. 1990). *Justice Oaks* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.* In determining the reasonableness of a proposed settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* The Trustee submits that the Settlement Agreement is well within the "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks*.

15. <u>First</u>, although the Trustee believes that she would be successful in avoiding and recovering at least a portion of the Transfers through an adversary proceeding, the Transferee vehemently disputes this fact and has asserted defenses in opposition to the Trustee's asserted claims. Due to the inherently unpredictable nature of litigation and the fact-intensive nature of the Trustee's claims and the Transferee's asserted defenses, the Trustee's probability of successfully obtaining a judgment against the Transferee in the full amount of the Transfers is ultimately uncertain.

16. <u>Second</u>, the Trustee is unaware at this time of any difficulties that would be encountered in collecting on any potential judgment against the Transferee.



agentis
Legal Advocates & Advisors

17. Third, the expense, delay, and inconvenience that would result from commencing an adversary proceeding through trial would diminish the Estatess assets and delay these proceeding and distributions to creditors with no guarantee of a successful outcome. Although the Trustee does not believe that the avoidance and recovery of the Transfers would raise overly complex legal issues, it would require fact-intensive inquiries into whether Debtors made all of the Transfers while insolvent, and/or with the actual intent to hinder, delay, or defraud creditors, and whether the Transferee may avail itself of any defense to the avoidance of such Transfers. The Total Settlement Amount will provide recoveries to the Estates equal to over 60% of the amount of the Transfers while avoiding the expense, uncertainties, delay, and inconvenience of conducting a trial in an adversary proceeding. The fees and costs of litigation associated with any adversary proceeding would significantly deplete the net recovery to the Estates even if the Trustee was successful in overcoming the Transferees' defenses and obtaining a judgment for the full amount of the Transfers.

18. Fourth, approval of the Settlement Agreement is in the best interests of creditors and all parties in interest. A resolution of the Demand and receipt of the Total Settlement Amount, together with a waiver of Transferees' section 502(h) claim,will provide value without the associated expense of litigation.

19. Thus, the Trustee believes that the Settlement Agreement, which provides value and avoids costly litigation and other expenses associated with trial, is reasonable, in the best interests of creditors, satisfies the *Justice Oaks* standard, and should be approved.

20. In addition to approval of the Settlement Agreement, the Trustee seeks a finding from the Court that notice upon all appearances of record, creditors who have filed proofs of



agentis
Legal Advocates & Advisors

claim or who have asserted an interest in the Debtor's estate, is sufficient notice to parties pursuant to Local Rule 2002-1.

**WHEREFORE** the Trustee respectfully requests that the Court enter an order in the form attached hereto as **Exhibit "B"** (a) approving the Settlement Agreement and (b) granting any further relief as the Court deems appropriate.

**AGENTIS PLLC**
*Counsel for the Chapter 7 Trustee*
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislawl.com

By: *_/s/ Jesse R. Cloyd_*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

**Exhibit "A"**
(Settlement Agreement)

**SETTLEMENT AGREEMENT**

**THIS SETTLEMENT AGREEMENT** (hereafter, the "Settlement Agreement") is made and entered into by and between (i) Jacqueline Calderin, the Chapter 7 trustee (the "Trustee") for the substantively consolidated bankruptcy estates (the "Estates") of Shiftpixy, Inc. ("ShiftPixy"), Shiftpixy Staffing, Inc., and Rethink Human Capital Management, Inc. (collectively, the "Debtors") and (ii) BairesDev LLC (the "Transferee" or "BairesDev") and together with the Trustee, the "Parties," and each individually as a "Party").

**RECITALS**

A. WHEREAS, on October 28, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Florida (collectively, the "Bankruptcy Cases");

B. WHEREAS, on October 30, 2024, the Bankruptcy Court entered an Order (i) Directing Joint Administration of the Debtors' Related Cases and (ii) Granting Related Relief;

C. WHEREAS, on January 31, 2025, the Bankruptcy Cases were converted to Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed as Chapter 7 trustee of the Debtors' jointly administered Estates;

D. WHEREAS, the Trustee has the authority to bring any claim or commence any adversary proceeding to avoid and recover potential preferential transfers belonging to the Estate pursuant to sections 547 and 550 of the Bankruptcy Code;

E. WHEREAS on April 6, 2026, Trustee's counsel sent a letter to the Transferee, which was subsequently amended, demanding the return of $266,577.60 in aggregate payments the Transferee received from ShiftPixy prior to the Petition Date from October 28, 2020 through October 28, 2024 (collectively, the "Transfers") on the grounds that such Transfers were



Doc ID: 73ef4c5cc5a3494979394b4365a813c4383d17da

avoidable and recoverable as alleged preferential and fraudulent transfers pursuant to Sections 544, 547, 548 and 550 of the Bankruptcy Code (the "Demand");

F. WHEREAS the Transferee disputes the Trustee's allegations, including the nature of the Transfers, and claims no liability to the Trustee or the Estate with respect to the Transfers;

G. WHEREAS the Trustee and the Transferee have agreed to settle their disputes regarding the Transfers and the Demand in order to avoid the uncertainties and expense of litigation.

NOW THEREFORE, in consideration of the foregoing facts and the terms, agreements, representations, and covenants set forth herein, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

**AGREEMENT**

1. Recitals. The foregoing recitals are true and correct and are incorporated into this Settlement Agreement by reference.

2. Approval. The Parties acknowledge and agree that this Settlement Agreement is subject to the approval of the Bankruptcy Court by means of a final order, and therefore will not be binding until such order has been entered and becomes final in accordance with the Federal Rules of Bankruptcy Procedure (the "Final Order"). Following the execution of this Settlement Agreement, the Trustee shall file a motion pursuant to Bankruptcy Rule 9019(a) within seven (7) business days, seeking Bankruptcy Court approval of the Settlement Agreement on negative notice. The Trustee shall provide a draft of the motion and proposed order to Transferee for review and comment in advance of the filing of the motion and proposed order.

3. Payment. The Transferee shall pay the Trustee in the form of a money order, wire, or cashier's check made payable to "Jacqueline Calderin, Trustee," the sum of One Hundred Sixty Thousand Dollars and 00/100 ($160,000.00) (the "Total Settlement Amount").



Doc ID: 73ef4c5cc5a3494979394b4365a813c4383d17da

The Total Settlement Amount is payable in one lump sum and must be received by the Trustee no later than fourteen (14) days after the Final Order approving this Settlement Agreement by the Bankruptcy Court. The Total Settlement Amount shall be made by wire transfer to the Trustee on behalf of the Debtors' Estates according to wire instructions provided by the Trustee or her counsel.

4. Default. If the Transferee does not timely deliver the Total Settlement Amount as set forth in Paragraph 3 above, the Trustee may immediately notify the Transferee of such default via email to the Transferee and its counsel. If the Transferee does not cure the default on or before five (5) business days after the Trustee sends such notice of default to the Transferee, the Trustee shall be entitled to the immediate entry of a default final judgment in the amount of the Transfers.

5. Mutual Release. Upon entry of the Final Order, the Transferee shall be deemed to have released and discharged the Estates, the Trustee, and the Trustee's attorneys, other professionals (in their capacities as representatives of the Trustee), employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on the Trustee's behalf or at her discretion or control, from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of or which could have arisen out of, or relating to the Bankruptcy Case or the Transfers, including the right of the Transferee to file a claim under 11 U.S.C. § 502(h). However, notwithstanding the foregoing, the Transferee does not waive its proof of claim, Claim No. 35-1, in the amount of $1,868,438.00 filed in the ShiftPixy bankruptcy case. In addition, upon entry of the Final Order and the payment of the Total Settlement Amount, the Trustee shall be deemed to have released and discharged the Transferee, and its attorneys, other professionals (in their capacities as representatives of the Transferee), employees, agents, subsidiaries, affiliates, predecessors,

successors and assigns from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of or which could have arisen from, or relating to the Transfers and the Bankruptcy Case.

6. Binding on Successors, Assigns, and Others. This Settlement Agreement and the covenants and conditions contained herein shall be jointly and severally binding on the Parties and their respective heirs, executors, administrators, conservators, plan administrators, agents, trustees, legal representatives, servants, employees, committees, beneficiaries, predecessors, successors, attorneys, insurers, transferees, and assigns. This Settlement Agreement shall not settle, release, dismiss, or be deemed an adjudication on the merits with respect to any aspect of or claims against any other parties in connection with the Transfers or otherwise, unless otherwise stated herein.

7. Attorneys' Fees and Costs. Each Party shall bear its own costs, expenses, and attorneys' fees incurred to date in connection with the Bankruptcy Case and the preparation and filing of this Settlement Agreement. However, if either Party shall be required to enforce its rights under this Settlement Agreement, the prevailing Party of any such action shall be entitled to its reasonable attorneys' fees and costs from the non-prevailing Party.

8. Tolling of Statute of Limitations.

a. Definition of Avoidance Actions. "Avoidance Actions" shall mean any and all claims and causes of action of the Debtors, the Trustee, and/or the Estates that are subject to the two-year statute of limitations under section 546(a) of the Bankruptcy Code, including, without limitation, any and all claims and causes of action which may be brought under: (a) chapter 5 of the Bankruptcy Code; (b) section 108 of the Bankruptcy Code; or (c) applicable state law.



Doc ID: 73ef4c5cc5a3494979394b4365a813c4383d17da

b. (b) *Tolling.* Any applicable statute of limitations, statute of repose, or any other defense based on the passage of time (i.e., estoppel, waiver, or laches), including, without limitation, section 546 of the Bankruptcy Code, for the commencement of any Avoidance Action by the Debtors, the Trustee, and/or the Estates against the Transferee on account of the Transfers shall be deemed tolled, suspended, and extended during the Tolling Period.

c. (c) *Tolling Period.* The "Tolling Period" begins on the date the Agreement is fully executed and ends on the earlier of:

   i. (i) the date the order approving this Agreement under Bankruptcy Rule 9019 (the "Approval Order") becomes a final order no longer subject to appeal,

   ii. the date of a Termination Event. A "Termination Event" is (A) entry of an order denying approval of this Agreement, or (B) withdrawal of the motion to approve this Agreement.

   iii. *Deadline After a Termination Event.* If a Termination Event occurs, the Trustee may commence an action on any Avoidance Action to avoid and recover the Transfers under section 544, 547, 548 and 550, within 30 days after the Termination Event.

d. (e) *Waiver of Timeliness Defenses.* Transferee will not assert in any action or proceeding that the Avoidance Claims are barred, in whole or in part, by the passage of time during the Tolling Period or during the period stated in subsection (d)(ii). Transferee retains every defense available to it as of the start of the Tolling Period.



Doc ID: 73ef4c5cc5a3494979394b4365a813c4383d17da

e. *Effectiveness; Survival.* This Section takes effect when the Parties sign this Agreement and does not depend on entry of the Approval Order. It survives any Termination Event and binds the Parties and their successors and assigns, including any successor trustee, any trustee appointed after conversion, and any plan or litigation trustee.

9. Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement. The Parties further represent that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Settlement Agreement, and each Party has had the opportunity to have the Settlement Agreement fully explained to it by its counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that it is entering into this Settlement Agreement freely and voluntarily, and not in reliance on the representations of any other Party or of counsel for any other Party.

10. Entire Understanding. This Settlement Agreement has been prepared after negotiations between the Parties and contains the entire understanding and agreement between the Parties with respect to the Transfers and any and all claims that have or could have arisen in connection with the Transfers. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, whether verbal or written, respecting such matters that are not specifically incorporated herein, shall be deemed in any way to exist or bind any Party hereto. The Parties further acknowledge that neither Party has executed this Settlement Agreement in reliance on any promise, representation, or warranty not expressly contained in this Settlement Agreement.



Doc ID: 73ef4c5cc5a3494979394b4365a813c4383d17da

11. Counterparts and Signatures. This Settlement Agreement may be executed in several counterparts, all of which shall constitute one agreement, which agreement shall be binding upon all Parties notwithstanding that all Parties' signatures do not appear on the same page. Any signature in counterpart provided via email on this Settlement Agreement shall be deemed an original signature.

12. Governing Law. This Settlement Agreement will be interpreted and construed under the laws of the State of Florida, regardless of the domicile of any Party, and will be deemed for such purposes to have been made, executed, and performed in the State of Florida.

13. Jurisdiction and Venue. The United States Bankruptcy Court for the Southern District of Florida, Miami Division, shall retain jurisdiction to enforce the terms of this Settlement Agreement, and all remedies sought hereunder. Venue relating to this Settlement Agreement shall be proper in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

14. Authority. Each of the Parties hereby represents and warrants that it has full authority and power to execute, deliver, and perform under this Settlement Agreement and consummate all of the transactions contained herein.

15. Time of the Essence. With respect to any deadline set forth in this Settlement Agreement, the Parties agree that time is of the essence.

16. Notices. All notices or information to be provided under this Settlement Agreement shall be sent via electronic mail to the following:

**If to the Trustee:** Jesse R. Cloyd, Esq.
Agentis Law
45 Almeria Avenue
Coral Gables, Florida 33134
(305) 722-2002
JRC@agentislaw.com

**If to BairesDev:** Rocco A. Cavaliere, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-1141
rcavaliere@tarterkrinsky.com

17. No Admission of Liability. Each of the Parties understands and agrees that this is a settlement and compromise of disputed claims made in order to avoid the costs and uncertainties of litigation, and that the promises made in consideration of this Settlement Agreement shall not be construed to be an admission of any liability or facts whatsoever by any Party. By executing this Settlement Agreement, the Parties expressly deny any liability or fault related to their dispute.

18. Modification. No waiver or modification of a term or condition of this Settlement Agreement shall be valid or binding unless it is in writing and executed by each of the Parties to this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have agreed to the terms set forth herein.

Signed, sealed and delivered:

**BairesDev LLC**

Date: October 27, 2026 Christian Barbier

Print Name: Christian Barbier
Title: Authorized Signatory

Date: 10/27, 2026 [signature]

By: Jacqueline Calderin, Chapter 7 Trustee

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Settlement Agreement Shiftpixy & BairesDev |
| **File name** | Settlement_Agreem...VERSION_.docx.pdf |
| **Document ID** | 73ef4c5cc5a3494979394b4365a813c4383d17da |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

## Document History

| | | |
|---|---|---|
| SENT | **10 / 27 / 2026**<br>17:51:43 UTC | Sent for signature to Christian Barbier (christian.barbier@bairesdev.com) from legal@bairesdev.com<br>IP: 157.100.87.69 |
| VIEWED | **10 / 27 / 2026**<br>18:00:48 UTC | Viewed by Christian Barbier (christian.barbier@bairesdev.com)<br>IP: 181.228.74.48 |
| SIGNED | **10 / 27 / 2026**<br>18:00:58 UTC | Signed by Christian Barbier (christian.barbier@bairesdev.com)<br>IP: 181.228.74.48 |
| COMPLETED | **10 / 27 / 2026**<br>18:00:58 UTC | The document has been completed. |

**Exhibit "B"**
(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:* Case No.: 24-21209-RAM

SHIFTPIXY, INC.,[1] Chapter 7
(Jointly Administered)

Debtors. /

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN JACQUELINE CALDERIN, TRUSTEE, AND BAIRESDEV LLC**

Jacqueline Calderin, as the Chapter 7 Trustee (the "Trustee"), of the jointly administered bankruptcy estates of ShiftPixy, Inc., ShiftPixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rules 9013-3(b), to approve the Settlement Agreement[2] entered into by and between the Trustee and BairesDev LLC (the "Transferee" and together with the Trustee, the "Parties," and each individually as a "Party") [Dkt. No. ] (the "Motion"), the movant by submitting this form of order has represented that the Motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

has filed, or served on the movant, a response to the Motion; and this form of order was attached as an exhibit to the Motion; and the Court, having reviewed the Motion, having taken judicial notice of the Court record in its entirety, finds that sufficient and proper notice of the Motion was served on creditors and parties in interest, that the Settlement Agreement is reasonable and in the best interests of creditors and the estate, and finding good cause to approve the Settlement Agreement, accordingly, the Court **ORDERS** as follows:

1. The Motion is **GRANTED**.

2. The Settlement Agreement attached to the Motion as Exhibit "A" is **APPROVED**.

3. The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement Agreement.

4. The Transferee shall wire tohe Trustee the sum of One Hundred Sixty Thousand Dollars and 00/100 ($160,000.00) (the "Total Settlement Amount"). The Total Settlement Amount is payable in one lump sum and must be received by the Trustee no later than fourteen (14) days after this Order becomes final and non-appealable..

5. The Court incorporates the terms of the Settlement Agreement into this Order and reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

# # #

**Submitted by:**
Jesse R. Cloyd
Florida Bar No.: 58388
ngh@agentislaw.com
AGENTIS PLLC
*Attorneys for Jacqueline Calderin, Chapter 7 Trustee*
45 Almeria Avenue
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com

(Copy furnished to Attorney Cloyd, who is directed to serve a copy of this Order upon all interested parties)